IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**SILVERGATE CAPITAL CORPORATION,** *et al*.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. _____ (\_\_)<br><br>**(Joint Administration Requested)** |

**DEBTORS' MOTION FOR ENTRY OF ORDER
(I) AUTHORIZING THE DEBTORS TO (A) REDACT PERSONALLY
IDENTIFIABLE INFORMATION FOR INDIVIDUALS, AND (B)
FILE A CONSOLIDATED CREDITOR MATRIX, (II) WAIVING
REQUIREMENT TO FILE A LIST OF EQUITY SECURITY HOLDERS,
AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), respectfully state as follows in support of this motion (this "Motion"):

**RELIEF REQUESTED**

1. By this Motion, the Debtors request entry of an order, substantially in the forms attached hereto as **Exhibit A** (the "Proposed Order") (i) authorizing the Debtors to (a) redact or suppress certain personally identifiable information of individuals in their consolidated Creditor Matrix (as defined below) and other papers filed or to be filed with the Court, and (b) file a consolidated Creditor Matrix in lieu of submitting a separate mailing matrix for each Debtor, (ii) waiving the requirement to file a list of equity security holders, as set forth in Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") as to Debtor Silvergate Capital Corporation, and (iii) granting related relief.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474). The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

## JURISDICTION AND VENUE

2. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). The Debtors consent under 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment in connection herewith consistent with Article III of the United States Constitution. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested by this Motion are sections 105(a) and 107(c) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 1007, 2002, and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1007-1, 1007-2, 2002-1 and 9018-1.

## BACKGROUND

4. On September 17, 2024 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors have filed a separate procedural motion requesting that the Chapter 11 Cases be jointly administered.

5. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no committees have been appointed or designated.

6. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business, operations, capital structure, financial condition and the reasons for and objectives of these Chapter 11 Cases is set forth in the *Declaration of Elaine Hetrick in Support of First Day Motions and Related Relief* (the "First Day Declaration")[2], filed contemporaneously herewith and fully incorporated herein by reference.

## BASIS FOR RELIEF REQUESTED

**I.  Cause Exists to Authorize the Debtors to File a Consolidated List of Creditors in Lieu of Filing a Separate Mailing Matrix for Each Debtor.**

7. Bankruptcy Rule 1007(a) requires a debtor to file with its voluntary chapter 11 petition a list containing the name and complete address of each creditor (the "Creditor Matrix"). Local Rule 2002-1(f)(v) requires each debtor, or its duly retained agent in jointly administered cases, to maintain a separate Creditor Matrix. Bankr. Del. L.R. 2002-1(f)(v). Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interests of justice" and Local Rule 1007-2(a) allows multiple debtors in a case where a claims and noticing agent is required to file a consolidated list of creditors. Bankr. Del. L.R. 1001-1(c) and 1007-2(a).

8. Courts in this district have granted relief similar to the relief requested herein. *See, e.g., In re Express, Inc.*, No. 24-10831 (KBO) (Bankr. D. Del. June 6, 2024) (authorizing the filing and maintenance of a consolidated list of creditors in lieu of separate mailing matrices); *In re Appgate, Inc.*, No. 24-10956 (CTG) (Bankr. D. Del. May 28, 2024) (same); *In re Sientra, Inc.*, No. 24-10245 (JTD) (Bankr. D. Del. Apr. 10, 2024) (same).

9. The Debtors have more than two hundred creditors or parties in interest and are therefore required to retain a claims and noticing agent pursuant to Local Rule 2002-1(f).

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

Contemporaneously herewith, the Debtors have filed an application seeking the appointment of Stretto, Inc. as their claims and noticing agent pursuant to 28 U.S.C. § 156(c). Accordingly, the Debtors respectfully submit that permitting the Debtors to maintain a single consolidated Creditor Matrix in lieu of maintaining a separate Creditor Matrix for each Debtor is warranted.

**II.    Cause Exists to Authorize the Redaction of Individuals' Personally Identifying Information.**

10.    Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:]. . . [a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).

11.    The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact the home addresses or email addresses of individuals from their consolidated Creditor Matrix, the Debtors' list of equity security holders (the "Equity Holders List"), the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), affidavits or certificates of service, and any paper filed or to be filed with the Court in these Chapter 11 Cases because such information could be used, among other things, to perpetrate identity theft or to locate survivors of domestic violence, harassment, or stalking. This risk is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[3]

---

[3]    The incident, which took place during the *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [Docket No. 4].

The Debtors propose to provide (if requested), on a confidential basis, an unredacted version of the Creditor Matrix and any other applicable filings to the Debtors' claims and noticing agent, the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>"), any official committee of unsecured creditors appointed in these Chapter 11 Cases, any subsequently appointed trustee, the Court, and any party in interest upon reasonable request. In addition, any party in interest that is not provided with an unredacted version of the applicable document upon request may file a motion with the Court to obtain such documents.

12. For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), the home addresses and email addresses in respect of individuals who are listed on the consolidated Creditor Matrix, the Equity Holders List the Schedules, affidavits or certificates of service, or any other document filed with the Court. Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals who, unbeknownst to the Debtors, are survivors of domestic violence or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

### III. The Requirement to File a List of All Equity Security Holders of Silvergate Capital Corporation Should Be Waived and Notice Thereto Should be Modified.

13. Bankruptcy Rule 1007(a)(3) requires a debtor to file, within 14 days after the petition date, a list of the debtor's equity security holders. Bankruptcy Rule 2002(d), in turn, requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case (the "<u>Notice of Commencement</u>") and the confirmation hearing. Bankruptcy courts have authority to modify or waive the requirements under both rules. Fed R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . ."); Fed. R. Bankr. P. 2002(d) ("[U]nless the court orders

otherwise, the clerk . . . shall in the manner and form directed by the court . . . give notice to all equity security holders . . . ."); see also 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

14. The Debtors submit that the requirements to file a list of, and providing the Notice of Commencement directly to, all equity security holders should be modified as to Debtor entity Silvergate Capital Corporation ("SCC") in these Chapter 11 Cases. As an initial matter, SCC was publicly traded on the New York Stock Exchange until May 11, 2023, and had issued more than 31,700,000 outstanding shares of common stock and 200,000 shares of 5.375% Fixed Rate Non-Cumulative Perpetual Preferred Stock, Series A (the "Preferred Stock") as of May 1, 2024. Moreover, as a company whose securities were previously traded publicly, SCC did not, and still does not, maintain a list of all of its equity security holders. As such, SCC must obtain the names and addresses of its shareholders from a securities agent. Preparing a list of all SCC's equity security holders with the last known addresses for each such holder would be expensive, time consuming and impracticable under the circumstances.

15. Instead, SCC proposes to provide such notice on its equity security holders by: (i) publishing the Notice of Commencement on the Debtors' case website located at *https://cases.stretto.com/Silvergate*; (ii) serving by first class mail, the Notice of Commencement on all known registered holders of SCC's common stock ("SCC Stock") and Preferred Stock as soon as practicable after the entry of the Proposed Order; and (iii) serve by first class mail all notices in these Chapter 11 Cases required under Bankruptcy Rule 2002(d) on all known registered

holders of SCC Stock and Preferred Stock. Further, to the extent equity security holders of SCC are entitled to vote on a chapter 11 plan, the Debtors intend to provide them notice of the bar date and the opportunity to assert their interests, as set forth in any orders governing the provision of such notices. The Debtors submit that these efforts provide adequate notice to SCC's equity security holders.

16. Accordingly, the Debtors respectfully submit that ample cause exists for the Court to waive the requirement under Bankruptcy Rule 1007(a)(3) to file lists of equity holders.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)(iv)

17. To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtors, the documents that the Debtors are requesting to seal pursuant to the relief requested in this Motion do not contain information subject to Confidentiality Rights of another Holder of Confidentiality Rights (each, as defined in Local Rule 9018-1(d)(iii)).

## NOTICE

18. No creditors' committee, trustee or examiner has been appointed in these Chapter 11 Cases. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the United States Department of Justice; (d) the United States Attorney for the District of Delaware; (e) the California Department of Financial Protection and Innovation; (f) the Federal Deposit Insurance Corporation; (g) the Federal Reserve Board of Governors; (h) the parties identified on the Debtors' list of 20 largest unsecured creditors; and (i) if not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within forty-eight (48) hours of the entry of an order with respect to this Motion, the Debtors will serve copies of this Motion and any order entered with respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## **NO PRIOR REQUEST**

19.    No prior request for the relief sought herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other and further relief as is appropriate under the circumstances.

Dated: September 18, 2024
      Wilmington, Delaware

/s/ Emily R. Mathews
**RICHARDS, LAYTON & FINGER, P.A.**
Paul N. Heath (No. 3704)
Michael J. Merchant (No. 3854)
David T. Queroli (No. 6318)
Emily R. Mathews (No. 6866)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: heath@rlf.com
      merchant@rlf.com
      queroli@rlf.com
      mathews@rlf.com

- and -

**CRAVATH, SWAINE & MOORE LLP**
George E. Zobitz (*pro hac vice* pending)
Paul H. Zumbro (*pro hac vice* pending)
Alexander Gerten (*pro hac vice* pending)
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Email: jzobitz@cravath.com
      pzumbro@cravath.com
      agerten@cravath.com

*Proposed Attorneys for the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SILVERGATE CAPITAL CORPORATION,** *et al.*[1] | **Case No. _____ (\_\_)** |
| | **Re: Docket No. \_\_\_\_** |
| **Debtors.** | **(Jointly Administered)** |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) REDACT PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUALS, AND (B) FILE A CONSOLIDATED CREDITOR MATRIX, (II) WAIVING REQUIREMENT TO FILE A LIST OF EQUITY SECURITY HOLDERS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for an order (this "Order") pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, Bankruptcy Rules 1007, 2002 and 9018 and Local Rules 1007-1, 1007-2 2002-1 and 9018-1, (i) authorizing the Debtors to (a) redact or suppress certain personally identifiable information of individuals in their consolidated Creditor Matrix and other papers filed or to be filed with the Court, and (b) file a consolidated Creditor Matrix in lieu of submitting a separate mailing matrix for each Debtor, (ii) waiving the requirement to file a list of equity security holders, as set forth in Bankruptcy Rule 1007(a)(3) as to Debtor Silvergate Capital Corporation, and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474). The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary, except as set forth in the Motion with respect to entry of this Order; and upon the record herein; and after due deliberation thereon; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED on a final basis, as set forth herein.

2. The requirements of Local Rule 1007-2(a) and Local Rule 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are waived, and the Debtors are authorized to file a consolidated Creditor Matrix; provided that if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, each applicable Debtor shall file its own separate mailing matrix and provide the same to the Clerk of the Court's office within fourteen days of any such conversion.

3. The Debtors are authorized to redact the home addresses and email addresses of natural persons from the Creditor Matrix, the Equity Holders List, the Schedules, affidavits or certificates of service and any other paper filed or to be filed by the Debtors with the Court in these Chapter 11 Cases; provided that the Debtors shall file unredacted forms of the Creditor Matrix, the Equity Holders List, the Schedules with the Court under seal. The Debtors shall provide (if

requested) an unredacted version of the consolidated Creditor Matrix and any other applicable document to the Debtors' claims and noticing agent, the U.S. Trustee, any official committee of unsecured creditors appointed in these Chapter 11 Cases, any subsequently appointed trustee, the Court, and any party in interest upon reasonable request.  Any party in interest that is not provided with an unredacted version of the applicable document upon request may file a motion with the Court to obtain such document.  Each party receiving an unredacted copy of the consolidated Creditor Matrix or other applicable document disclosing personally identifiable information shall keep such information confidential unless otherwise required to be disclosed by law or court order.

4. When serving any notice in these cases on individuals whose personally identifiable information is redacted pursuant to this Order, the Debtors' claims and noticing agent and, where applicable, the Clerk of the Court and any other party in interest, shall use such individual's home address.

5. The requirement under Bankruptcy Rule 1007(a)(3) to file a list of all equity security holders of SCC is waived.

6. The requirement under Bankruptcy Rule 2002(d) to provide the Notice of Commencement to all of the equity security holders of SCC Stock is hereby modified such that the Debtors shall (i) publish the Notice of Commencement on the Debtors' case website located at *https://cases.stretto.com/Silvergate*; (ii) serve by first class mail, the Notice of Commencement on all known registered holders of SCC Stock and Preferred Stock as soon as practicable after the entry of the Proposed Order; and (iii) serve by first class mail all notices in these Chapter 11 Cases required under Bankruptcy Rule 2002(d) on all known registered holders of SCC Stock and Preferred Stock. All registered holders of SCC Stock and Preferred Stock, as applicable, served with the Notice of Commencement and any other notices in these Chapter 11 Cases shall be

required to serve such Notice of Commencement or other notice, as applicable, on any holder for whose benefit such stock is registered down the chain of ownership for all such holders of SCC Stock and Preferred Stock.

7. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

8. The terms and conditions of this Order are immediately effective and enforceable.

9. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.