**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:**<br><br>**SILVERGATE CAPITAL CORPORATION, *et al.*[1]**<br><br>**Debtors.** | **Chapter 11**<br><br>**Case No. _______ (__)**<br><br>**(Joint Administration Requested)** |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), respectfully state as follows in support of this motion (this "Motion"):

**RELIEF REQUESTED**

1. The Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "Interim Order") and **Exhibit B** (the "Final Order"), (i) authorizing the Debtors to negotiate, remit, and pay (or use applicable credits or overpayments to offset) certain accrued and outstanding prepetition obligations accrued in the ordinary course of business on account of the Taxes and Fees (as defined herein), including those obligations subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date; (ii) authorizing the Debtors to continue paying the Taxes and Fees accrued in the ordinary course

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474). The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

of business on a postpetition basis; and (iii) granting related relief. In addition, the Debtor requests that this Court schedule a final hearing to consider approval of this Motion on a final basis.

## JURISDICTION AND VENUE

2. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). The Debtors consent under 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment in connection herewith consistent with Article III of the United States Constitution. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested by this Motion are sections 105(a), 363(b), 507(a)(8) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### I. Overview

4. On September 17, 2024 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors have filed a separate procedural motion requesting that the Chapter 11 Cases be jointly administered.

5. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No request for

the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no committees have been appointed or designated.

6. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' businesses, operations, capital structure, financial condition and the reasons for and objectives of these Chapter 11 Cases is set forth in the *Declaration of Elaine Hetrick in Support of First Day Motions and Related Relief* (the "First Day Declaration")[2], filed contemporaneously herewith and fully incorporated herein by reference.

**THE DEBTORS' TAX AND FEE OBLIGATIONS**

**I. Overview of the Debtors' Tax and Fee Obligations**

7. In the ordinary course of business, the Debtors collect, incur, remit, withhold, and/or pay income taxes, franchise taxes, other taxes, fees, fines, penalties, assessments and similar charges (collectively, the "Taxes and Fees"). The Debtors remit and/or pays the Taxes and Fees to the federal government and various state governments including taxing and licensing authorities (collectively, the "Authorities") on a monthly, quarterly, or annual basis depending on the nature and incurrence of a particular Tax or Fee. A schedule identifying the Authorities is attached hereto as **Exhibit C**.[3] Taxes and Fees are remitted and paid by the Debtors through electronic transfers that are processed through Partners Bank Account x4415. The FDIC quarterly assessment fees are processed through the Partners Bank Account x4423. From time to time, the Debtors also receive tax credits for overpayments or refunds in respect of Taxes and Fees. The Debtors use

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

[3] Although **Exhibit C** is intended to be comprehensive, the Debtor may have inadvertently omitted one or more Authorities. By this Motion, the Debtor requests relief applicable to all Authorities, regardless of whether such Authority is specifically identified on **Exhibit C**.

these credits in the ordinary course of business to offset against future Taxes and Fees or have such amounts refunded to the Debtors.

8. Spring Valley Lots, LLC's and Silvergate Liquidation Corporation's taxes have historically been processed through Silvergate Capital Corporation and are then recovered by the applicable Debtors through intercompany transactions.[4]

9. The Debtors estimate that approximately $40,000 in Taxes and Fees relating to the prepetition period are or will become due and owing to the Authorities after the Petition Date in the ordinary course, in connection with audits, or in connection with resolutions or statutory "amnesty" provisions. The Debtors estimate $40,000 in Taxes and Fees relating to the prepetition period are or will become due and owing to the Authorities within the first 21 days of this Chapter 11 Case.[5] These fees are for SLC's final FDIC insurance payment. Out of an abundance of caution, the Debtors seek authority, but not direction, to pay any amounts that come due.[6]

---

[4] By this motion, the Debtor does not seek the authority to continue to engage in ordinary-course intercompany transactions postpetition. Such relief is instead requested in the Debtor's Motion for Entry of Interim and Final Orders (i) authorizing the debtors to (a) continue to operate their cash management system, (b) extending the time to comply with section 345(b), (c) honor certain prepetition obligations related thereto, (d) maintain existing business forms and (e) continue certain intercompany transactions; (ii) granting related relief.

[5] Contemporaneously with the filing of this Motion, the Debtor has filed certain other "first day" motions seeking authority to satisfy certain prepetition claims. As used herein, "Taxes and Fees" does not include any of the obligations the Debtor seeks to pay under a separate motion. Noting contained herein is intended or should be construed as an admission to the validity of any claim against the Debtor or a waiver of the Debtor's rights to dispute any asserted claim.

[6] This estimate does not include any potential prepetition tax liability that may later come due as the result (or conclusion) of any pending or future audits. For the avoidance of doubt, the Debtor seeks authority, but not direction, to pay any amounts that later come due as the result (or conclusion) of any pending or future audits in connection with its Taxes and Fees to avoid material disruptions to the Debtor's business operations.

| Category | Description | Approximate Amount Accrued as of Petition Date | Approximate Amount Due within 21 days |
|---|---|---|---|
| Franchise Taxes | The Debtor remits franchise taxes to the Authorities in various states (the "Franchise Taxes"). | $0 | $0 |
| Income Taxes | The Debtor remits income taxes to the Authorities in various states (the "Income Taxes"). | $0 | $0 |
| Other Taxes and Fees | The Debtor remits other taxes and regulatory fees incurred in the ordinary course of business | $40,000 | $40,000 |
| | **Total** | **$40,000** | $40,000 |

## II. Key Tax Considerations

10. The Debtors believe that failing to pay the Taxes and Fees could materially disrupt the Debtors' business operations in several ways, including that: (i) the Authorities may initiate audits, suspend operations, file liens, seek to lift the automatic stay, and pursue other remedies that would harm the estate, which would unnecessarily divert the Debtors' attention from the reorganization process; (ii) failing to pay Taxes and Fees could subject certain of the Debtors' directors and officers to claims of personal liability, which would distract those key employees from their duties related to the Debtors' restructuring; (iii) failing to pay certain of the Taxes and Fees likely could cause the Debtors to lose its ability to conduct business in certain jurisdictions; and (iv) unpaid Taxes and Fees may result in penalties, the accrual of interest, or both, any of which could negatively impact the Debtors' reorganization process.

## BASIS FOR RELIEF

## I. Payment of the Taxes and Fees as Provided Herein Is a Sound Exercise of the Debtor's Business Judgment

11. Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under section 363(b) of the Bankruptcy Code,

courts require only that the debtor "show that a sound business purpose" justifies the proposed use of property. *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070–71 (2d Cir. 1983) (requiring a "good business reason" to approve a sale pursuant to section 363(b*)); In re W.A. Mallory Co.*, 214 B.R. 834, 836 (Bankr. E.D. Va. 1997) ("This Court follows the 'sound business purpose' test when examining § 363(b) sales.") (citing *In re WBQ P'ship*, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995)). Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule on the merits is a near-Herculean task."). Thus, if a transaction satisfies the business judgment rule, it should be approved under section 363(b) of the Bankruptcy Code.

12. In addition, courts may authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code, which codifies this Court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Under section 105(a) of the Bankruptcy Code, courts may authorize preplan payments of prepetition obligations when essential to the continued operation of a debtor's business. *See In re Lehigh & New Eng. Ry.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims if such payment is essential to continued operation); *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999) (holding that section 105(a) of the Bankruptcy Code "provides a statutory basis for payment of pre-petition claims" under the doctrine of necessity); *see also In re United Am., Inc.*, 327 B.R. 776, 781 (Bankr. E.D.

Va. 2005) (acknowledging the doctrine of necessity is "a necessary deviation because otherwise there will be no reorganization and no creditor will have an opportunity to recoup any part of its pre-petition claim"); *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("Under [section 105(a)] the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor.").

13. Several courts apply the doctrine of necessity where payment of a prepetition claim (a) is "necessary for the successful reorganization of the debtor," (b) falls within "the sound business judgment of the debtor," and (c) will not "prejudice other unsecured creditors." *In re United Am. Inc.*, 327 B.R. 776, 782 (Bankr. E.D. Va. 2005); *see also Ionosphere Clubs*, 98 B.R., 174, 176 (Bankr. S.D.N.Y. 1989); see also *In re Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) ("[P]ayment by a debtor-in-possession of pre-petition claims outside of a confirmed plan of reorganization is generally prohibited by the Bankruptcy Code," but "[a] general practice has developed . . . where bankruptcy courts permit the payment of certain pre-petition claims, pursuant to 11 U.S.C. § 105, where the debtor will be unable to reorganize without such payment."); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) (approving payment of prepetition unsecured claims of toolmakers as "necessary to avert a serious threat to the Chapter 11 process"); *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 285–86 (S.D.N.Y. 1987) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits).

14. Implicit in the fiduciary duties of any debtor in possession is the obligation to "protect and preserve the estate, including an operating business's going concern value." *See CoServ*, 273 B.R. at 497. Some courts note that there are instances in which a debtor can fulfill this fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." *Id.* The

court in *CoServ* specifically noted the pre-plan satisfaction of prepetition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate . . . ." *Id.* The court provided a three-pronged test for determining whether a preplan payment on account of a prepetition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

15. These standards are satisfied here. The Debtors' ability to pay the Taxes and Fees is critical to their continued and uninterrupted operations and maintaining the efficient and value-maximizing administration of the Debtors' estate. If certain Taxes and Fees remain unpaid, certain Authorities may seek to impose penalties on, or recover such amounts directly from, the Debtors' directors, officers, and/or employees, thereby distracting them from the administration of the Debtors' Chapter 11 Case. *See, e.g.*, N.Y. Tax Law § 1133 ("[E]very person required to collect any tax imposed by this article shall be personally liable for the tax imposed, collected or required to be collected under this article."); *In re Am. Motor Club, Inc.*, 139 B.R. 578, 581–83 (Bankr. E.D.N.Y. 1992) (stating "[i]f the employer fails to pay over the trust fund taxes, the IRS may collect an equivalent amount directly from officers or employees of the employer who are responsible for collecting the tax" and finding a director personally liable for unpaid taxes (citing *United States v. Energy Res. Co.*, 495 U.S. 545, 547 (1990))). Any collection action on account of such penalties, and any ensuing liability, would distract the Debtors and its personnel to the detriment of all parties in interest. The dedicated and active participation of the Debtors' officers and employees is essential to the Debtors' orderly administration of these Chapter 11 Cases and

maximizing the value of the Debtors' estate for the benefit of their stakeholders. Finally, with respect to each Taxing Authority, the Debtors have examined other options in place of payment of Taxes and Fees to the applicable Taxing Authorities and have determined that, to avoid significant disruption of the Debtors' business operations, there exists no practical or legal alternative to payment of the Taxes and Fees.

16. Furthermore, the Debtors' inability to timely pay the Taxes and Fees may ultimately result in increased tax liability for the Debtors if interest and penalties accrue on account of such Taxes and Fees. Many of the Taxes and Fees may be entitled to priority claims, pursuant to section 507(a)(8)(C) of the Bankruptcy Code, which must be paid in full in cash before any general unsecured obligations may be satisfied. Thus, the Debtors' failure to pay the prepetition Taxes and Fees as they come due may ultimately increase the amount of priority claims held by the Authorities against the Debtors' estate to the detriment of the Debtors' general unsecured creditors and other stakeholders. *See* 11 U.S.C. § 507(a)(8)(C), (G). Accordingly, this Court should grant the Debtors authority to pay, in their sole discretion, the prepetition Taxes and Fees as provided herein.

17. Bankruptcy courts in this jurisdiction have authorized payment of prepetition taxes under section 363(b) of the Bankruptcy Code. Courts in this district routinely approve relief similar to that requested herein. *See, e.g.*, *In re ICON Aircraft, Inc.*, Case No 24-10703 (CTG) (Bankr. D. Del. May 6, 2024) (authorizing payment of prepetition taxes and fees in the ordinary course of business); *In re Winc, Inc.*, No. 22-11238 (LSS) (Bankr. D. Del. Jan. 4, 2023) (same); *In re Clover Technologies Group, LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 21, 2020) (same).

## II. <u>Processing of Electronic Fund Transfers Should Be Authorized</u>

18. The Debtor expects to have sufficient funds to pay the amounts described in this Motion in the ordinary course of business. In addition, under the Debtor's existing cash

management system, the Debtor can readily identify wire and ACH transfer requests as relating to an authorized payment in respect of the relief requested herein. Accordingly, the Debtor believes there is minimal risk that ACH or wire transfer requests that this Court has not authorized will be inadvertently made. Therefore, the Debtor respectfully requests that this Court authorize and direct all applicable financial institutions, when requested by the Debtor, to receive, process, honor, and pay any and all ACH or wire transfer requests in respect of the relief requested in this Motion.

**THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED**

19. Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these Chapter 11 Cases would severely disrupt the Debtors' operations at this critical juncture and imperil the debtor's restructuring. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

**WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)**

20. To implement the foregoing, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h).

**RESERVATION OF RIGHTS**

21. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of

any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estate; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## NOTICE

22. No creditors' committee, trustee or examiner has been appointed in these Chapter 11 Cases. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the United States Department of Justice; (d) the United States Attorney for the District of Delaware; (e) the California Department of Financial Protection and Innovation; (f) the Federal Deposit Insurance Corporation; (g) the Federal Reserve Board of Governors; (h) the parties identified on the Debtors' list of 20 largest unsecured creditors; (i) counsel for the Ad Hoc Preferred Stockholder Group; and (j) if not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within forty-eight (48) hours

of the entry of an order with respect to this Motion, the Debtors will serve copies of this Motion and any order entered with respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

23. No prior request for the relief sought herein has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Interim Order and the Proposed Final Order and grant such other and further relief as is appropriate under the circumstances.

Dated: September 18, 2024
Wilmington, Delaware

*/s/ Paul N. Heath*

**RICHARDS, LAYTON & FINGER, P.A.**
Paul N. Heath (No. 3704)
Michael J. Merchant (No. 3854)
David T. Queroli (No. 6318)
Emily R. Mathews (No. 6866)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: heath@rlf.com
merchant@rlf.com
queroli@rlf.com
mathews@rlf.com

- and -

**CRAVATH, SWAINE & MOORE LLP**
George E. Zobitz (*pro hac vice* pending)
Paul H. Zumbro (*pro hac vice* pending)
Alexander Gerten (*pro hac vice* pending)
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Email: jzobitz@cravath.com
pzumbro@cravath.com
agerten@cravath.com

*Proposed Attorneys for the*
*Debtors and Debtors in Possession*

# **EXHIBIT A**

## **Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:**<br><br>**SILVERGATE CAPITAL CORPORATION, *et al.***[1]<br><br>**Debtors.** | **Chapter 11**<br><br>**Case No. _______ (__)**<br><br>**Re: Docket No. ____**<br><br>**(Jointly Administered)** |

**INTERIM ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") [2] of the Debtors for entry of an interim order (this "Interim Order") (i) authorizing the Debtors to negotiate, remit, and pay (or use applicable credits or overpayments to offset) certain accrued and outstanding prepetition obligations accrued in the ordinary course of business on account of the Taxes and Fees, including those obligations subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date; (ii) authorizing the Debtors to continue paying the Taxes and Fees accrued in the ordinary course of business on a postpetition basis; and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474). The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary, except as set forth in the Motion with respect to entry of this Interim Order; and upon the record herein; and after due deliberation thereon; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on _________, 2024, at__:__ _.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed, with an e-mail copy to this Court's chambers, on or before 4:00 p.m., prevailing Eastern Time, on _________, 2024, in a manner consistent with the Case Management Procedures. Any objections or responses to entry of a final order on the Motion shall be filed with the Court and served on: (a) the Debtors, 4225 Executive Square, Suite 600, La Jolla, CA 92037; (b) proposed counsel for the Debtors, (i) Cravath, Swaine and Moore, 375 Ninth Avenue, New York, NY 10001, Attn: Paul Zumbro (pzumbro@cravath.com), Jed Zobitz (jzobitz@cravath.com) and Alexander Gerten (agerten@cravath.com), (ii) Richards, Layton & Finger, One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Paul N. Heath (heath@rlf.com), Michael J. Merchant (merchant@rlf.com) and David T. Queroli (queroli@rlf.com), (iii) the Office of the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn:

Benjamin Hackman (benjamin.a.hackman@usdoj.gov), (iv) counsel to the Ad Hoc Preferred Stockholder Group, Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attn: Andrew Leblanc and Lauren Doyle (aleblanc@milbank.com; ldoyle@milbank.com), (v) local counsel to the Ad Hoc Preferred Stockholder Group, Potter Anderson & Corroon LLP, 1313 N Market Street, 6th Floor, Wilmington, DE 19801, Attn: L. Katherine Good (kgood@potteranderson.com) and Christopher M. Samis (csamis@potteranderson.com), and (vi) counsel to any official committee appointed in these Chapter 11 Cases, (collectively, the "Notice Parties").

3. The Debtors are authorized, but not directed, after good-faith consultation with the Ad Hoc Preferred Stockholder Group, to: (a) negotiate, pay or remit (or use applicable credits or overpayments to offset) the obligations that arose or accrued in the ordinary course of business on account of the Taxes and Fees prior to the Petition Date and that will become due and owing (including, for the avoidance of doubt, as a result of the resolution of any Audit) prior to entry of the Final Order, in an amount not to exceed $40,000.00 without further order of the Court, and (b) negotiate, pay or remit Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis (including, for the avoidance of doubt, as a result of the resolution of any Audit). Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

4. To the extent that the Debtors have overpaid any Taxes or Fees, the Debtors are authorized to seek a refund or credit.

5. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing, and the Debtors are only authorized under this Interim Order to pay amounts that are due and owing prior to the date of the Final Hearing.

6. Nothing in this Interim Order shall be construed as authorizing the Debtors to pay any amounts on account of past-due taxes.

7. The Debtors are authorized to pay any amounts that later come due as the result (or conclusion) of any pending or future audits in connection with their Taxes and Fees in the ordinary course of business.

8. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

9. The banks and financial institutions on which electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular electronic payment request as approved by this Interim Order without any duty of further inquiry and without

liability for following the Debtors' instructions.

10. The Debtors are authorized to effect postpetition fund transfer requests, in replacement of any fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with any Taxes and Fees.

11. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. Notwithstanding anything to the contrary, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**EXHIBIT B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:**<br><br>**SILVERGATE CAPITAL CORPORATION, *et al.*[1]**<br><br>**Debtors.** | **Chapter 11**<br><br>**Case No. _______ (__)**<br><br>**Re: Docket No. ____**<br><br>**(Jointly Administered)** |

**FINAL ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") [2] of the Debtors for entry of an final order (this "Final Order") (i) authorizing the Debtors to negotiate, remit, and pay (or use applicable credits or overpayments to offset) certain accrued and outstanding prepetition obligations accrued in the ordinary course of business on account of the Taxes and Fees, including those obligations subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date; (ii) authorizing the Debtor to continue paying the Taxes and Fees accrued in the ordinary course of business on a postpetition basis; and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474). The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary, except as set forth in the Motion with respect to entry of this Final Order; and upon the record herein; and after due deliberation thereon; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, after good-faith consultation with the Ad Hoc Preferred Stockholder Group, to: (a) negotiate, pay or remit (or use applicable credits or overpayments to offset) the obligations that arose or accrued in the ordinary course of business on account of the Taxes and Fees prior to the Petition Date and that will become due and owing (including, for the avoidance of doubt, as a result of the resolution of any Audit) prior to entry of the Final Order and (b) negotiate, pay or remit Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis (including, for the avoidance of doubt, as a result of the resolution of any Audit). Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

3. To the extent that the Debtors have overpaid any Taxes or Fees, the Debtors are authorized to seek a refund or credit.

4. The Debtors are authorized to pay any amounts that later come due as the result (or

conclusion) of any pending or future audits in connection with their Taxes and Fees in the ordinary course of business.

5. Nothing in this Final Order shall be construed as authorizing the Debtors to pay any amounts on account of past-due taxes.

6. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

7. The banks and financial institutions on which electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

8. The Debtors are authorized to effect postpetition fund transfer requests, in replacement of any fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with any Taxes and Fees.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. Notwithstanding anything to the contrary, the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

# **EXHIBIT C**

## **List of Authorities**

**List of Authorities**

| Authority | Address | Type |
|---|---|---|
| Alabama Department of Revenue | Business Privilege Tax Section, P.O. Box 327320, Montgomery, AL 36132-7320 | Business Privilege Tax |
| Alabama Department of Revenue | Financial Institution Excise Unit, P.O. Box 327439, Montgomery, AL 36132-7439 | Financial Institution Excise Tax |
| Arizona Department of Revenue | 1600 West Monroe Street, , Phoenix, AZ 85007 | Income Tax |
| Arkansas Corporation Income Tax | P.O. Box 919, Little Rock, AR 72203-0919 | Income Tax |
| California Department of Revenue | PO Box 1468, Sacramento, CA 65812 | Franchise or Income Tax |
| California Franchise Tax Board | P.O. Box 942867, Sacramento, CA 94267-0001 | Franchise Tax |
| City of San Diego | Office of the City Treasurer, 200 Third Ave., Suite 100, San Diego, CA 92101 | Business Tax |
| Colorado Department of Revenue | P.O. Box 17087, Denver, CO 80217-0087 | Income Tax |
| Comptroller of Maryland | Revenue Administration Division, 110 Carroll Street, Annapolis, MD 21411-0001 | Income Tax |
| D.C. Treasurer | Office of Tax and Revenue, PO Box 96019, Washington, DC 20090 | Franchise Tax |
| Delaware Division of Revenue | P.O. Box 2044, Wilmington, DE 19899-2044 | Income Tax |
| Department of the Treasury | Internal Revenue Service Center, Ogden, UT 84201 | Income Tax |
| Federal Deposit Insurance Corporation | 3501 North Fairfax Drive, Building E, 5th floor, Arlington, VA 22226 | Quarterly Assessment |
| Florida Department of Revenue | 5050 W. Tennessee Street, Tallahassee, FL 32314-6440 | Franchise or Income Tax |
| Georgia Department of Revenue | Georgia Dept of Revenue Processing Center, PO Box 740320, Atlanta, GA 30374 | Income and Business Occupation Tax |
| Illinois Department of Revenue | P.O. Box 19041, Springfield, IL 62794-9041 | Income and Replacement Tax |
| Louisiana Department of Revenue | P.O. Box 91011, Baton Rouge, LA 70821-9011 | Franchise or Income Tax |

| | | |
|---|---|---|
| Maryland Department of Assessments and Taxation | Personal Property Division, 301 West Preston Street, Baltimore, MD 21201 | Corporation Income Tax |
| Massachusetts Department of Revenue | P.O. Box 7003, Boston, MA 02204 | Corporate Tax or Excise Tax |
| Michigan Department of Revenue | Michigan Department of Treasury Lansing, Michigan 48922 | Income Tax for Financial Institutions |
| Mississippi Department of Revenue | P.O. Box 23191, Jackson, MS 39225-3191 | Franchise or Income Tax |
| Montana Department of Revenue | 3rd Floor, Sam W. Mitchell Building, 125 North Roberts, Helena, MT 59604-5805 | Income Tax |
| New Jersey Division of Taxation | P.O. Box 248, Trenton, NJ 08646-0248 | Corporation Business Tax |
| New Mexico Taxation and Revenue Department | P.O. Box 25127, Santa Fe, NM 87504-5127 | Franchise or Income Tax |
| New York State Corporation Tax | Processing Unit, P.O. Box 1909, Albany, NY 12201-1909 | Franchise Tax or Financial Institution Excise Tax or Business Tax |
| New York Department of Taxation and Finance | W A Harriman Campus Bldg 9, Albany, NY 12227 | Corporate Tax |
| North Carolina Department of Revenue | P.O. Box 25000, Raleigh, NC 27640-0500 | Income Tax |
| NYC Department of Finance | P.O. Box 3922, New York, NY 10008-3922 | Corporations Tax |
| Office of Tax and Revenue | P.O. Box 96148, Washington, D.C. 20090-6148 | Franchise Tax |
| Oklahoma Tax Commission | P.O. Box 26800, Oklahoma City, OK 73126-0800 | Income Tax or Franchise Tax |
| Oregon Department of Revenue | 955 Center Street NE, Salem, OR 97301 | Excise Tax or Franchise Tax |
| Pennsylvania Department of Revenue | 327 Walnut St FL 3, P.O. Box 280407, Harrisburg, PA 17128-2005 | Shares Tax and Loans Tax |
| RI Division of Taxation | One Capitol Hill, Providence, RI 02908 | Banking Institutions Excise Tax |
| South Carolina Department of Revenue | Corporate Refund, P.O. Box 125, Columbia, SC 29214-0032 | Bank Tax |
| Tennessee Department of Revenue | 500 Deaderick Street, Nashville, TN 37242 | Franchise, Excise and Financial Institutions Tax |

| | | |
|---|---|---|
| Texas Comptroller of Public Accounts | P.O. Box 149348, Austin, TX 78714-9348 | Franchise Tax |
| Utah State Tax Commission | 210 North 1950 West, Salt Lake City, UT 84134-0300 | Franchise or Income Tax |
| Wisconsin Department of Revenue | P.O. Box 8920, Madison, WI 53708-8920 | Franchise or Income Tax |