# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| SILVERGATE CAPITAL CORPORATION, *et al.* | § § § | Case No. 24-12158 (KBO) |
| Debtors | § § | |

## SCHEDULES OF ASSETS AND LIABILITIES FOR SPRING VALLEY LOTS, LLC

### CASE NO. 24-12157 (KBO)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SILVERGATE CAPITAL CORPORATION,** *et al.* | **Case No. 24-12158 (KBO)** |
| Debtors.[1] | **(Joint Administered)** |

## DISCLOSURE AND ACCOUNTING GLOBAL NOTES REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On September 17, 2024 (the "Petition Date"), Silvergate Capital Corporation and its above-captioned affiliated debtors and debtors in possession (each a "Debtor," collectively, the "Debtors"), each commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered under case number 24-12158 (KBO).

The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" or "SOFAs") in accordance with section 521 of the Bankruptcy Code and rule 1007 of the Federal Rules of Bankruptcy Procedure using unaudited information available as of the Petition Date.

These *Disclosure and Accounting Global Notes Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (these "Global Notes") are incorporated by reference in, and comprise an integral part of, each of the Debtors' Schedules, sub-Schedules, Statements, sub-Statements, exhibits, and continuation sheets, and should be referred to in connection with any review of the Schedules and Statements. Disclosure of information in one Schedule, sub-Schedule, Statement, sub-Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474). The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

The Schedules and Statements have been signed by Andrew J. Surry, Chief Accounting Officer of the Debtors.  Andrew J. Surry is an authorized signatory for the Debtors.  In reviewing and signing the Schedules and Statement, Andrew J. Surry relied upon the efforts, statements, and representations of the Debtors' other personnel and advisors.  Andrew J. Surry has not, and could not have, personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

In preparing the Schedules and Statement, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation**.**  Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements.  As a result, inadvertent errors or omissions may exist.  Accordingly, the Debtors and their directors, officers, agents, attorneys, and financial advisors cannot guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements.

The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained in the Schedules and Statements. The Debtors, on behalf of themselves, their officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

For the avoidance of doubt, the Debtors and their agents, attorneys, and financial advisors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate, to amend, supplement, modify, or re-categorize the information provided in the Schedules and Statements.

1.    **Basis of Presentation**.    The Debtors historically prepared consolidating unaudited financial statements, which included all of the Debtors entities.  Unlike the consolidating financial statements, the Schedules and Statements generally reflect the assets and liabilities of each Debtor on a non-consolidated basis.  Accordingly, the amounts listed in the Schedules and Statements will likely differ, at times materially, from the consolidating financial reports prepared historically by the Debtors.

Although the Schedules and Statements may, at times, incorporate information prepared in accordance with United States generally accepted accounting principles ("GAAP"), the Schedules and Statements neither purport to represent nor reconcile to financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or otherwise.

To the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date.

Likewise, to the extent that a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

**2.      Reporting Date.**  Each Debtor operates on a fiscal year ending on December 31 annually. All assets are reflected as of August 31, 2024, except for cash or cash equivalents and retainers which are provided as of the Petition Date.  Liability information, except where otherwise noted, is provided as of the Petition Date.

**3.      Currency.**  All amounts are reflected in U.S. dollars, which the Debtors use as their reporting currency.

**4.      Totals.**  All totals included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined values, these will not be listed in the totals.  The description of an amount as "unknown" or "undetermined" is not intended to reflect the materiality of such amount.  Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated" or "undetermined".

**5.      Asset Presentation and Valuation.**  The Debtors' assets are presented at values consistent with their books and records.  These values do not purport to represent the ultimate value that would be received in the event of a sale and may not represent economic value as determined by an appraisal or other valuation technique.  As it would be prohibitively expensive and an inefficient use of estate assets for the Debtors to obtain current economic valuations for all of their assets, unless otherwise noted, the carrying value of the Debtors' assets as reported on their books (*i.e.*, net book value), rather than their current economic value, is reflected on the Schedules and Statements. Additionally, because the net book values of certain assets may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the economic value or ownership of such asset and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

**6.      Reservations and Limitations.**  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as may be necessary or appropriate.  Nothing contained in the Schedules and Statements constitutes a waiver of the Debtors' rights or an admission of any kind with respect to the Chapter 11 Case, including, but not limited to, any claims against the Debtors, any rights or claims of the Debtors against any third party or any issues involving equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   **(a) No Admission.**  Nothing contained in the Schedules and Statements or the Global Notes is intended to be or should be construed as a waiver of the Debtors' rights to dispute any such claim or assert any cause of action or defense against any party.

(b) **Recharacterization**.  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, and other items reported in the Schedules and Statements, the Debtors nonetheless may have inadvertently improperly characterized, classified, categorized, designated or omitted certain items.  Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

(c) **Classifications.**  Listing (i) a claim on Schedule D as "secured,", (ii) a claim on Schedule E/F as "priority" or "unsecured," or (ii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

(d) **Claims Description**.  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by such Debtor that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," "disputed" or to object to the extent, validity, enforceability, priority, or avoidability of any claim.  Moreover, the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as necessary and appropriate, including but not limited to with respect to claim descriptions and designations.

(e) **Estimates and Assumptions**.  To prepare and file the Schedules and Statement, the Debtors' management made reasonable estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in such estimates or assumptions.

(f) **Causes of Action**.  Despite reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment, and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising

before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

(g) **Litigation**.  The Debtors made reasonable efforts to accurately record actions commenced against one or more Debtors in the Schedules and Statements. The inclusion of any litigation actions in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any litigation actions or the amount of any potential claim that may result from any claims with respect to any litigation actions, or the amount and treatment of any potential claim resulting from any litigation actions currently pending or that may arise in the future.

(h) **Property Rights – Generally**.  Exclusion of certain property from the Schedules and Statements shall not be construed as an admission that the Debtors' rights in such property have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.  Conversely, inclusion of certain property in the Schedules and Statements shall not be construed as an admission that the Debtors' rights in such property have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

(i) **Insiders.** In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities whom the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.

The listing or omission of an individual or entity as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Individuals or entities listed as "insiders" have been included for informational purposes only, and such information may not be used for the purposes of determining (a) control of the Debtors; (b) the extent of which any party exercised management responsibilities or functions; (c) corporate decision making authority over the Debtors; (d) whether the Debtors or any such insider could successfully argue that such party is not an "insider" under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (e) for any other purpose.

7.    **Intercompany Transactions.**  As of the Petition Date, there were no intercompany balances between the Debtors; therefore, no intercompany balances are listed in Question AB77 (Other property of any kind not already listed) or Schedule E/F.

8.    **Confidentiality and Redactions**.  In accordance with the Bankruptcy Court's *Order (I) Authorizing the Debtors to (A) Redact Personally Identifiable Information for Individuals, and (B) File a Consolidated Creditor Matrix, (II) Waiving Requirement to File a List of Equity Security Holders, and (III) Granting Related Relief* [Docket No. 41], the Debtors are authorized to redact

the home addresses and email address of the natural persons. In some cases, the addresses displayed are the respective Debtors' office address.

9.    **First Day Orders**.  The Bankruptcy Court has entered orders (each, a "<u>First Day Order</u>") authorizing the Debtors to pay, in whole or in part, various outstanding prepetition claims, including but not limited to, certain claims relating to the Debtors' employees' wages and compensation, fees, withholdings, taxes (not exceeding the $15,150 cap under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code per employee); insurance obligations; and pre-petition taxes and fees.  Given that certain of these claims have been paid or are anticipated to be paid in accordance with the First Day Orders, such claims may not be listed in the Schedules, notwithstanding that such claims existed as of the Petition Date or may otherwise be listed as "unknown" or "undetermined."

10.    **Intellectual Property Rights**.  Value associated with intellectual property internally generated or created, including enhancements to previously acquired intellectual property, are not reflected herein.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtors owner; however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

11.    **Liens**.  The inclusion on Schedule D of creditors is not an acknowledgement of the validity, extent, or priority of any liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever.  A careful review of the applicable agreements and other relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or an acknowledgment of same.

### Schedules of Assets and Liabilities

**Schedule A/B Notes**.

- **General**.  Each Debtor's assets in Schedule A/B are listed at net book value as of the August 31, 2024, except for cash or cash equivalents and retainers, which are provided as of the Petition Date, and may not necessarily reflect the market or recoverable value of these assets as of the Petition Date.

- **Schedule A/B, Part 1 – Cash and Cash Equivalents, Item 3**.  The reported bank balances are reflected as of the Petition Date.

- **Schedule A/B, Part 2 – Deposits and Prepayments, Item 8**.  The reported retainers are reflected as of the Petition Date. Retainer payments for bankruptcy professionals, special counsel and/or ordinary course professionals, if any, are disclosed, or will be disclosed, in the applicable retention papers or declarations for ordinary course professionals.

  The Debtors have fully paid their insurance policies listed in Schedule A/B 73.  Also, the Debtors have paid certain vendor contracts in advance.  These payments related to insurance policies and vendor contracts have not been included in A/B 8.

- **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture, Item 15**.  Ownership interests in subsidiaries, partnerships, joint ventures, and investments in non-publicly traded securities have been listed in Schedule A/B, Part 4 in undetermined amounts because the fair market value of such ownership is dependent on numerous variables and factors.

- **Schedule A/B, Part 7 –Office Furniture, Fixtures, and Equipment; and Collectibles, Items 38-45**.  Assets that are fully depreciated are not listed on Schedule A/B.  However, Cloud Computing Software with a NBV $0 was listed in Schedule A/B, Part 7 since this software continues to be used by the Debtors.  Also, the company continues to use computers and computer software, which is not included in Schedule A/B, with no NBV. All fixed assets are fully depreciated to NBV $0.

- **Schedule A/B, Part 10 – Intangibles and Intellectual Property, Items 59-66**.  The Debtors report intellectual property assets with an undetermined value.  Included in Schedule A/B, Part 10 is Customer Information, which maintained as required as part of a data retention requirement of the Debtors.  The Debtors have not listed or assigned any value for goodwill.

- **Schedule A/B, Part 11 – All Other Assets, Items 70-79**.  Insurance policies, covering the Debtors, have been included in Schedule A/B-73.

  In A/B 74 and 75, the Debtors made diligent efforts to list known Causes of Action against third parties, including potential claims against insurers and indemnification claims. Potential avoidance actions arising under chapter 5 of the Bankruptcy Code and certain actions under other relevant non-bankruptcy laws to recover assets were not listed.  The list therefore includes only Causes of Action known by the Debtors as of the date hereof, and excludes potential Causes of Action that may be identified in the future.  The Debtors' failure to list any Cause of Action is not an admission that such Cause of Action does not exist, and should not be construed as a waiver of such Cause of Action.  The Debtors' rights with respect to all Causes of Action against third parties are expressly reserved.

  In A/B 74.1, the Debtors Silvergate Capital Corporation and Silvergate Liquidation Corporation have submitted claims for coverage of losses under their Side A/B/C D&O policies for the policy year 2022-2023.  After satisfying the $5 million self-insured

retention under the Side A/B/C D&O policies, the Debtors received payments totaling $10 million from the first two layers of Side A/B/C D&O insurance for the 2022-2023 policy year. The Debtors have three layers of additional Side A/B/C D&O insurance coverage for the 2022-2023 policy year with an aggregate of $15 million of incremental coverage limits. The Debtors have submitted additional claims to their Side A/B/C D&O insurers and reserve all rights to seek reimbursement of historical or future losses covered by the policies.

In addition, the Debtors purchased Side A Difference-in-Conditions D&O insurance for the 2022-2023 policy year with an aggregate of $15 million coverage limits. Side A Difference-in-Conditions policies are only available to cover losses of individual insured persons if not indemnified or indemnifiable by the Debtors.

In A/B 76, Silvergate Capital Trust I and Silvergate Capital Trust II (the "Statutory Trusts") are Delaware statutory trusts wholly owned by Silvergate Capital Corporation. The Statutory Trusts were created in connection with "trust preferred securities" issued in a series of transactions as part of a pooled offering to third party investors. More information regarding the Statutory Trusts may be found in the Declaration of Elaine Hetrick in Support of the Debtors' Chapter 11 Petitions and Certain Motions [Docket No. 9].

## Schedule D Notes.

- Except as specifically stated herein, lessors of real property and equipment, utility companies, and any other parties which may hold security deposits or other security interests, have not been listed on Schedule D. The Debtors have also not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, advance payments or inchoate statutory lien rights.

- The Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. The descriptions provided in Schedule D are solely intended to be a summary and not an admission of liability. The Debtors made reasonable, good faith efforts to include all known properly perfected liens on Schedule D. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

## Schedule E/F Notes.

- The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F, based on the Debtors' books and records as of the Petition Date. Due to ordinary course delays, some amounts on Schedule E/F may not be properly reflected.

- The claims listed on Schedule E/F arose or were incurred on various dates.  In certain instances, the date on which a claim arose may be unknown or subject to dispute.  Although reasonable efforts have been made to determine the dates upon which such claims were incurred or arose, the exact fixing of each such date would be unduly burdensome and cost-prohibitive.  Consequently, the Debtors have not listed a date for all claims set forth on Schedule E/F.

- Amounts for the Debtors' trade claims set forth on Schedule E/F reflect the payables owed as of the Petition Date and are based on the Debtors' books and records as of October 2, 2024. Amounts paid under the First Day Orders have been deducted from the Petition Date trade accounts payable to the extent that such payment information was reflected in the Debtors' books and records as of October 2, 2024.  Also, the Debtors may not have received all invoices for payables, expenses, and other liabilities related to goods and/or services received prior to the Petition Date.  The Debtors reserve all rights to amend, supplement, or otherwise modify Schedule E/F, Part 2, to reflect such payments and invoices.

- All asserted or potential litigation-related claims referenced in Schedule E/F are contingent, unliquidated, and disputed, unless otherwise indicated. Any information contained in Schedule E/F with respect to potential litigation shall not be a binding admission or representation of any Debtor's liability with respect to any of the potential suits and proceedings included therein.

**Schedule G Notes**.

- In some cases, the same contract counterparty appears multiple times in a Debtors' Schedule G.  This multiple listing is generally intended to reflect distinct agreements between the applicable Debtors and such counterparty, however, it is possible that a multiple listing may be the result of duplicates.

- Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Further, in certain instances, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained. In such cases, the Debtors have made their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract.

- The Debtors have not included any Non-Disclosure Agreements in the Debtors' Schedule G.

- Although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, it is possible that inadvertent errors, omissions or over inclusion may have incurred.  In addition, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any claims held by any counterparty to such contract or lease.  The contracts, agreements, and leases listed on Schedule G also may have expired or may have been modified,

amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of diligent efforts to identify such documents.  Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors reserve all rights to amend, supplement, or otherwise modify Schedule G.

### Statement of Financial Affairs

**Statement Question 1 and 2 – Revenue**. Revenue figures for the 2024 stub period are provided as of August 31, 2024.

**Statement Question 3 – 90 Day Payments.**  Payments to insiders within the 90 days prior to the Petition Date listed in response to SOFA 4 are not also listed in response to SOFA 3.  Also, payments made to the Debtors' bankruptcy case professionals within the 90 days prior to the Petition Date that are listed in response to SOFA 11 are not listed in response to SOFA 3. Payments to Cravath, Swaine & Moore LLP in respect of non-bankruptcy services within the 90 days prior to the Petition Date are listed in response to SOFA 3.  SOFA 3 excludes payments made to employees for compensation and fees made to third-party administrators to compensate employees. Payments other than wages made to non-insider employees are shown on an aggregate basis by date.

**Statement Question 4 – Payments to Insiders.**  SOFA 4 includes only those payments made to insiders on behalf of the respective Debtor during the one year preceding the Petition Date.

Service providers Hinkamper LLC and Otium Sanctum Enterprises Inc. are respectively owned by the former Chief Audit Executive, Roy Hinkamper, and former Chief Transition Officer, Kathleen Fraher.  Payments to these entities are listed in response to SOFA 4 under the name of the applicable person.

**Statement Question 7 – Legal Actions or Assignments.**  The actions described in response to Question 7 are the responsive proceedings or pending proceedings of which the Debtors are actually aware. Any information contained in the response to Question 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement Question 26d – Financial Statements.**  As the annual reports are public record, the Debtors do not maintain records of the parties who requested or obtained copies of any of these financial filings. In addition, the Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date.

**Statement Questions 28 and 29 – Directors and Officers**.  For purposes of SOFA 28, each Debtor listed the names of all of its current officers and directors.  For purposes of SOFA 29, each Debtor listed the names of all of its former officers and directors that it employed within the one year prior to the Petition Date.

**<u>Statement Question 30 – Payments, Distributions, or Withdrawals to Insiders</u>.**  Refer to SOFA 4 for this item.

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | SPRING VALLEY LOTS, LLC |
| United States Bankruptcy Court: | THE DISTRICT OF DELAWARE |
| Case Number (if known): | 24-12157 (KBO) |

Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.
   ☐ Yes. Fill in the information below.

| General Description | Type of Account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---|---|---|---|

2. **Cash on hand**

3. **Checking, savings, money market, or financial brokerage accounts (Identify all)**

4. **Other cash equivalents (Identify all)**

5. **Total of Part 1.**
   Add lines 2 through 4. Copy the total to line 80.

# Schedule A/B: Assets - Real and Personal Property

| Part 2: | Deposits and prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**
   Description, including name of holder of deposit

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
   Description, including name of holder of prepayment

9. **Total of Part 2.**
   Add lines 7 through 8. Copy the total to line 81.

# Schedule A/B: Assets - Real and Personal Property

| Part 3: | Accounts receivable |
|---------|---------------------|

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.
☐ Yes. Fill in the information below.

| General Description | Face or requested amount | Doubtful or uncollectable | Current value of debtor's interest |
|---------------------|--------------------------|---------------------------|-------------------------------------|

11. **Accounts receivable**

12. **Total of Part 3.**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

# Schedule A/B: Assets - Real and Personal Property

**Part 4:**   **Investments**

13.  **Does the debtor own any investments?**

☑ No. Go to Part 5.
☐ Yes. Fill in the information below.

| General Description | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14.  **Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

15.  **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:

16.  **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

17.  **Total of Part 4.**
Add lines 14 through 16. Copy the total to line 83.

# Schedule A/B: Assets - Real and Personal Property

| Part 5: | Inventory, excluding agriculture assets - detail |
|---------|--------------------------------------------------|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------|-------------------------------------------------------|-----------------------------------------|-------------------------------------|

19. **Raw materials**

20. **Work in progress**

21. **Finished goods, including goods held for resale**

22. **Other Inventory or supplies**

23. **Total of Part 5.**
    Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**

☐ No.
☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No.
☐ Yes.

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

## Schedule A/B: Assets - Real and Personal Property

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops-either planted or harvested** | | | |
| 29. **Farm animals** | | | |
| 30. **Farm machinery and equipment** | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |

33. **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 84.

34. **Is the debtor a member of an agricultural cooperative?**

☐ No.
☐ Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No.
☐ Yes.

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No.
☐ Yes.

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

| Part 7: | Office furniture, fixtures, and equipment; and collectibles - detail |
|---------|---------------------------------------------------------------------|

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|--------------------------------------------------------|------------------------------------------|-------------------------------------|

39.  **Office furniture**

40.  **Office fixtures**

41.  **Office equipment, including all computer equipment and communication systems equipment and software**

42.  **Collectibles**

43.  **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 84.

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.
☐ Yes.

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 8:**    **Machinery, equipment, and vehicles**

---

46.  **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47.  **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

48.  **Watercraft, trailers, motors, and related accessories**

49.  **Aircraft and accessories**

50.  **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51.  **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 84.

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.
☐ Yes.

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

| Part 9: | Real property - detail |
|---------|------------------------|

54.  **Does the debtor own or lease any real property?**

☐ No. Go to Part 9.
☑ Yes. Fill in the information below.

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|--------------------------------------|----------------------------------------------------|-------------------------------------------------------|-----------------------------------------|------------------------------------|

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| 55.1 | OFFICE SPACE - 4225 EXECUTIVE SQUARE, SUITE 600, LA JOLLA, CA 92037 | LEASED | $0.00 | UNKNOWN | UNDETERMINED |
|------|--------------------------------------------------------------------|--------|-------|---------|--------------|

56.  **Total of Part 9.**
Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.

**UNDETERMINED**

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No.
☐ Yes.

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
|---|---|

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.  Patents, copyrights, trademarks, and trade secrets** | | | |
| **61.  Internet domain names and websites** | | | |
| 61.1  WWW.SILVERGATE.COM | UNDETERMINED | UNKNOWN | UNDETERMINED |
| **62.  Licenses, franchises, and royalties** | | | |
| **63.  Customer lists, mailing lists, or other compilations** | | | |
| **64.  Other intangibles, or intellectual property** | | | |
| **65.  Goodwill** | | | |

66. **Total of Part 10.**
    Add lines 60 through 65. Copy the total to line 89.

    | **UNDETERMINED** |
    |---|

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☑ No.
☐ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No.
☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 11:** All other assets

---

70. **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---|---|

71. **Notes receivable**

72. **Tax refunds and unused net operating losses (NOLs)**

73. **Interests in insurance policies or annuities**

| | |
|---|---|
| 73.1 ASSOCIATED INDUSTRIES INSURANCE COMPANY INC. - CYBER / DATA LIABILITY | UNDETERMINED |
| 73.2 AXIS INSURANCE COMPANY - EXCESS DIRECTORS AND OFFICERS LIABILITY -SIDE A DIC (RUN-OFF EXTENSION TO 2030) | UNDETERMINED |
| 73.3 CNA FINANCIAL CORPORATION / VALLEY FORGE INSURANCE COMPANY - AUTO | UNDETERMINED |
| 73.4 CNA FINANCIAL CORPORATION / VALLEY FORGE INSURANCE COMPANY - (PROPERTY, GENERAL LIABILITY, EMPLOYEE BENEFIT LIABILITY) | UNDETERMINED |
| 73.5 CONTINENTAL CASUALTY COMPANY - BANKERS PROFESSIONAL LIABILITY (RUN-OFF EXTENSION TO 2027) | UNDETERMINED |
| 73.6 CONTINENTAL CASUALTY COMPANY - EXCESS DIRECTORS AND OFFICERS LIABILITY (RUN-OFF EXTENSION TO 2030) | UNDETERMINED |
| 73.7 CONTINENTAL CASUALTY COMPANY - FIDUCIARY LIABILITY (RUN-OFF EXTENSION TO 2027) | UNDETERMINED |
| 73.8 CONTINENTAL CASUALTY COMPANY - FINANCIAL INSTITUTION BOND (CRIME) | UNDETERMINED |
| 73.9 ENDURANCE RISK SOLUTIONS ASSURANCE CO. - EXCESS DIRECTORS AND OFFICERS LIABILITY (RUN-OFF EXTENSION TO 2030) | UNDETERMINED |
| 73.10 FEDERAL INSURANCE COMPANY - EMPLOYED LAWYERS PROFESSIONAL LIABILITY | UNDETERMINED |
| 73.11 FREEDOM SPECIALTY INSURANCE COMPANY - EXCESS DIRECTORS AND OFFICERS LIABILITY - SIDE A DIC (RUN-OFF EXTENSION TO 2030) | UNDETERMINED |
| 73.12 HUDSON INSURANCE COMPANY - EXCESS DIRECTORS AND OFFICERS LIABILITY -SIDE A DIC (RUN-OFF EXTENSION TO 2030) | UNDETERMINED |
| 73.13 TEXAS INSURANCE COMPANY - EXCESS DIRECTORS AND OFFICERS LIABILITY (RUN-OFF EXTENSION TO 2030) | UNDETERMINED |
| 73.14 THE CONTINENTAL INSURANCE COMPANY - UMBRELLA POLICY | UNDETERMINED |
| 73.15 VANTAGE RISK SPECIALTY INSURANCE COMPANY - EXCESS DIRECTORS AND OFFICERS LIABILITY (RUN-OFF EXTENSION TO 2030) | UNDETERMINED |
| 73.16 WESTERN SURETY COMPANY - NOTARY PUBLIC ERRORS AND OMISSIONS | UNDETERMINED |
| 73.17 XL SPECIALTY INSURANCE COMPANY - DIRECTORS AND OFFICERS LIABILITY (RUN-OFF EXTENSION TO 2030) | UNDETERMINED |
| 73.18 BERKLEY LIFE & HEALTH INSURANCE COMPANY - BUSINESS TRAVEL ACCIDENT | UNDETERMINED |
| 73.19 CONTINENTAL CASUALTY COMPANY - EMPLOYMENT PRACTICES LIABILITY | UNDETERMINED |

# Schedule A/B: Assets - Real and Personal Property

**Part 11:**   **All other assets**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed Examples: Season tickets, country club membership**

78. **Total of Part 11.**
    Add lines 71 through 77. Copy the total to line 90.

    **UNDETERMINED**

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

    ☑ No.
    ☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 12:**  Summary

| Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|
| 80. Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $0.00 | | |
| 81. Deposits and prepayments. Copy line 9, Part 2. | $0.00 | | |
| 82. Accounts receivable. Copy line 12, Part 3. | $0.00 | | |
| 83. Investments. Copy line 17, Part 4. | $0.00 | | |
| 84. Inventory. Copy line 23, Part 5. | $0.00 | | |
| 85. Farming and fishing-related assets. Copy line 33, Part 6. | $0.00 | | |
| 86. Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $0.00 | | |
| 87. Machinery, equipment, and vehicles. Copy line 51, Part 8. | $0.00 | | |
| 88. Real property. Copy line 56, Part 9. | | $0.00 | |
| 89. Intangibles and intellectual property. Copy line 66, Part 10. | **UNDETERMINED** | | |
| 90. All other assets. Copy line 78, Part 11. | **UNDETERMINED** | | |
| 91. Total. Add lines 80 through 90 for each column. | $0.00 <br> **+ UNDETERMINED** | $0.00 <br> **+ UNDETERMINED** | |

92. **Total of all property on Schedule A/B. Lines 91a + 91b = 92.**          **$0.00**

**Fill in this information to identify the case and this filing:**

| | |
|---|---|
| Debtor Name: | SPRING VALLEY LOTS, LLC |
| United States Bankruptcy Court: | THE DISTRICT OF DELAWARE |
| Case Number (if known): | 24-12157 (KBO) |

Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:**    **List Creditors Who Have Secured Claims**

1. **Do any creditors have claims secured by debtor's property?**

   ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☐ Yes. Fill in the information below.

2. **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 2:**   List Others to Be Notified for a Debt Already Listed in Part 1

4. List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
| --- | --- | --- |

| Fill in this information to identify the case and this filing: | |
| --- | --- |
| Debtor Name: | SPRING VALLEY LOTS, LLC |
| United States Bankruptcy Court: | THE DISTRICT OF DELAWARE |
| Case Number (if known): | 24-12157 (KBO) |

Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

**Part 1:**     List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

   ☐ No. Go to Part 2.
   ☑ Yes. Go to line 2.

2. **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- |

### Taxing Authorities

| | | | | | |
| --- | --- | --- | --- | --- | --- |
| 2.1   CALIFORNIA FRANCHISE TAX BOARD<br>P.O. BOX 942867<br>SACRAMENTO, CA 94267-0001 | UNKNOWN<br>ACCOUNT NO: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| | **Taxing Authorities Total:** | | | **UNDETERMINED** | **UNDETERMINED** |

2. **Total: All Creditors with PRIORITY Unsecured Claims**        **UNDETERMINED**     **UNDETERMINED**

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**    List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|

3.  **Total: All Creditors with NONPRIORITY Unsecured Claims**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 3:**  **List Others to Be Notified About Unsecured Claims**

4. **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

| Creditor's Name, Mailing Address Including Zip Code | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number for this entity |
| --- | --- | --- |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 4:**    Total Amounts of the Priority and Nonpriority Unsecured Claims

5.  **Add the amounts of priority and nonpriority unsecured claims.**

5a.  **Total claims from Part 1**

$0.00
+ UNDETERMINED

5b.  **Total claims from Part 2**

$0.00
+ UNDETERMINED

5c.  **Total of Parts 1 and 2**
Lines 5a + 5b = 5c.

$0.00
+ UNDETERMINED

| **Fill in this information to identify the case and this filing:** |
|---|

| Debtor Name: | SPRING VALLEY LOTS, LLC |
|---|---|
| United States Bankruptcy Court: | THE DISTRICT OF DELAWARE |
| Case Number (if known): | 24-12157 (KBO) |

## Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**Part 1:**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2. **List all contracts and unexpired leases**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Services Agreements** | | | | | |
| 2.1 CT CORPORATION SYSTEM REPRESENTATION PLUS ANNUAL REPORT MANAGED SERVICES | | | ☐ | CT CORPORATION SYSTEM | 111 EIGHTH AVENUE 13TH FLOOR NEW YORK, NY 10011 |
| 2.2 STRETTO, INC. SERVICES AGREEMENT | | | ☐ | STRETTO, INC. | ATTN: SHERLY BETANCE 410 EXCHANGE IRVINE, CA 92602 |

| **Total number of contracts** | **2** |
|---|---|

| Fill in this information to identify the case and this filing: |
| --- |

| Debtor Name: | SPRING VALLEY LOTS, LLC |
| United States Bankruptcy Court: | THE DISTRICT OF DELAWARE |
| Case Number (if known): | 24-12157 (KBO) |

Form 206H

# Schedule H: Codebtors

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**Part 1:**

1. **Does the debtor have any codebtors?**

   ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
| --- | --- | --- |
| **Total Number of Co-Debtor / Creditor Rows** | | 0 |

Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**Part 1:** | **Summary of Assets**

1. **Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)**

1a. **Real Property:**
Copy line 88 from Schedule A/B

| $0.00 |

1b. **Total personal property:**
Copy line 91A from Schedule A/B

| $0.00 |

1c. **Total of all property:**
Copy line 92 from Schedule A/B

| $0.00 |

2. **Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)**
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

| $0.00 |

3. **Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)**

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 6a of Schedule E/F

| $0.00 |

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F

| $0.00 |

4. **Total liabilities**
Lines 2 + 3a + 3b

| $0.00 |

| Fill in this information to identify the case and this filing: |
|---|
| Debtor Name: _____ SPRING VALLEY LOTS, LLC _____ |
| United States Bankruptcy Court: _____ THE DISTRICT OF DELAWARE _____ |
| Case Number (if known): _____ 24-12157 (KBO) _____ |

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571**

## Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- ☑ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☑ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☑ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☑ Schedule H: Codebtors (Official Form (206H)
- ☑ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** 10/04/2024 _____

**Signature:** /s/ Andrew J. Surry _____      Andrew J. Surry, Chief Accounting Officer _____
                                                            **Name and Title**