# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| SILVERGATE CAPITAL CORPORATION, *et al.* | § § § | Case No. 24-12158 (KBO) |
| Debtors | § § | |

## STATEMENT OF FINANCIAL AFFAIRS FOR SPRING VALLEY LOTS, LLC

### CASE NO. 24-12157 (KBO)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | **Chapter 11** |
| **SILVERGATE CAPITAL CORPORATION**, *et al.* | **Case No. 24-12158 (KBO)** |
| Debtors.[1] | **(Joint Administered)** |

### DISCLOSURE AND ACCOUNTING GLOBAL NOTES REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On September 17, 2024 (the "Petition Date"), Silvergate Capital Corporation and its above-captioned affiliated debtors and debtors in possession (each a "Debtor," collectively, the "Debtors"), each commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered under case number 24-12158 (KBO).

The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" or "SOFAs") in accordance with section 521 of the Bankruptcy Code and rule 1007 of the Federal Rules of Bankruptcy Procedure using unaudited information available as of the Petition Date.

These *Disclosure and Accounting Global Notes Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (these "Global Notes") are incorporated by reference in, and comprise an integral part of, each of the Debtors' Schedules, sub-Schedules, Statements, sub-Statements, exhibits, and continuation sheets, and should be referred to in connection with any review of the Schedules and Statements. Disclosure of information in one Schedule, sub-Schedule, Statement, sub-Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474). The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

The Schedules and Statements have been signed by Andrew J. Surry, Chief Accounting Officer of the Debtors.  Andrew J. Surry is an authorized signatory for the Debtors.  In reviewing and signing the Schedules and Statement, Andrew J. Surry relied upon the efforts, statements, and representations of the Debtors' other personnel and advisors.  Andrew J. Surry has not, and could not have, personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

In preparing the Schedules and Statement, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation.  Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements.  As a result, inadvertent errors or omissions may exist.  Accordingly, the Debtors and their directors, officers, agents, attorneys, and financial advisors cannot guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements.

The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained in the Schedules and Statements. The Debtors, on behalf of themselves, their officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

For the avoidance of doubt, the Debtors and their agents, attorneys, and financial advisors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate, to amend, supplement, modify, or re-categorize the information provided in the Schedules and Statements.

1.    **Basis of Presentation**.  The Debtors historically prepared consolidating unaudited financial statements, which included all of the Debtors entities.  Unlike the consolidating financial statements, the Schedules and Statements generally reflect the assets and liabilities of each Debtor on a non-consolidated basis.  Accordingly, the amounts listed in the Schedules and Statements will likely differ, at times materially, from the consolidating financial reports prepared historically by the Debtors.

Although the Schedules and Statements may, at times, incorporate information prepared in accordance with United States generally accepted accounting principles ("GAAP"), the Schedules and Statements neither purport to represent nor reconcile to financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or otherwise.

To the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date.

Likewise, to the extent that a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

**2.**    **Reporting Date**.  Each Debtor operates on a fiscal year ending on December 31 annually.  All assets are reflected as of August 31, 2024, except for cash or cash equivalents and retainers which are provided as of the Petition Date.  Liability information, except where otherwise noted, is provided as of the Petition Date.

**3.**    **Currency**.  All amounts are reflected in U.S. dollars, which the Debtors use as their reporting currency.

**4.**    **Totals**.  All totals included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined values, these will not be listed in the totals.  The description of an amount as "unknown" or "undetermined" is not intended to reflect the materiality of such amount.  Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated" or "undetermined".

**5.**    **Asset Presentation and Valuation**.  The Debtors' assets are presented at values consistent with their books and records.  These values do not purport to represent the ultimate value that would be received in the event of a sale and may not represent economic value as determined by an appraisal or other valuation technique.  As it would be prohibitively expensive and an inefficient use of estate assets for the Debtors to obtain current economic valuations for all of their assets, unless otherwise noted, the carrying value of the Debtors' assets as reported on their books (*i.e.*, net book value), rather than their current economic value, is reflected on the Schedules and Statements. Additionally, because the net book values of certain assets may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the economic value or ownership of such asset and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

**6.**    **Reservations and Limitations**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as may be necessary or appropriate.  Nothing contained in the Schedules and Statements constitutes a waiver of the Debtors' rights or an admission of any kind with respect to the Chapter 11 Case, including, but not limited to, any claims against the Debtors, any rights or claims of the Debtors against any third party or any issues involving equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

    **(a) No Admission**.  Nothing contained in the Schedules and Statements or the Global Notes is intended to be or should be construed as a waiver of the Debtors' rights to dispute any such claim or assert any cause of action or defense against any party.

(b) **Recharacterization**.  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, and other items reported in the Schedules and Statements, the Debtors nonetheless may have inadvertently improperly characterized, classified, categorized, designated or omitted certain items.  Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

(c) **Classifications.**  Listing (i) a claim on Schedule D as "secured,", (ii) a claim on Schedule E/F as "priority" or "unsecured," or (ii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

(d) **Claims Description**.  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by such Debtor that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," "disputed" or to object to the extent, validity, enforceability, priority, or avoidability of any claim.  Moreover, the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as necessary and appropriate, including but not limited to with respect to claim descriptions and designations.

(e) **Estimates and Assumptions**.  To prepare and file the Schedules and Statement, the Debtors' management made reasonable estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in such estimates or assumptions.

(f) **Causes of Action**.  Despite reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment, and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising

4

before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

(g) **Litigation**. The Debtors made reasonable efforts to accurately record actions commenced against one or more Debtors in the Schedules and Statements. The inclusion of any litigation actions in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any litigation actions or the amount of any potential claim that may result from any claims with respect to any litigation actions, or the amount and treatment of any potential claim resulting from any litigation actions currently pending or that may arise in the future.

(h) **Property Rights – Generally**. Exclusion of certain property from the Schedules and Statements shall not be construed as an admission that the Debtors' rights in such property have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain property in the Schedules and Statements shall not be construed as an admission that the Debtors' rights in such property have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

(i) **Insiders.** In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities whom the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.

The listing or omission of an individual or entity as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Individuals or entities listed as "insiders" have been included for informational purposes only, and such information may not be used for the purposes of determining (a) control of the Debtors; (b) the extent of which any party exercised management responsibilities or functions; (c) corporate decision making authority over the Debtors; (d) whether the Debtors or any such insider could successfully argue that such party is not an "insider" under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (e) for any other purpose.

**7.    Intercompany Transactions.** As of the Petition Date, there were no intercompany balances between the Debtors; therefore, no intercompany balances are listed in Question AB77 (Other property of any kind not already listed) or Schedule E/F.

**8.    Confidentiality and Redactions**. In accordance with the Bankruptcy Court's *Order (I) Authorizing the Debtors to (A) Redact Personally Identifiable Information for Individuals, and (B) File a Consolidated Creditor Matrix, (II) Waiving Requirement to File a List of Equity Security Holders, and (III) Granting Related Relief* [Docket No. 41], the Debtors are authorized to redact

the home addresses and email address of the natural persons. In some cases, the addresses displayed are the respective Debtors' office address.

9.   **First Day Orders**.  The Bankruptcy Court has entered orders (each, a "<u>First Day Order</u>") authorizing the Debtors to pay, in whole or in part, various outstanding prepetition claims, including but not limited to, certain claims relating to the Debtors' employees' wages and compensation, fees, withholdings, taxes (not exceeding the $15,150 cap under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code per employee); insurance obligations; and pre-petition taxes and fees.  Given that certain of these claims have been paid or are anticipated to be paid in accordance with the First Day Orders, such claims may not be listed in the Schedules, notwithstanding that such claims existed as of the Petition Date or may otherwise be listed as "unknown" or "undetermined."

10.   **Intellectual Property Rights**.   Value associated with intellectual property internally generated or created, including enhancements to previously acquired intellectual property, are not reflected herein.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtors owner; however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

11.   **Liens**.  The inclusion on Schedule D of creditors is not an acknowledgement of the validity, extent, or priority of any liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever.  A careful review of the applicable agreements and other relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or an acknowledgment of same.

<h3 align="center">Schedules of Assets and Liabilities</h3>

**<u>Schedule A/B Notes</u>**.

- **General**.  Each Debtor's assets in Schedule A/B are listed at net book value as of the August 31, 2024, except for cash or cash equivalents and retainers, which are provided as of the Petition Date, and may not necessarily reflect the market or recoverable value of these assets as of the Petition Date.

- **Schedule A/B, Part 1 – Cash and Cash Equivalents, Item 3**.  The reported bank balances are reflected as of the Petition Date.

- **Schedule A/B, Part 2 – Deposits and Prepayments, Item 8**. The reported retainers are reflected as of the Petition Date. Retainer payments for bankruptcy professionals, special counsel and/or ordinary course professionals, if any, are disclosed, or will be disclosed, in the applicable retention papers or declarations for ordinary course professionals.

  The Debtors have fully paid their insurance policies listed in Schedule A/B 73. Also, the Debtors have paid certain vendor contracts in advance. These payments related to insurance policies and vendor contracts have not been included in A/B 8.

- **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture, Item 15**. Ownership interests in subsidiaries, partnerships, joint ventures, and investments in non-publicly traded securities have been listed in Schedule A/B, Part 4 in undetermined amounts because the fair market value of such ownership is dependent on numerous variables and factors.

- **Schedule A/B, Part 7 –Office Furniture, Fixtures, and Equipment; and Collectibles, Items 38-45**. Assets that are fully depreciated are not listed on Schedule A/B. However, Cloud Computing Software with a NBV $0 was listed in Schedule A/B, Part 7 since this software continues to be used by the Debtors. Also, the company continues to use computers and computer software, which is not included in Schedule A/B, with no NBV. All fixed assets are fully depreciated to NBV $0.

- **Schedule A/B, Part 10 – Intangibles and Intellectual Property, Items 59-66**. The Debtors report intellectual property assets with an undetermined value. Included in Schedule A/B, Part 10 is Customer Information, which maintained as required as part of a data retention requirement of the Debtors. The Debtors have not listed or assigned any value for goodwill.

- **Schedule A/B, Part 11 – All Other Assets, Items 70-79**. Insurance policies, covering the Debtors, have been included in Schedule A/B-73.

  In A/B 74 and 75, the Debtors made diligent efforts to list known Causes of Action against third parties, including potential claims against insurers and indemnification claims. Potential avoidance actions arising under chapter 5 of the Bankruptcy Code and certain actions under other relevant non-bankruptcy laws to recover assets were not listed. The list therefore includes only Causes of Action known by the Debtors as of the date hereof, and excludes potential Causes of Action that may be identified in the future. The Debtors' failure to list any Cause of Action is not an admission that such Cause of Action does not exist, and should not be construed as a waiver of such Cause of Action. The Debtors' rights with respect to all Causes of Action against third parties are expressly reserved.

  In A/B 74.1, the Debtors Silvergate Capital Corporation and Silvergate Liquidation Corporation have submitted claims for coverage of losses under their Side A/B/C D&O policies for the policy year 2022-2023. After satisfying the $5 million self-insured

7

retention under the Side A/B/C D&O policies, the Debtors received payments totaling $10 million from the first two layers of Side A/B/C D&O insurance for the 2022-2023 policy year.  The Debtors have three layers of additional Side A/B/C D&O insurance coverage for the 2022-2023 policy year with an aggregate of $15 million of incremental coverage limits. The Debtors have submitted additional claims to their Side A/B/C D&O insurers and reserve all rights to seek reimbursement of historical or future losses covered by the policies.

In addition, the Debtors purchased Side A Difference-in-Conditions D&O insurance for the 2022-2023 policy year with an aggregate of $15 million coverage limits.  Side A Difference-in-Conditions policies are only available to cover losses of individual insured persons if not indemnified or indemnifiable by the Debtors.

In A/B 76, Silvergate Capital Trust I and Silvergate Capital Trust II (the "Statutory Trusts") are Delaware statutory trusts wholly owned by Silvergate Capital Corporation.  The Statutory Trusts were created in connection with "trust preferred securities" issued in a series of transactions as part of a pooled offering to third party investors. More information regarding the Statutory Trusts may be found in the Declaration of Elaine Hetrick in Support of the Debtors' Chapter 11 Petitions and Certain Motions [Docket No. 9].

**Schedule D Notes**.

- Except as specifically stated herein, lessors of real property and equipment, utility companies, and any other parties which may hold security deposits or other security interests, have not been listed on Schedule D.  The Debtors have also not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, advance payments or inchoate statutory lien rights.

- The Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. The descriptions provided in Schedule D are solely intended to be a summary and not an admission of liability.  The Debtors made reasonable, good faith efforts to include all known properly perfected liens on Schedule D. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

**Schedule E/F Notes**.

- The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F, based on the Debtors' books and records as of the Petition Date.  Due to ordinary course delays, some amounts on Schedule E/F may not be properly reflected.

- The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the dates upon which such claims were incurred or arose, the exact fixing of each such date would be unduly burdensome and cost-prohibitive. Consequently, the Debtors have not listed a date for all claims set forth on Schedule E/F.

- Amounts for the Debtors' trade claims set forth on Schedule E/F reflect the payables owed as of the Petition Date and are based on the Debtors' books and records as of October 2, 2024. Amounts paid under the First Day Orders have been deducted from the Petition Date trade accounts payable to the extent that such payment information was reflected in the Debtors' books and records as of October 2, 2024. Also, the Debtors may not have received all invoices for payables, expenses, and other liabilities related to goods and/or services received prior to the Petition Date. The Debtors reserve all rights to amend, supplement, or otherwise modify Schedule E/F, Part 2, to reflect such payments and invoices.

- All asserted or potential litigation-related claims referenced in Schedule E/F are contingent, unliquidated, and disputed, unless otherwise indicated. Any information contained in Schedule E/F with respect to potential litigation shall not be a binding admission or representation of any Debtor's liability with respect to any of the potential suits and proceedings included therein.

**<u>Schedule G Notes</u>.**

- In some cases, the same contract counterparty appears multiple times in a Debtors' Schedule G. This multiple listing is generally intended to reflect distinct agreements between the applicable Debtors and such counterparty, however, it is possible that a multiple listing may be the result of duplicates.

- Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, in certain instances, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained. In such cases, the Debtors have made their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract.

- The Debtors have not included any Non-Disclosure Agreements in the Debtors' Schedule G.

- Although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, it is possible that inadvertent errors, omissions or over inclusion may have incurred. In addition, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any claims held by any counterparty to such contract or lease. The contracts, agreements, and leases listed on Schedule G also may have expired or may have been modified,

amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of diligent efforts to identify such documents. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors reserve all rights to amend, supplement, or otherwise modify Schedule G.

## Statement of Financial Affairs

**Statement Question 1 and 2 – Revenue**. Revenue figures for the 2024 stub period are provided as of August 31, 2024.

**Statement Question 3 – 90 Day Payments.** Payments to insiders within the 90 days prior to the Petition Date listed in response to SOFA 4 are not also listed in response to SOFA 3. Also, payments made to the Debtors' bankruptcy case professionals within the 90 days prior to the Petition Date that are listed in response to SOFA 11 are not listed in response to SOFA 3. Payments to Cravath, Swaine & Moore LLP in respect of non-bankruptcy services within the 90 days prior to the Petition Date are listed in response to SOFA 3. SOFA 3 excludes payments made to employees for compensation and fees made to third-party administrators to compensate employees. Payments other than wages made to non-insider employees are shown on an aggregate basis by date.

**Statement Question 4 – Payments to Insiders.** SOFA 4 includes only those payments made to insiders on behalf of the respective Debtor during the one year preceding the Petition Date.

Service providers Hinkamper LLC and Otium Sanctum Enterprises Inc. are respectively owned by the former Chief Audit Executive, Roy Hinkamper, and former Chief Transition Officer, Kathleen Fraher. Payments to these entities are listed in response to SOFA 4 under the name of the applicable person.

**Statement Question 7 – Legal Actions or Assignments.** The actions described in response to Question 7 are the responsive proceedings or pending proceedings of which the Debtors are actually aware. Any information contained in the response to Question 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement Question 26d – Financial Statements.** As the annual reports are public record, the Debtors do not maintain records of the parties who requested or obtained copies of any of these financial filings. In addition, the Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date.

**Statement Questions 28 and 29 – Directors and Officers.** For purposes of SOFA 28, each Debtor listed the names of all of its current officers and directors. For purposes of SOFA 29, each Debtor listed the names of all of its former officers and directors that it employed within the one year prior to the Petition Date.

**<u>Statement Question 30 – Payments, Distributions, or Withdrawals to Insiders</u>.**  Refer to SOFA 4 for this item.

| Part 1: | Income |
|---|---|

1.  **Gross Revenue from business**

☑ None.

| Identify the Beginning and Ending Dates of the Debtor's Fiscal Year, which may be a Calendar Year | Sources of Revenue (Check all that apply) | Gross Revenue (Before Deductions and Exclusions) |
|---|---|---|

| Part 1: | Income |
|---------|--------|

2. **Non-business revenue**

Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

☑ None.

| | Description of Sources of Revenue | Gross Revenue (Before Deductions and Exclusions) |
|---|---|---|

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

3. **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers — including expense reimbursements — to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None.

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|-----------------------------|-------|-----------------------|---------------------------------|

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None.

| Insider's Name and Address and Relationship to Debtor | Dates | Amount | Reasons for Payment |
|-------------------------------------------------------|-------|--------|---------------------|

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |

5. **Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None.

| Creditor's Name and Address | Description of the property | Date | Value of Property |
|---|---|---|---|
| | | | |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None.

| Creditor's Name and Address | Description of Action Creditor Took | Date Action Taken | Account Number | Amount |
|-----------------------------|-------------------------------------|-------------------|----------------|--------|

| Part 3: | Legal Actions or Assignments |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None.

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Address | Status of Case |
|---|---|---|---|

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None.

| Custodian's Name and Address | Court Name and Address | Case Title and Number | Date | Description of Property | Value |
|------------------------------|------------------------|-----------------------|------|-------------------------|-------|

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None.

| Recipient's Name and Address | Recipient's Relation to Debtor | Description of the Gifts and Contributions | Dates Given | Value |
|---|---|---|---|---|

| Part 5: | Certain Losses |
|---------|----------------|

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None.

| Description of the property lost and how the lost occurred | Amount of Payments Received for the Loss | Date of Loss | Value of Property Lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property). | | |

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None.

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor | If not Money, Describe any Property Transferred | Dates | Value |
|---|---|---|---|---|---|

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

12. **Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device. Do not include transfers already listed on this statement.

☑ None.

| Name of Trust or Device | Trustee | Describe any Property Transfered | Dates Transfers Were Made | Total Amount / Value |
|-------------------------|---------|----------------------------------|---------------------------|----------------------|

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

13. **Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None.

| Name and Address of Transferee, Relationship to Debtor | Description of Property | Date Transfer was Made | Total Amount or Value |
|--------------------------------------------------------|-------------------------|------------------------|-----------------------|

| Part 7: | Previous Locations |
|---------|--------------------|

14. **Previous Addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ None.

| Address | Dates of Occupancy |
|---------|--------------------|
| 14.1 PHOENIX DATA CENTER<br>615 N 48TH STREET<br>PHOENIX, AZ 85008 | 01/18/2018 – 02/29/2024 |
| 14.2 SAN DIEGO DATA CENTER<br>12270 WORLD TRADE DRIVE, SUITE 100<br>SAN DIEGO, CA 92128 | 02/21/2018 – 02/19/2024 |

| Part 8: | Health Care Bankruptcies |
|---|---|

15. **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ None.

| Facility Name and Address | Nature of the Business Operation, Including Type of Services the Debtor Provides | Location Where Patient Records are Maintained (if Different from Facility Address). If Electronic, Identify any Service Provider | If Debtor Provides Meals and Housing, Number of Patients in Debtor's Care | How are Records Kept? |
|---|---|---|---|---|

| Part 9: | Personally Identifiable Information |
|---------|-------------------------------------|

16. **Does the debtor collect and retain personally identifiable information of customers?**

☑ No
☐ Yes. State the nature of the information collected and retained.

| Part 9: | Personally Identifiable Information |
|---|---|

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.
    ☐ Yes

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

18. **Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None.

| Financial Institution Name and Address | Last 4 Digits of Account Number | Type of Account | Date of Closing | Last Balance |
|---|---|---|---|---|

| **Part 10:** | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

19. **Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None.

| Depository Institution Name and Address | Names of Anyone with Access to it and Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|

| **Part 10:** | **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units** |
|---|---|

20. **Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None.

| Facility Name and Address | Names of Anyone with Access to it | Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|---|
| 20.1 CERTIFIED RECORDS MANAGEMENT F/K/A PACIFIC DOCUMENT STORAGE 7880 CROSSWAY DR PICO RIVERA, CA 90660 | CURRENT EMPLOYEES | 4225 EXECUTIVE SQUARE, SUITE 600, LA JOLLA, CA 92037 | CUSTOMER FILES, ACCOUNTING RECORDS, CORRESPONDENCE | ☐ No ☑ Yes |

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|----------|---------------------------------------------------------------------|

21. **Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None.

| Owner's Name and Address | Location of the Property | Description of the Property | Value |
|--------------------------|--------------------------|-----------------------------|-------|

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ None.

| Case Title and Case Number | Court or Agency Name and Address | Nature of Proceeding | Status |
|---|---|---|---|

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable under or in violation of an environmental law?**

☑ None.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ None.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|
| | | | |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None.

| Business Name and Address | Describe the Nature of the Business | Employer Identification Number (Do not include SSN or ITIN) | Dates Business Existed |
|---|---|---|---|

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|----------|---------------------------------------------------------------------|

26.  **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☑ None.

| Name and Address | Dates of Service |
|------------------|------------------|
|                  |                  |

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

26.  **Books, records, and financial statements**

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None.

| Name and Address | Dates of Service |
|---|---|
|  |  |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☑ None.

| Name and Address | If any Books of Account and Records are Unavailable, Explain Why |
|---|---|

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

26.  **Books, records, and financial statements**

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None.

**Name and Address**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ None.

| Name of the Person who Supervised the Taking of the Inventory | Name and Address of the Person who has Possession of Inventory Records | Date of Inventory | Dollar Amount | Basis |
|---|---|---|---|---|

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None.

| Name and Address | Position and Nature of any Interest | Percent of Interest, if any |
|---|---|---|
| 28.1 SILVERGATE LIQUIDATION CORPORATION<br>4225 EXECUTIVE SQUARE, SUITE 600<br>LA JOLLA, CA 92037 | SOLE MEMBER | 100% |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ None.

| Name and Address | Position and Nature of Interest | Period During Which Position Was Held |
|---|---|---|

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

30. **Payments, Distributions, or Withdrawals Credited or Given to Insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ None.

| Name and Address of Recipient and Relationship to Debtor | Amount | Amount Description | Dates | Reason for Providing the Value |
|---|---|---|---|---|

**Part 13:**   Details About the Debtor's Business or Connections to Any Business

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ None.

| Name of Parent Corporation | Employer Identification Number of the Parent Corporation |
|---|---|

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

32.  **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ None.

| Name of Pension Fund | Employer Identification Number of the Parent Corporation |
|---|---|

| Part 14: | Signature and Declaration |
|---|---|

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:**    10/04/2024

**Signature:**    /s/ Andrew J. Surry                Andrew J. Surry, Chief Accounting Officer

**Name and Title**

Are additional pages to the Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?

☑ No
☐ Yes