## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SILVERGATE CAPITAL CORPORATION, *et al.*,[1] | ) Case No. 24-12158 (KBO) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Objection Due:  February 28, 2025 at 4:00 p.m. (ET)** |
| | ) **Hearing Date: March 6, 2025 at 1:00 p.m. (ET)** |

**MOTION OF STEPHANIE WICKOUSKI AS EXAMINER FOR ENTRY OF AN ORDER (I) APPROVING THE PROPOSED SCOPE, WORKPLAN, AND BUDGET FOR INVESTIGATION; (II) INCREASING THE BUDGET FOR INVESTIGATION; AND (III) AMENDING THE EXAMINER ORDER**

Stephanie Wickouski, as Court-appointed Examiner (the "Examiner") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases") of Silvergate Capital Corporation and its affiliated debtors (collectively the "Debtors"), respectfully submits this motion (the "Motion"), pursuant to the Court's *Order Directing the Appointment of an Examiner* (the "Examiner Order"), and the Court's *Order Approving Appointment of Examiner* (the "Appointment Order"), for entry of an order; (i) approving the Examiner's proposed scope, work plan, and budget for the Examiner's Investigation; (ii) increasing the budget for the Investigation; and (iii) amending the Examiner Order.  In support hereof, the Examiner states as follows:

### JURISDICTION, VENUE, AND STATUTORY PREDICATE

1.     This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the amended standing order of reference issued by the United States District Court

---

[1]     The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474).  The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The relief requested in this Application is based on the Examiner Order, sections 105(a) and 1106(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

4.      Pursuant to Local Rule 9013-1(f), the Examiner consents to this Court's entry of a final order in connection with this Motion to the extent it is later determined that, absent consent of the parties, the Court cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## **BACKGROUND**

5.      On September 17, 2024 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing the Chapter 11 cases (the "Chapter 11 Cases"). The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).  [Docket No. 23].

6.      On October 10, 2024, Stilwell Activist Investments, L.P. filed the *Motion of Stilwell Activist Investments, L.P. for Entry of an Order Directing the Appointment of an Examiner* [Docket No. 130].

7.      On October 10, 2024, the United States Trustee for Region 3 (the "U.S. Trustee") filed its statement that an unsecured creditors' committee has not been appointed in these Chapter 11 Cases.  [Docket No. 140].

8.      On December 20, 2024, the Court entered the Examiner Order, which directed the U.S. Trustee to appoint an examiner pursuant to 11 U.S.C. § 1104(c).  [Docket No. 402].

9.      Pursuant to the Examiner Order, the Examiner shall investigate and report on: "the independence of Ivona Smith and the Debtors' 'Special Investigation Committee' (the 'SIC'), including but not limited to its investigation, the SIC's use and reliance on the Debtors' professionals, the thoroughness of the SIC's investigation, and [the] reasonableness of its conclusions with respect to potential claims of the estates" (the "Investigation").  Examiner Order ¶ 2.

10.     The Examiner Order further provides that: (a) Within fifteen (15) days after entry of the order approving the appointment of the Examiner is entered on the docket in these cases, the Examiner shall propose a workplan and shall provide his or her estimated costs for the Investigation consistent with this Order, which shall be subject to the approval of the Court on ten (10) days' notice to all parties that have requested notice pursuant to Bankruptcy Rule 2002; and (b) the fees and expenses of any professionals retained by the Examiner shall not exceed $250,000 absent further order of the Court.  Examiner Order ¶¶ 10, 11.

11.     On January 10, 2025, the U.S. Trustee filed its *Application of the United States Trustee for Order Approving Appointment of Stephanie Wickouski as Examiner*.  [Docket No. 439].

12.     On January 31, 2025, the Court entered the Appointment Order, approving the appointment of Stephanie Wickouski, as Examiner.  [Docket No. 499].

13.     On February 13, 2025, the Examiner filed the retention applications seeking to retain Willkie Farr & Gallagher LLP ("Willkie') as lead counsel and Bayard P.A. ("Bayard") as Delaware counsel.  In addition, on February 13, 2025, the Examiner filed the retention application seeking to retain Pivot Group ("Pivot" and collectively the "Professionals") as Financial Advisor to the Examiner. [Docket Nos. 523-525].

**PROPOSED SCOPE, WORK PLAN AND BUDGET FOR INVESTIGATION**

14.     Pursuant to and in accordance with the Examiner Order, the Examiner hereby submits the below proposed scope, work plan, and budget for the Investigation.

**The Examiner's Activities to Date**

15.     Following appointment, the Examiner conducted a thorough review of the bankruptcy docket, the various pleadings filed in these Chapter 11 Cases, and other relevant materials.  The Examiner, with the assistance of Willkie, immediately compiled a request for production of relevant documents (the "Request for Production") which was provided to counsel for the SIC.  On February 4, 2025, Willkie held a videoconference with counsel for the SIC to further discuss the nature and scope of the documents requested by the Examiner.  The Examiner and Willkie began receiving documents responsive to the Request for Production on February 5, 2025.  Additional document productions were made by the SIC on February 6, 2025 and February 11, 2025.  The Examiner and Willkie are in the process of reviewing the produced documents.

16.     The Examiner and the Professionals held a videoconference on February 7, 2025 to: (i) discuss the Examiner's proposed approach the Investigation; (ii) gain an understanding of the prospective views on the issues raised in the Examiner Order; and (iii) to identify any challenges that might impede the Examiner's ability to deliver the report within the time frame set by the Court.

17.     There are additional documents requested in the Request for Production that have yet to be provided by the SIC.  The Examiner and the Professionals anticipate having follow up meetings with counsel for the SIC to discuss the production of these additional documents, as well as follow up document requests.  Additional meetings also are anticipated to be scheduled to permit the Examiner to identify and promptly gain access to all information needed to complete the report.  To expedite document sharing in an effort to meet the deadline for the report, the Examiner expects that the investigation will be an iterative process with waves of document requests, meetings, and interviews.

## The Examiner's Proposed Work Plan Going Forward

18.     Based upon the preliminary discussions, interviews and meetings conducted to date, and the information currently available to the Examiner, the work plan for the Investigation includes, but is not limited to, the following:

Information Gathering:

19.     The Examiner's first priority is to understand the nature, volume and extent of the documents and data that will need to be reviewed and analyzed in order to complete the Investigation.   The Examiner envisions the Investigation as a meta-analysis of the prior investigation conducted by Ivona Smith, who acted as the sole member of the SIC.  The Examiner and the Professionals are reviewing and will continue to review the SIC's process and findings to determine the sufficiency and integrity of the SIC's investigation.  The Examiner will identify any gaps or deficiencies therein.

20.     As part of the Investigation, and in addition to the review of documents already produced by the SIC, the Examiner will identify any further due diligence requests that are necessary to procure additional documentation or witness interviews.  The Examiner has also begun preparing additional requests for the production of documents, communications and other

information relevant to the subject matter of the Investigation.  The Examiner expects good faith cooperation by the recipients of such requests, but reserves the right to seek to compel production if any parties refuse to timely produce requested materials.

21.     After all necessary documents have been provided, the Examiner will review the process, materials and interviews relied upon, and the findings and work product of the SIC's investigation.  The Examiner will also examine the process by which Ivona Smith was selected as the sole member of the SIC and assess the independence of the SIC and its advisors.

Initial Interviews:

22.     The Examiner intends to promptly conduct initial interviews of relevant parties. The Examiner has already scheduled an interview with Ivona Smith for February 20, 2025.  The Examiner also anticipates that initial interviews will include other members of the Debtors' board of directors and management.  Following (or in conjunction with) the initial interviews, document review, and applicable work product review, the Examiner anticipates identifying key witnesses for further interviews in an effort to obtain a complete and thorough understanding of the matters pertinent to the Investigation.

23.     The Examiner will seek to conduct voluntary interviews of witnesses with respect to the issues that are germane to the Investigation, but reserves the right to seek formal discovery through a Bankruptcy Rule 2004 motion, and to issue subpoenas in connection with the Investigation.

Scope of Investigation:

24.     The Examiner Order contemplates that the Examiner may seek to expand the scope of the Investigation after filing the report.  Examiner Order ¶ 14.  The Examiner does not yet have sufficient information to make any decision concerning whether an expansion of the scope of the Investigation is warranted and feasible.  In the event the Examiner determines that the scope of the

Investigation should be expanded, the Examiner will first submit the report prior to seeking any request to expand the scope of the Investigation.

Examiner Report:

25.    At the conclusion of the Investigation, the Examiner intends to prepare a report, pursuant to and in accordance with Bankruptcy Code Section 1106(a)(4), setting forth the facts ascertained by the Examiner pertaining to the Investigation and, if applicable, potential causes of action that may be available to the estates arising therefrom.  The Examiner will transmit such report to the Court, the U.S. Trustee, the Debtors and the SIC, and intends to file a copy of such report (with appropriate redactions if necessary) on the case docket.

Timeline:

26.    The Examiner intends to complete the Investigation and submit the report within the sixty-day (60) timeframe set forth in the Examiner Order.  However, completion of the Investigation depends on several factors that are outside the current knowledge and/or control of the Examiner, including the volume and complexity of yet to be produced documentation, and the level of cooperation that the Examiner will receive from various parties.  The Examiner reserves all rights to subsequently seek an extension of time to complete the investigation in accordance with the Examiner Order.

**Budget**

27.    The Examiner currently projects a budget of approximately $800,000 in connection with the work plan.   This budget constitutes the Examiner's current estimate of fees incurred by the Examiner and the Professionals.  As the Examiner Order currently provides that "fees and expenses shall not exceed $250,000 absent further order of the Court," the Examiner respectfully requests the Court increase the Examiner's budget to $800,000.

28.    The Examiner submits that an increase in the budget to $800,000 is warranted under these circumstances.  The Examiner and the Professionals will expend a substantial amount of time conducting the Investigation and preparing the report.  To date, the Examiner has only received part of the documents requested from the SIC in the Request For Production.  The Examiner believes that a majority of the documents responsive to the Request For Production have yet to be produced.  In addition, the Examiner anticipates serving additional requests for production on the SIC and other parties in interest in the Chapter 11 Cases.  It is unclear at this time whether the Examiner will face difficulty in obtaining full discovery from the SIC or any additional party to whom subsequent requests for production are issued.  In addition, it is unclear at this time whether the individuals the Examiner seeks to interview will cooperate with the Examiner's efforts.

29.    The Examiner and the Professionals will endeavor to work efficiently and expeditiously to complete the Investigation within this proposed budget.  But, given that the Examiner does not yet know the volume or complexity of information subject to the Investigation, the level of witness cooperation, and other matters pertinent to the Investigation, the Examiner reserves the right to seek further modifications to the proposed budget by order of the Court after notice and an opportunity for parties-in-interest to be heard.

## The Examiner Order

30.    The Examiner respectfully requests the Court amend the Examiner Order to provide that the materials reviewed by the Examiner and any drafts of the report shall not be subject to discovery in the Chapter 11 Cases; nor shall the Examiner be subject to examination in connection with the Investigation or the preparation of the report in the Chapter 11 Cases.

31.    A Court-appointed examiner "performs his duties at the request of the court, for the benefit of the debtor, its creditors and shareholders and not to 'fuel the litigation fires of third party litigants.'"  *In re New Century TRS Holdings, Inc.*, 407 B.R. 558, 566 (Bankr. D. Del. 2009)

(quoting *In re Baldwin United Corp.*, 46 B.R. 314, 316 (Bankr. S.D. Ohio 1985)).  Thus, absent extraordinary circumstances, an examiner's files should remain confidential.  *See In re Baldwin United Corp.,* 46 B.R. at 317; *New Century TRS Holdings*, 407 B.R. at 566-67 (absent extraordinary circumstances, examiner file[s] should remain confidential and protected from disclosure); *In re FiberMark, Inc.*, 330 B.R. 480, 505 (Bankr. D. Vt. 2005) (examiner materials not filed publicly remain confidential).

32.    Moreover, the public may have an interest in the Investigation, but that interest lies in the actual Examiner Report and the conclusions set forth therein, not in the underlying investigative documents.  *See Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank. & Trust Co. of Chi. (In re Ionosphere Clubs)*, 156 B.R. 414, 435 (S.D.N.Y. 1993) (affirming bankruptcy court's denial of request for examination records; the "public interest is in the Report and the Examiner's conclusions, not in the Record [sic] upon the conclusions are based.").  It would be inequitable for the Examiner to be burdened with the costs of potentially onerous discovery requests.

33.    For these reasons, courts (including this Court) have previously granted substantially similar relief precluding third-party discovery against examiners and the professionals.  See, e.g., *Order Approving Examiner's Motion for Entry of an Order Discharging the Examiner and Granting Related Relief*, In Samuels Jewelers, Inc., Case No. 18-11818 (KJC) (Bankr. D. Del. May 2, 2019); *Order Approving Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq., for Order (I) Discharging Examiner; (II) Granting Relief from Third-Party Discovery; (III) Approving the Disposition of Certain Documents and Information; and (IV) Granting Certain Ancillary Relief*, In re Tribune Company, et al., Case No. 08-13141 (KJC) (Bankr. D. Del. Aug. 26, 2010); *Order Discharging Examiner and Granting Related Relief*, In re

*Lehman Brothers Holdings, Inc., et al.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. July 13, 2010).

34.     The Examiner further requests the Court amend paragraph seven (7) of the Examiner Order to provide that the disclosure of documents or information to the Examiner shall neither constitute nor be deemed a waiver by the disclosing party of, as applicable, work-product, attorney-client, or other privilege or the confidential nature of information disclosed to the Examiner.

35.     In order for the Examiner to carry out their statutory duties under section 1106(b) of the Bankruptcy Code, they must receive full disclosure from the parties in possession of relevant information.   As such, amending the Order to provide that a party would not be waiving an applicable privilege by producing requested documents to the Examiner will enable the Examiner to conduct a thorough, timely and efficient Investigation and is in the best interests of the Debtors, the Debtors' creditors and the estates. *See Order (I)(A) Establishing the Scope, Cost, Degree, and Duration of the Examination and (B) Granting Related Relief; and (II) Permitting the Filing of Certain Information Regarding Potential Parties in Interest Under Seal, In re FTX Trading LTD.*, et al., Case No. 22-11068 (JTD) (Bankr. D. Del. Mar. 20, 2024).

## <u>RESERVATION OF RIGHTS</u>

36.     The Examiner reserves the right to amend the scope, work plan and budget set forth herein and the direction of the Investigation as it progresses, in accordance with the Examiner Order.  To the extent that the Examiner seeks to materially modify the scope of the Investigation, the work plan, or the budget, as set forth herein, the Examiner will seek approval of any such modification(s) by order of the Court, after notice and an opportunity for parties-in-interest to be heard.

## <u>CONCLUSION</u>

WHEREFORE, the Examiner respectfully requests that the Court enter the order attached hereto as **<u>Exhibit A</u>**, (i) granting the relief requested herein and (ii) such further relief as the Court deems just and proper.

Dated: February 18, 2025
       Wilmington, Delaware

Respectfully submitted,

**BAYARD, P.A.**

*/s/ Ericka F. Johnson*
Ericka Johnson, Esq. (DE Bar No. 5024)
Steven Adler, Esq. (DE Bar No. 6257)
600 North King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
E-mail: ejohnson@bayardlaw.com
      sadler@bayardlaw.com

and

**WILLKIE FARR & GALLAGHER LLP**
Brett Miller, Esq. (Pro Hac Vice Forthcoming)
Donald Burke, Esq. (Pro Hac Vice Forthcoming)
John Patouhas, Esq. (Pro Hac Vice Forthcoming)
787 Seventh Avenue
New York, New York 10019-6099
Telephone: (212) 728-8000
E-mail: bmiller@willkie.com
      dburke@willkie.com
      jpatouhas@willkie.com

*Proposed Counsel to Stephanie Wickouski, as Examiner*