| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SILVERGATE CAPITAL CORPORATION,** ***et al.***[1] | **Case No. 24-12158 (KBO)** |
| **Debtors.** | **(Jointly Administered)** |
| | **Re: Docket Nos. 149, 956 & 957** |

**ORDER APPROVING (I) DISCLOSURE STATEMENT AND FORM AND MANNER**
**OF NOTICE OF DISCLOSURE STATEMENT HEARING, (II) ESTABLISHING**
**SOLICITATION, VOTING AND TABULATION PROCEDURES, (III) SCHEDULING**
**CONFIRMATION HEARING, (IV) ESTABLISHING NOTICE AND OBJECTION**
**PROCEDURES FOR CONFIRMATION OF PLAN, (V) ESTABLISHING**
<u>**CURE PROCEDURES; AND (VI) GRANTING RELATED RELIEF**</u>

Upon the motion (the "<u>Motion</u>")[2] of the above captioned debtors and debtors in

possession (collectively, the "<u>Debtors</u>") for entry of an order pursuant to sections 105, 502, 1125,

1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3017, 3018, and 3020 and

Local Rules 2002-1 and 3017-1, (a) approving the form and manner of notice of the hearing to

consider the proposed *Disclosure Statement Pursuant to 11 U.S.C. § 1125 With Respect to First*

*Amended Joint Chapter 11 Plan of Silvergate Capital Corporation and Its Affiliated Debtors*

[Docket No. 957] (including all exhibits thereto and as amended, modified or supplemented from

time to time, the "<u>Disclosure Statement</u>"); (b) approving the Disclosure Statement as containing

adequate information pursuant to section 1125 of the Bankruptcy Code; (c) scheduling a hearing

(the "<u>Confirmation Hearing</u>") to consider confirmation of the proposed *First Amended Joint*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474). The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

[2]   All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion or the Plan, as applicable.

*Chapter 11 Plan of Silvergate Capital Corporation and Its Affiliated Debtors* [Docket No. 956] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan"); (d) approving the Solicitation, Voting and Tabulation Procedures for the Plan; (e) approving the Confirmation Procedures for the Plan; and (f) approving the Cure Procedures, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and §1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**

A.     <u>Notice of the Disclosure Statement Hearing and Disclosure Statement Objection Deadline</u>.  The procedures proposed in the Motion, as modified herein, providing notice to all parties of the time, date, and place of the Disclosure Statement Hearing and the deadline for filing objections to the Disclosure Statement, including the Disclosure Statement Hearing Notices,

copies of which are attached hereto as **Exhibits 6-A, 6-B and 6-C**, and each of which was filed and served on September 24, 2024, June 13, 2025 and June 24, 2025 [Docket Nos. 79, 795 & 814, respectively], provided due, proper, and adequate notice, comport with due process, and comply with the applicable Bankruptcy Rules and Local Rules. No other or further notice is required.[3]

B. <u>The Disclosure Statement</u>. The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code. No further information is necessary.

C. <u>Notice of Confirmation Hearing and Confirmation Objection Deadline</u>. The procedures set forth in the Motion regarding notice to all parties of the time, date, and place of the hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>"), including the Confirmation Hearing Notice substantially in the form attached hereto as **Exhibit 1** and for filing objections or responses to the Plan, provide due, proper, and adequate notice, comport with due process, and comply with Bankruptcy Rules 2002 and 3017. No further notice is required.

D. <u>Balloting and Voting Procedures</u>. The Solicitation, Voting and Tabulation Procedures set forth herein for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

E. <u>Ballots</u>. The ballots substantially in the forms annexed hereto as **Exhibits 2-A**, **2-B(i)** and **2-B(ii)** (collectively, the "<u>Ballots</u>"), including all voting instructions provided therein, are consistent with Official Bankruptcy Form No. B 314, address the particular needs of these

---

[3] On July 14, 2025, after the Disclosure Statement Objection Deadline lapsed, the Debtors adjourned the Disclosure Statement Hearing. *See* Docket No. 850.

RLF1 33590030v.2

Chapter 11 Cases, and provide adequate information and instructions for each individual entitled to vote to accept or reject the Plan. No further information or instructions are necessary.

F. <u>Parties Entitled to Vote</u>. Pursuant to the Plan, holders of (i) Claims in Class 5 (Indemnified Individuals Indemnifiable Claims) and (ii) Interests in Class 8 (Preferred Stock Interests) are impaired and are entitled to receive a distribution under the Plan. Accordingly, holders of Claims and Interests in such classes (the "<u>Voting Classes</u>") are entitled to vote on account of such Claims and Interests.

G. <u>Solicitation Packages</u>. The proposed distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties of the Voting Record Date, Voting Deadline, Confirmation Objection Deadline, Confirmation Hearing, and other related matters.

H. <u>Solicitation Period</u>. The period established by this Order during which the Debtors may solicit votes to accept or reject the Plan is a reasonable and sufficient period of time for the Voting Classes to make an informed decision regarding whether to accept or reject the Plan and timely return Ballots evidencing such decision.

I. <u>Parties Not Entitled to Vote</u>. Pursuant to the Plan, the following holders of Claims and/or Interests are not entitled to vote on account of such Claims and/or Interests: (i) holders of Claims in Class 1 (Other Priority Claims), Class 2 (Secured Claims), Class 3 (General Unsecured Claims), Class 4 (Subordinated Notes Claims), Class 9 (Common Stock Interests) and Class 11 (Bhatia Litigation Class Claim) are unimpaired and, accordingly, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan; (ii) the holders of Claims in Class 10 (Section 510(b) Claims) are impaired and not entitled to receive nor retain any property under the Plan, and, accordingly, pursuant to section 1126(g) of the Bankruptcy Code, are deemed

4

to have rejected the Plan; and (iii) the holders of Claims in Class 6 (Intercompany Claims) and Interests in Class 7 (Intercompany Interests) are proponents of the Plan and are presumed to have accepted the Plan pursuant to section 1126(f) or deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code, as applicable.

J. <u>Notice of Unimpaired Non-Voting Status</u>.  The Notice of Unimpaired Non-Voting Status, including the Opt In Election Form annexed thereto as <u>Annex A</u>, substantially in the form attached hereto as **<u>Exhibit 3</u>**, complies with the Bankruptcy Code, applicable Bankruptcy Rules, and applicable Local Rules and, together with the Confirmation Hearing Notice, provides adequate notice to the holders of Claims or Interests, as applicable, in Class 1 (Other Priority Claims), Class 2 (Secured Claims), Class 3 (General Unsecured Claims), Class 4 (Subordinated Notes Claims), Class 6 (Intercompany Claims), Class 7 (Intercompany Interests), and Class 11 (Bhatia Litigation Class Claim), as applicable.  No further notice is necessary.

K. <u>Class 9 Notice of Unimpaired Non-Voting Status</u>.  The notice of non-voting status (the "<u>Class 9 Notice of Unimpaired Non-Voting Status</u>"), substantially in the form attached hereto as **<u>Exhibit 4</u>**, including the Opt In Election Form annexed thereto, complies with the Bankruptcy Code, applicable Bankruptcy Rules, and applicable Local Rules and, together with the Confirmation Hearing Notice, provides adequate notice to the holders of Interests in Class 9 (Common Stock Interests).[4] No further notice is necessary.

L. <u>Notice of Impaired Non-Voting Status</u>. The Notice of Impaired Non-Voting Status, substantially in the form attached hereto as **<u>Exhibit 5</u>**, complies with the Bankruptcy Code, applicable Bankruptcy Rules, and applicable Local Rules and, together with the Confirmation

---

[4]     Class 9 (Common Stock Interests) is unimpaired under the Plan.

Hearing Notice, provides adequate notice to the holders of Claims in Class 10 (Section 510(b) Claims).  No further notice is necessary.

M.      Notice.  All other notices to be provided pursuant to the procedures set forth in the Motion, as modified herein, including the service of the Confirmation Hearing Notice on holders of Claims and/or Interest in Classes 1 through 11, are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing.  No further notice is required.

N.      Relief is Warranted.  The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted as set forth herein.

2.      As set forth in this Order, the following dates and deadlines are approved:

| Milestone | Proposed Date |
|---|---|
| Voting Record Date | **September 5, 2025** |
| Disclosure Statement Hearing | **September 5, 2025 at 9:30 a.m. (Prevailing Eastern Time)** |
| Solicitation Date | **No later that three (3) business days after entry of the Proposed Order (expected to be September 10, 2025)** |
| Plan Supplement Filing | **October 8, 2025** |
| Voting Deadline<br>Opt Out Election Deadline<br>Opt In Election Deadline<br>Confirmation Objection Deadline | **October 15, 2025 at 4:00 p.m. (Prevailing Eastern Time)** |
| Deadline to File (a) Reply to Plan Objection(s), (b) Brief in Support of Plan Confirmation, (c) Declarations in Support of Confirmation, and (d) Voting Certification | **October 27, 2025 at 12:00 p.m. (Prevailing Eastern Time)** |

6

| Confirmation Hearing | **October 29, 2025 at 9:30 a.m. (Prevailing Eastern Time)** |
|---|---|

**i.** *Disclosure Statement*

3.　　The Disclosure Statement is approved as containing adequate information pursuant to section 1125 of the Bankruptcy Code, and the Debtors are authorized to use the Disclosure Statement in connection with the solicitation of votes in favor of the Plan.

4.　　The filing and service of the Disclosure Statement Hearing Notices, attached hereto as **Exhibit 6-A, 6-B and 6-C**, provided adequate and sufficient notice of the Disclosure Statement Hearing and the Disclosure Statement Objection Deadline, complied with the applicable Bankruptcy Rules and Local Rules, and comported with due process.[5]

5.　　All objections, if any, to the Disclosure Statement and/or the Motion that have not been withdrawn or resolved as provided for in the record of the Disclosure Statement Hearing are overruled on the merits.

6.　　The Disclosure Statement (including all applicable exhibits thereto) provides sufficient notice of the injunction, exculpation, and release provisions contained in Article IX of the Plan, in accordance with Bankruptcy Rule 3016(c).

**ii.** *Voting Procedures*

7.　　The Voting Procedures, as modified herein, are approved.

8.　　The Voting Record Date shall be set as **September 5, 2025**. In addition, with respect to Holders of Preferred Stock Interests, solely for voting purposes, the amount of Preferred

---

[5]　On July 14, 2025, after the Disclosure Statement Objection Deadline lapsed, the Debtors adjourned the Disclosure Statement Hearing. *See* Docket No. 850.

RLF1 33590030v.2

Stock Interests held by a particular Holder that will be used to tabulate acceptances or rejections of the Plan will be the Liquidation Preference of such Preferred Stock Interests held by such Holder as of the Voting Record Date as evidenced on the transfer agent's share register for registered holders and a security position report representing Interests held by Nominees through the DTC as of the Voting Record Date.

9. The Voting Deadline shall be **October 15, 2025 at 4:00 p.m. (prevailing Eastern Time).**

### iii. Solicitation Procedures

10. The Solicitation Procedures, including the Solicitation Packages, as modified herein, are approved.

11. The Solicitation Date shall be no later than three Business Days following the date of entry of this Order (or as soon as reasonably practicable thereafter).

12. The Debtors shall serve the Solicitation Packages by regular U.S. mail only on the holders of Claims and Interests in the Voting Classes no later than the Solicitation Date (or as soon as reasonably practicable thereafter). No other interested parties shall receive copies of the Plan, Disclosure Statement or the other materials contained in the Solicitation Packages unless such documents are requested in accordance with the procedures set forth in the Confirmation Hearing Notice.

13. The Ballots, substantially in the forms attached hereto as **Exhibits 2-A**, **2-B(i)**, and **2-B(ii)** are approved.

14. The Debtors shall deliver (i) Ballots, substantially in the form attached hereto as **Exhibit 2-A**, to holders of Claims in Class 5 (Indemnified Individuals Indemnifiable Claims), and

8

(ii) Ballots, substantially in the forms attached hereto as **Exhibits 2-B(i)** and **2-B(ii)** to holders of Interests in Class 8 (Preferred Stock Interests), including, without limitation, the Nominees.

15.     With respect to Class 8 (Preferred Stock Interests), the Debtors will cause to be distributed, to each Nominee, reasonably sufficient numbers of Solicitation Packages, including sufficient Beneficial Holder Ballots, to distribute via first class mail to the Beneficial Holders of such Interests as of the Voting Record Date for whom such Nominee acts.  The Debtors will also cause a Master Ballot to be distributed to each Nominee for use in tabulating votes cast on Beneficial Holder Ballots submitted to such Nominee (as described more fully below).  If it is a Nominee's customary and accepted practice to forward the solicitation information to (and collect votes from) Beneficial Holders by VIF, e-mail, telephone or other customary means of communication, the Nominee may employ that method of communication in lieu of sending the paper Beneficial Holder Ballot and/or Solicitation Package.  In such instances, the Nominee (or Nominee's agent) may return any excess or unused flash drives or paper copies of the Solicitation Packages to Stretto.

16.     Such Nominees shall, upon receipt of the Solicitation Packages, promptly distribute such Solicitation Packages to Beneficial Holders including Beneficial Holder Ballots (or a summary thereof) using one of the following two methods (to be selected by the Nominee) within five (5) business days of receipt of the Solicitation Packages:

a)      **Pre-Validated Beneficial Holder Ballots**:  The Nominee may "pre-validate" a Beneficial Holder Ballot (the "Pre-Validated Beneficial Holder Ballot") by (i) signing the Beneficial Holder Ballot; (ii) indicating on the Beneficial Holder Ballot the amount of Preferred Stock Interests held by the Nominee for the Beneficial Holder, the Beneficial Holder's account number, and a medallion guarantee stamp certifying the Beneficial Holder's amount of Preferred Stock Interests as of the Voting Record Date; and (iii) forwarding such Beneficial Holder Ballot, together with the Solicitation Package, a pre-addressed, postage-paid return envelope addressed to, and provided by, Stretto and other materials requested to be forwarded, to the

9

Beneficial Holder for voting. The Beneficial Holder must then complete the information requested in the Beneficial Holder Ballot and return the Beneficial Holder Ballot directly to Stretto in the pre-addressed, postage-paid return envelope or by email at publicsecurities@stretto.com, so that it is RECEIVED by Stretto on or before the Voting Deadline. A list of the Beneficial Holders to whom "pre-validated" Beneficial Holder Ballots were delivered should be maintained by Nominees for inspection for at least one (1) year from the Voting Deadline.

b) **Master Ballots**: If the Nominee elects not to pre-validate Beneficial Holder Ballots, the Nominee may obtain the votes of Beneficial Holders by forwarding to the Beneficial Holders the unsigned Beneficial Holder Ballots, together with the Solicitation Package, a pre-addressed, postage-paid return envelope provided by, and addressed to, the Nominee, and other materials requested to be forwarded. Each such Beneficial Holder must then indicate his, her, or its vote on the Beneficial Holder Ballot, complete the information requested on the Beneficial Holder Ballot, review the certifications contained on the Beneficial Holder Ballot, execute the Beneficial Holder Ballot, and return the Beneficial Holder Ballot to the Nominee. If it is the accepted practice for a Nominee to collect votes through a VIF, e-mail, or other customary method of communication, the Beneficial Holder shall follow the Nominee's instruction for completing and submitting its vote to the Nominee. After collecting the Beneficial Holders' votes, the Nominee should, in turn, complete a Master Ballot compiling the votes and other information from the Beneficial Holders, execute the Master Ballot, and deliver the Master Ballot to Stretto, which may be delivered via email at publicsecurities@stretto.com,[6] so that it is RECEIVED by Stretto on or before the Voting Deadline. All Beneficial Holder Ballots returned by Beneficial Holders should either be forwarded to Stretto (along with the Master Ballot) or retained by Nominees for inspection for at least one (1) year from the Voting Deadline. EACH NOMINEE SHOULD ADVISE ITS BENEFICIAL HOLDERS TO RETURN THEIR BENEFICIAL HOLDER BALLOTS TO THE NOMINEE BY A DATE CALCULATED BY THE NOMINEE TO ALLOW IT TO PREPARE AND RETURN THE MASTER BALLOT TO STRETTO SO THAT IT IS RECEIVED BY STRETTO ON OR BEFORE THE VOTING DEADLINE.[7]

---

[6] For the avoidance of doubt, a Ballot may be submitted via electronic mail to Stretto at publicsecurities@stretto.com. For any Ballot cast via electronic mail, the format of the attachment must be found in the common workplace and industry standard format (*i.e.*, industry-standard PDF file) and the received date and time in the Stretto's inbox will be used as the timestamp for receipt.

[7] Notwithstanding the foregoing, Nominees are authorized to transmit Solicitation Packages and collect votes to accept or to reject the Plan from Beneficial Holders in accordance with their customary practices, including the use of a VIF in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

RLF1 33590030v.2

17. The Tabulation Procedures, as modified herein, are approved:

   a) With respect to holders of Claims in Class 5 (Indemnified Individuals Indemnifiable Claims):

      i. Notwithstanding any proof of claim filed, each Indemnified Individual (as defined in the Plan) shall be allowed a single Indemnified Individuals Indemnifiable Claim in the amount of $1.00, solely for purposes of voting and not for purposes of distribution;

      ii. If a Holder of an Indemnified Individuals Indemnifiable Claim casts more than one Ballot before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect such Holder's intent, and thus, to supersede any previously received Ballot. After the Voting Deadline, validly submitted Ballots can only be withdrawn or amended in accordance with Bankruptcy Rule 3018(a) or an order of the Court;

      iii. If a Holder of an Indemnified Individuals Indemnifiable Claim casts a Ballot that is properly completed, executed and timely received by Stretto, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted;

      iv. If a Holder of an Indemnified Individuals Indemnifiable Claim casts a Ballot that is properly completed, executed, and timely received by Stretto, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted;

      v. If a Ballot is being signed by a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or someone otherwise acting in a fiduciary or representative capacity, such Person should indicate such capacity when signing and, if requested by Stretto, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, authorized signatories should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot;

      vi. The Debtors, subject to any further order of the Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification;

      vii. Neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered

Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification;

viii. The Voting Certification shall identify any Holders of Indemnified Individuals Indemnifiable Claims that opt out of, or opt into, as applicable, the granting of the releases set forth in Article IX.C of the Plan;

ix. The Debtors and/or Stretto, as applicable, are authorized to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots, which determination, absent a contrary order of the Court, will be final and binding;

x. Stretto is required to retain all paper copies of Ballots and all solicitation-related correspondence for one year following the Effective Date, whereupon Stretto is authorized to destroy and/or otherwise dispose of all paper copies of Ballots, printed solicitation materials including unused copies of the Solicitation Package and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one year period; and

xi. Unless waived by the Debtors, subject to further order of the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

b) With respect to holders of Interests in Class 8 (Preferred Stock Interests):

i. If a Beneficial Holder Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or another person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested, must submit proper evidence satisfactory to the Debtors of authority to so act. Authorized signatories should submit the separate Beneficial Holder Ballot of each Beneficial Holder for whom they are voting;

ii. Any vote returned to a Nominee by a Beneficial Holder (whether transmitted by Beneficial Holder Ballot or other customary means of submitting a vote) will not be counted for purposes of acceptance or rejection of the Plan until such Nominee properly completes and delivers to Stretto that Beneficial Holder Ballot (properly validated) or a Master Ballot casting the vote of such Beneficial Holder;

iii. If a Beneficial Holder holds Interests in Class 8 (Preferred Stock Interests) through more than one (1) Nominee or through multiple accounts, such Beneficial Holder may receive more than one Beneficial Holder Ballot and each such Beneficial Holder should execute a separate Beneficial

12

Holder Ballot for each block of Interests in Class 8 (Preferred Stock Interests) that it holds through any Nominee and must return each such Beneficial Holder Ballot to the appropriate Nominee. Any Beneficial Holder holding Interests in Class 8 (Preferred Stock Interests) as a record holder in its own name is permitted to vote on the Plan by completing and signing a Beneficial Holder Ballot and returning it directly to Stretto on or before the Voting Deadline;

iv. Votes cast by Beneficial Holders through Nominees will be applied to the applicable positions held by such Nominees in Class 8 (Preferred Stock Interests) as of the Voting Record Date. Votes submitted by a Nominee pursuant to a Master Ballot will not be counted in excess of the amount of such Interests held by such Nominee as of the Voting Record Date;

v. If conflicting votes or "over-votes" are submitted by a Nominee pursuant to a Master Ballot, the Debtors will use reasonable efforts to reconcile discrepancies with the Nominees. If over-votes on a Master Ballot are not reconciled prior to the preparation of the Voting Certification (as defined herein), the Debtors shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot that contained the over-vote, but only to the extent of the Nominee's position in Class 8 (Preferred Stock Interests);

vi. For purposes of tabulating votes, each Nominee or Beneficial Holder will be deemed to have voted the Liquidation Preference of its Interests in Class 8 (Preferred Stock Interests);

vii. A single Nominee may complete and deliver to Stretto multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the latest received valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior received Master Ballot. Likewise, if a Beneficial Holder submits more than one vote to its Nominee whether via Beneficial Holder Ballot or other acceptable voting method, (i) the latest received vote before the submission deadline imposed by the Nominee shall be deemed to supersede any prior Beneficial Holder Ballot submitted by the Beneficial Holder; and (ii) the Nominee shall complete the Master Ballot accordingly;

viii. The Debtors will, upon written request, reimburse Nominees for customary mailing and handling expenses incurred by them in forwarding the Solicitation Packages and Beneficial Holder Ballots to the Beneficial Holders for which they are the Nominee. No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes from Beneficial Holders with respect to the Plan; and

13

  ix.  The Voting Certification shall identify any Holders of Preferred Stock Interests that opt out of, or opt into, as applicable, the granting of the releases set forth in <u>Article IX.C</u> of the Plan.

*v.*  ***The Confirmation Procedures***

18.  The Confirmation Hearing shall be held on **October 29, 2025 at 9:30 a.m. (Prevailing Eastern Time)**; *provided*, *however*, that the Confirmation Hearing may be adjourned or continued from time to time with the consent of the Ad Hoc Preferred Stockholder Group and without further notice, including adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court.

19.  The deadline to file and serve objections or responses to confirmation of the Plan shall be **October 15, 2025 at 4:00 p.m. (Prevailing Eastern Time).**

20.  Objections and responses, if any, to confirmation of the Plan, must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) set forth the name of the objecting party, the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property; (d) set forth the basis for the objection and the specific grounds therefor, and provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection; and (e) be filed, together with proof of service and served upon: (a) counsel for the Debtors, (i) Cravath, Swaine & Moore LLP, 375 Ninth Avenue, New York, NY 10001, Attn: Paul Zumbro (pzumbro@cravath.com), Jed Zobitz (jzobitz@cravath.com) and Alexander Gerten (agerten@cravath.com), and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Paul N. Heath (heath@rlf.com), Michael J. Merchant (merchant@rlf.com) and David T. Queroli (queroli@rlf.com); (b) the Office of the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman (Benjamin.a.hackman@usdoj.gov); (c) counsel to the Ad Hoc Preferred Stockholder Group (i) Milbank LLP, 55 Hudson Yards, New York, NY

RLF1 33590030v.2

10001, Attn: Andrew Leblanc and Lauren Doyle (aleblanc@milbank.com; ldoyle@milbank.com) and (ii) Potter Anderson & Corroon LLP, 1313 N Market Street, 6th Floor, Wilmington, DE 19801, Attn: L. Katherine Good (kgood@potteranderson.com) and Christopher M. Samis (csamis@potteranderson.com); and (d) counsel to any official committee appointed in these Chapter 11 Cases.

21.     Objections to confirmation of the Plan that are not timely filed and served in the manner set forth above may not be considered and may be deemed overruled.

22.     The Debtors are authorized to file and serve replies or an omnibus reply to any such objections along with their brief in support of confirmation of the Plan either separately or by a single, consolidated reply, the Voting Certification and any affidavits or declarations in support of confirmation of the Plan on or before **October 27, 2025 at 12:00 p.m. (Prevailing Eastern Time)** (the "Reply Deadline").  In addition, any party in interest may file and serve a statement in support of confirmation of the Plan and/or a reply to any objections to confirmation of the Plan by the Reply Deadline.

23.     The Confirmation Hearing Notice substantially in the form attached hereto as **Exhibit 1** is approved, and provides due, proper, and adequate notice, comports with due process and complies with Bankruptcy Rules 2002 and 3017.

24.     The Notice of Unimpaired Non-Voting Status, including the Opt In Election Form annexed thereto as Annex A, substantially in the form attached hereto as **Exhibit 3**, is approved.

25.     The Class 9 Notice of Unimpaired Non-Voting Status, including the Opt In Election Form annexed thereto as Annex A, substantially in the form attached hereto as **Exhibit 4**, is approved.

RLF1 33590030v.2

26. The Notice of Impaired Non-Voting Status, substantially in the form attached hereto as **Exhibit 5**, is approved.

27. The Debtors shall publish the Publication Notice at least twenty-eight (28) calendar days prior to the date of the Confirmation Hearing (or as soon as practicable thereafter) in the national edition of *The Wall Street Journal*.

28. The Cure Procedures are approved.

### vi. *Plan Supplement*

29. The Debtors are authorized to file and serve a supplement to the Plan (the "Plan Supplement") on or before **October 8, 2025**, and to further supplement the Plan Supplement as necessary thereafter.

### vii. *General*

30. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages prior to mailing.

31. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

32. The terms of this Order shall be effective immediately upon its entry.

33. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: September 5th, 2025
Wilmington, Delaware

KAREN B. OWENS
CHIEF JUDGE

16