<div align="center">

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

</div>

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SILVERGATE CAPITAL CORPORATION,** *et al.*[1] | **Case No. 24-12158 (KBO)** |
| | **(Jointly Administered)** |
| **Debtors.** | |

<div align="center">

**SUPPLEMENTAL AFFIDAVIT OF SERVICE**

</div>

I, Keny Contreras, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On September 25, 2025, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on Merrill Lynch, Pierce Fenner & Smith, Earl Weeks, Attn: Corporate Actions at PO Box 44145, Jacksonville, FL 32231-4145, pursuant to USPS forwarding instructions:

- **Order Approving (I) Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing, (II) Establishing Solicitation, Voting and Tabulation Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Establishing Cure Procedures; and (VI) Granting Related Relief** (Docket No. 966)

- **First Amended Joint Chapter 11 Plan of Silvergate Capital Corporation and its Affiliated Debtors** (Docket No. 969)

- **Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to First Amended Joint Chapter 11 Plan of Silvergate Capital Corporation and its Affiliated Debtors** (Docket No. 970)

- **Notice of (I) Approval of Disclosure Statement, (II) Establishment of Voting Record Date, (III) Hearing on Confirmation of the Proposed Plan, (IV) Procedures for Objection to Confirmation of the Proposed Plan, and (V) Procedures and Deadline for Voting on the Plan** (Docket No. 972)

- **Beneficial Holder Ballot for Accepting or Rejecting First Amended Joint Chapter 11 Plan of Silvergate Capital Corporation and its Affiliated Debtors** (attached hereto as **Exhibit A**)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474). The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

- **Master Ballot for Accepting or Rejecting First Amended Joint Chapter 11 Plan of Silvergate Capital Corporation and its Affiliated Debtors** (attached hereto as **Exhibit B**)

- **Instructional Cover Letter to Nominees, Banks, and Brokers** (attached hereto as **Exhibit C**)

- **Pre-Paid Business Return Envelope**

Furthermore, on September 25, 2025, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on Eleanor Hope-Bell at a redacted address, pursuant to USPS forwarding instructions:

- **Notice of (I) Approval of Disclosure Statement, (II) Establishment of Voting Record Date, (III) Hearing on Confirmation of the Proposed Plan, (IV) Procedures for Objection to Confirmation of the Proposed Plan, and (V) Procedures and Deadline for Voting on the Plan** (Docket No. 972)

- **Notice of Unimpaired Non-Voting Status (Class 9 (Common Stock Interests)) and Opt In Election Form for Holders of Non-Voting Unimpaired Interests (Class 9 (Common Stock Interests))** (attached hereto as **Exhibit D**)

[SPACE LEFT INTENTIONALLY BLANK]

Furthermore, on or before October 1, 2025, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached here to as **Exhibit E**, pursuant to USPS forwarding instructions:

- **Notice of (I) Approval of Disclosure Statement, (II) Establishment of Voting Record Date, (III) Hearing on Confirmation of the Proposed Plan, (IV) Procedures for Objection to Confirmation of the Proposed Plan, and (V) Procedures and Deadline for Voting on the Plan** (Docket No. 972)

- **Notice of Unimpaired Non-Voting Status (Class 9 (Common Stock Interests)) and Opt In Election Form for Holders of Non-Voting Unimpaired Interests (Class 9 (Common Stock Interests))** (attached hereto as **Exhibit D**)

- **Instructional Cover Letter to Nominees, Banks, and Brokers** (attached hereto as **Exhibit C**)

Dated: October 3, 2025

_____
Keny Contreras

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document |
| --- |

State of California,
County of Orange

Subscribed and sworn to (or affirmed) before me on this 3rd day of October, 2025 by Keny Contreras, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

STEPHANIE MORALES
Notary Public - California
Orange County
Commission # 2447258
My Comm. Expires May 16, 2027

# Exhibit A

CUSIP No.: 82837P507

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SILVERGATE CAPITAL CORPORATION, *et al.*[1]** | **Case No. 24-12158 (KBO)** |
| **Debtors.** | **(Jointly Administered)** |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR REJECTING
FIRST AMENDED JOINT CHAPTER 11 PLAN OF SILVERGATE
CAPITAL CORPORATION AND ITS AFFILIATED DEBTORS**

**CLASS 8 – PREFERRED STOCK INTERESTS**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING BENEFICIAL HOLDER BALLOTS CAREFULLY BEFORE
COMPLETING THIS BENEFICIAL HOLDER BALLOT.**

**THIS BENEFICIAL HOLDER BALLOT MUST BE ACTUALLY RECEIVED BY
YOUR NOMINEE (AS DEFINED HEREIN) TO PERMIT YOUR NOMINEE
SUFFICIENT TIME TO DELIVER YOUR VOTES TO THE VOTING AGENT BY
OCTOBER 15, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING
DEADLINE"). PLEASE CONFER WITH YOUR NOMINEE DIRECTLY
REGARDING THE DEADLINE TO SUBMIT YOUR BENEFICIAL HOLDER
BALLOT.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") have sent this Ballot to you because our records indicate that you are a holder of an Interest in Class 8 (Preferred Stock Interests) and, accordingly, you have a right to vote to accept or reject the *First Amended Joint Chapter 11 Plan of Silvergate Capital Corporation and its Affiliated Debtors* [Docket No. 969] (the "Plan").[2] This Beneficial Holder Ballot is to be used

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474). The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement (as defined herein) or the *Order (I) Approving Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing, (II) Establishing Solicitation, Voting and Tabulation Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Establishing Cure Procedures and (VI) Granting Related Relief* (the "Disclosure Statement Order"), as applicable, or as the context otherwise requires.

only for voting by holders of such Interests. Beneficial Holders should use the Beneficial Holder Ballot to cast votes to accept or reject the Plan.

Your rights are described in the Debtors' *Disclosure Statement Pursuant to 11 U.S.C § 1125 with Respect to First Amended Joint Chapter 11 Plan of Silvergate Capital Corporation. and Its Affiliated Debtors* [Docket No. 970] (the "Disclosure Statement"), and the Disclosure Statement Order. The Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice are contained in the Solicitation Package you are receiving with this Beneficial Holder Ballot. If you need to obtain additional solicitation materials, you may contact the Debtors' claims and noticing agent, Stretto, (i) by phone at 1-(855) 316-3507 (toll free in the U.S.), (ii) by email at TeamSilvergate@stretto.com, or (iii) by writing to Stretto, Inc, Re: Silvergate Capital Corporation, Inc., *et al.,* 410 Exchange, Suite 100, Irvine, CA 92602. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

The Bankruptcy Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. This Beneficial Holder Ballot may not be used for any purpose other than to vote to accept or reject the Plan. If you believe you have received this Beneficial Holder Ballot in error, please contact Stretto at the address or telephone number set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Beneficial Holder Ballot and return it to the bank, broker, or financial institution that holds your Preferred Stock Interests "in street name" on your behalf (your "Nominee") with sufficient time for your Nominee to include your vote on a Master Ballot that your Nominee can return to Stretto, so that Stretto actually receives the Master Ballot on or before the Voting Deadline, which is **4:00 p.m. (Prevailing Eastern Time) on October 15, 2025.**

*You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Interest. Your Interest has been placed in Class 8 under the Plan.*

## Item 1. Treatment of Your Class 8 (Preferred Stock Interest) Interest.

Subject to the terms and conditions of the Plan, you will receive the following treatment on account of your Interest in Class 8 (Preferred Stock Interest) if the Plan is consummated:

Except to the extent that a Holder of an Allowed Preferred Stock Interest agrees to less favorable treatment, in full and final satisfaction, settlement, and release of, and in exchange for its Allowed Preferred Stock Interest each such Holder thereof shall receive on the Effective Date (a) such Holder's Pro Rata share of First Priority Liquidation Trust Beneficial Interests, and (b) such Holder's Pro Rata share of the Preferred Stock Initial Distributable Amount.

**For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

**Item 2**.  **Amount of Class 8 (Preferred Stock Interest) Interest.**

The undersigned hereby certifies that as of the Voting Record Date, **September 5, 2025**, the undersigned was the holder of a Class 8 (Preferred Stock Interest) Interest in the following Liquidation Preference (if not already inserted, insert amount in box below) for voting:

Amount of Interest[3]:  $_____

**Item 3**.  **Vote on Plan**

The holder of the Class 8 (Preferred Stock Interest) Interest against the Debtors set forth in Item 2 votes to (please check one):

| ACCEPT THE PLAN | REJECT THE PLAN |
|:---:|:---:|
| ☐ | ☐ |

**THE DEBTORS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN**.

**Item 4**.  **Releases**

**A.**     **Opt-Out Election (ONLY APPLICABLE IF YOU VOTE TO <u>ACCEPT</u> THE PLAN).**

**IF YOU VOTE IN FAVOR OF THE PLAN, YOU WILL BE DEEMED TO BE A "RELEASING PARTY" UNDER THE PLAN AND CONSENT TO THE RELEASE OF CLAIMS AGAINST THE "RELEASED PARTIES," INCLUDING CERTAIN THIRD PARTIES, AS SET FORTH IN <u>ARTICLE IX.C</u> OF THE PLAN, IF YOU (I) SUBMIT THIS BALLOT VOTING TO ACCEPT THE PLAN AND (II) DO NOT AFFIRMATIVELY ELECT TO "OPT OUT" OF BEING A RELEASING PARTY BY CHECKING THE BOX BELOW.**

**IF YOU OPT-OUT OF SUCH RELEASES, YOU WILL NOT BE CONSIDERED A "RELEASED PARTY" AND WILL NOT RECEIVE A RELEASE FROM THE DEBTORS OR FROM THE "RELEASING PARTIES". ELECTION TO OPT-OUT IS AT YOUR OPTION AND IN YOUR SOLE DISCRETION.**

**By checking the box below, the undersigned Holder of a Class 8 Preferred Stock Interest:**

---

[3] For voting purposes only.  Subject to tabulation rules.

☐ **ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN <u>ARTICLE IX.C</u> OF THE PLAN.**

**B.** **Opt-In Election (ONLY APPLICABLE IF YOU VOTED TO <u>REJECT</u> THE PLAN OR <u>ABSTAINED</u> FROM VOTING).**

**IF YOU VOTE TO REJECT THE PLAN OR YOU ABSTAIN FROM VOTING ON THE PLAN, YOU WILL NOT BE DEEMED TO BE A "RELEASING PARTY" UNDER THE PLAN AND WILL NOT BE DEEMED TO CONSENT TO THE RELEASE OF CLAIMS AGAINST THE "RELEASED PARTIES," INCLUDING CERTAIN THIRD PARTIES, AS SET FORTH IN <u>ARTICLE IX.C</u> OF THE PLAN, UNLESS YOU ELECT TO OPT IN TO PROVIDING SUCH RELEASES.**

**IF YOU OPT-IN TO THE RELEASES, YOU WILL BE CONSIDERED A "RELEASED PARTY" AND WILL RECEIVE A RELEASE FROM THE DEBTORS AND THE "RELEASING PARTIES". ELECTION TO OPT-OUT IS AT YOUR OPTION AND IN YOUR SOLE DISCRETION.**

**By checking the box below, the undersigned Holder of a Class 8 Preferred Stock Interest:**

☐ **ELECTS TO OPT IN TO THE RELEASES CONTAINED IN <u>ARTICLE IX.C</u> OF THE PLAN.**

<u>Article IX.C</u> **of the Plan includes a third-party release provision.** <u>Article IX.C</u> **of the Plan provides as follows:**

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party[4] shall be deemed to have conclusively, absolutely,**

---

[4] "***Releasing Party***" means each of the following in their capacity as such: (i) the Released Parties (other than the Debtors, Reorganized Silvergate, the Debtor's Estates, the Liquidation Trustee and the Liquidation Trust Board), (ii) all Holders of Claims or Preferred Stock Interests that vote to accept the Plan and do not opt-out of the third party releases provided for in <u>Article IX.C</u> by checking the box on the Ballot indicating that they opt out of granting such releases in the Plan submitted on or before the Voting Deadline; (iii) all Holders of Claims or Preferred Stock Interests that are entitled to vote on the Plan who either (a) abstain from voting or (b) vote to reject the Plan and, in each case, opt into the third party releases provided for in <u>Article IX.C</u> by checking the box on the Ballot indicating that they opt into granting such releases in the Plan submitted on or before the Voting Deadline, (iv) all Holders of Claims or Interests that are deemed to accept the Plan and opt into the third party releases provided for in <u>Article IX.C</u> by checking the box on the applicable form indicating that they opt into granting such releases in the Plan submitted on or before the Voting Deadline; and (v) with respect to each of the foregoing Entities in clauses (i), (ii), (iii), and (iv), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, managed accounts or funds, management companies, fund advisors, each in its capacity as such; *provided*, *however*, that the Entities identified in part (v) shall be Releasing Parties only to the extent the corresponding Entities in parts (i), (ii), (iii), and (iv) are legally able to bind such Entities in part (v) to the releases

**unconditionally, irrevocably, and forever released, waived, and discharged each Debtor, Reorganized Silvergate, the Liquidation Trustee, the Liquidation Trust Board, the Liquidation Trust and each other Released Party[5] from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (in each case, whether prepetition or postpetition up until the Effective Date), including any derivative Claims asserted or that may be asserted on behalf of the Debtors, their Estates, Reorganized Silvergate, the Liquidation Trustee or the Liquidation Trust that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the issuance, distribution, purchase, sale, or rescission of the purchase or sale of any security or other debt instrument of the Debtors, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, or negotiation of the RSA, the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition up until the Effective Date) related or relating to the foregoing (collectively, the "_Releasing Party Claims_").  Notwithstanding anything to the contrary in the foregoing, and subject to the provisos later in this paragraph, the releases set forth in this Article IX.C of the Plan shall not release (i) any Liquidation Trust Retained Causes of Action or Reorganized Silvergate Retained Causes of Action, (ii) any Released**

---

contained in the Plan under applicable non-bankruptcy law. For the avoidance of doubt, (i) the Securities Plaintiffs' entry into the Securities Litigation Stipulation of Settlement shall not be construed as having deemed the Securities Plaintiffs or any Securities Litigation Class Members as Releasing Parties or having opted into the third party releases provided in Article IX.C; and (ii) the releases granted by the Securities Plaintiffs and Securities Litigation Class Members, in their capacity as such, in the Securities Litigation pursuant to the Securities Litigation Stipulation of Settlement shall be governed by and implemented pursuant to the terms thereof and the Securities Litigation Final Approval Order.

[5]      "_**Released Party**_" means each of the following in their capacity as such: (i) the Debtors and their Professionals; (ii) Reorganized Silvergate; (iii) each of the Debtors' Estates; (iv) the Ad Hoc Preferred Stockholder Group and each of its members, in their capacity as such, (v) the Liquidation Trustee, (vi) the Liquidation Trust Board (vii) the SC Trusts Indenture Trustees; (viii) the Indemnified Individuals; (ix) the Underwriters, and (x) with respect to each of the foregoing Entities in clauses (i) through (viii), their respective current and former officers, directors, employees, attorneys, assigns, assignees, heirs, executors, estates, administrators, entities in which they have a controlling interest, partnerships, partners, members, trustees, trusts, immediate family members, insurers, and reinsurers, each in its capacity as such; _provided that_, notwithstanding anything in the foregoing, any Person or Entity that is entitled to vote on the Plan and (a) votes to accept the Plan and opts out of the releases in the Plan by checking the box on the Ballot indicating that they opt out of granting such releases in the Plan submitted on or before the Voting Deadline or (b) votes to reject the plan or abstains from voting on the Plan and, in each case, does not opt into the releases provided by the Plan by checking the box on the Ballot indicating that they opt into granting such releases in the Plan submitted on or before the Voting Deadline, shall not be a Released Party. Notwithstanding the foregoing any individual or category of persons, entities, or parties listed on the Schedule of Retained Causes of Action shall not be deemed to be a Released Party by virtue of this definition.

Party (other than any Indemnified Individual) from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (iii) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement executed to implement the Plan; provided that for the avoidance of doubt, (x) and in accordance with the terms of the Global Settlement, the Releasing Parties are waiving and releasing all Releasing Party Claims against all Indemnified Individuals; and (y)(i) the Securities Plaintiffs' entry into the Securities Litigation Stipulation of Settlement shall not be construed as having deemed the Securities Plaintiffs or any Securities Litigation Class Members as Releasing Parties or having opted into the third party releases provided in <u>Article IX.C</u> of the Plan; and (ii) the releases granted by the Securities Plaintiffs and Securities Litigation Class Members, in their capacity as such, in the Securities Litigation pursuant to the Securities Litigation Stipulation of Settlement shall be governed by and implemented pursuant to the terms thereof and the Securities Litigation Final Approval Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the releases described in <u>Article IX.C</u> of the Plan by the Debtors, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in <u>Article IX.C</u> of the Plan is: (i) in exchange for the good and valuable consideration provided by the Released Parties, including, without limitation, the Released Parties' contributions to implementing the Plan; (ii) a good-faith settlement and compromise of the Claims released by the Holders of Claims and Interests; (iii) in the best interests of the Debtors and all Holders of Claims and Interests; (iv) fair, equitable, and reasonable; (v) given and made after due notice and opportunity for hearing; (vi) a sound exercise of the Debtors' business judgment; and (vii) a bar to any of the Debtors, their respective Estates, the Liquidation Trustee on behalf of the Liquidation Trust or Reorganized Silvergate, asserting any claim or Cause of Action related thereto, of any kind, against any of the Released Parties or their property.

<u>Item 5</u>. Certification of Class 8 (Preferred Stock Interest) Interests Held in Additional Accounts

By completing and returning this Beneficial Holder Ballot, the Beneficial Holder of the Class 8 (Preferred Stock Interest) Interests identified in Item 2 certifies that (i) this Beneficial Holder Ballot is the only Beneficial Holder Ballot submitted for the Class 8 (Preferred Stock Interest) Interests owned by such Beneficial Holder as indicated in Item 2, except for Class 8 (Preferred Stock Interest) Interests identified in the following table, and (ii) all Beneficial Holder Ballots for Class 8 (Preferred Stock Interest) Interests submitted by the Beneficial Holder indicate the same vote to accept or reject the Plan that the Beneficial Holder has indicated in Item 3 of this Beneficial Holder Ballot (please use additional sheets of paper if necessary). **To be clear, if any Beneficial Holder holds a Class 8 (Preferred Stock Interest) Interest through one or more Nominees, such Beneficial Holder must identify all Class 8 (Preferred Stock Interest)**

**Interests held through its own name and/or each Nominee in the following table, and must indicate the same vote to accept or reject the Plan on all Ballots submitted**.

ONLY COMPLETE ITEM 5 IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF A CLASS 8 (PREFERRED STOCK INTEREST) INTEREST

| Name of Nominee through Which You Hold Other Class 8 (Preferred Stock Interest) Interests Voted[6] | Account Number of Other Class 8 (Preferred Stock Interest) Interests Voted | Amount of Other Class 8 (Preferred Stock Interest) Interests Voted |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**Item 6**. **Certifications**

By signing this Beneficial Holder Ballot, the undersigned certifies that:

1. as of the Voting Record Date, the undersigned is either: (a) the Entity that is the holder of the Class 8 (Preferred Stock Interest) Interests(s) being voted; or (b) the Entity that is an authorized signatory for the Entity that is a Holder of the Class 8 (Preferred Stock Interest) Interests(s) being voted;

2. the Entity has received a copy of the Disclosure Statement, the Plan, the Disclosure Statement Order and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3. the Entity has cast the same vote with respect to all Class 8 (Preferred Stock Interest) Interests;

4. no other Beneficial Holder Ballots with respect to the amount of the Class 8 (Preferred Stock Interest) Interests(s) identified in Item 2 have been cast or, if any

---

[6] Insert your name if the Class 8 (Preferred Stock Interest) Interests are held by you in your own name or, if held in street name through a Nominee, insert the name of your broker or bank.

other Beneficial Holder Ballots have been cast with respect to such Interest(s), then any such Beneficial Holder Ballots dated earlier are hereby revoked;

5.  the Entity acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Entity's Class 8 (Preferred Stock Interest) Interest(s);

6.  the Entity understands and, if accepting the Plan, agrees with the treatment provided for its Interest(s) under the Plan;

7.  the Entity acknowledges and understands that (a) if no holders of Interests eligible to vote in a particular Class vote to accept or reject the Plan, then the Debtors will request at the Confirmation Hearing that the Bankruptcy Court deem the Plan accepted by the holders of such Interests in such Class; and (b) any Class of Interests that does not have a holder of an Allowed Interest or an Interest temporarily allowed by the Bankruptcy Court as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code; and

8.  the Entity acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; *provided*, that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

Name of Holder: _____
(Please print or type)

Signature: _____

Name of Signatory: _____
(If other than holder)[7]

Title: _____

Address: _____

_____

_____

Telephone No.: _____

E-Mail Address: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS BENEFICIAL HOLDER BALLOT AND RETURN IT PROMPTLY TO YOUR NOMINEE BASED <u>ON THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE</u>.**

---

[7] If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing. You may be required to provide additional information or documentation with respect to such relationship.

**INSTRUCTIONS FOR COMPLETING BALLOTS**

1.      The Debtors are soliciting the votes of holders of Preferred Stock Interests with respect to the Plan attached as **Exhibit A** to the Disclosure Statement.  Capitalized terms used in the Beneficial Holder Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

2.      The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3.      To ensure that your vote is counted, you must: (a) complete the Beneficial Holder Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in the Beneficial Holder Ballot; and (c) **sign and return the Beneficial Holder Ballot to the address set forth on the enclosed pre-addressed envelope or as otherwise instructed by your Nominee, so that this Ballot (if "pre-validated" by your Nominee) or a Master Ballot cast on your behalf is actually received by Stretto by 4:00 p.m. (Prevailing Eastern Time) on October 15, 2025.**  Your completed Pre-Validated Beneficial Holder Ballot or a Master Ballot containing your vote must be received by Stretto on or before the Voting Deadline.

4.      Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Plan.

5.      If you cast more than one Beneficial Holder Ballot voting the same Interest(s) before the Voting Deadline, the last valid Beneficial Holder Ballot received on or before the Voting Deadline shall be deemed to reflect your intent, and thus, supersede any prior Beneficial Holder Ballot.

6.      If you cast a Beneficial Holder Ballot that is properly completed, executed and timely returned to Stretto or your Nominee, but does not indicate either an acceptance or rejection of the Plan, the Beneficial Holder Ballot will not be counted.

7.      If you cast a Beneficial Holder Ballot that is properly completed, executed, and timely returned to Stretto or your Nominee, but indicates both an acceptance and a rejection of the Plan, the Beneficial Holder Ballot will not be counted.

8.      You shall be deemed to have voted the full Liquidation Preference of your Class 8 (Preferred Stock Interest) Interests and shall not be entitled to split your vote.  Any Beneficial Holder Ballot that partially accepts and partially rejects the Plan will not be counted.

9.      If you cast multiple Beneficial Holder Ballots received by your Nominee or Stretto on the same day, but which are voted inconsistently, such Ballots will not be counted.

10. Unless otherwise determined by your Nominee or Stretto, the following Beneficial Holder Ballots shall not be counted:

a) Any Beneficial Holder Ballot received after the Voting Deadline, or such other earlier deadline established by your Nominee, unless (i) an extension of the applicable deadline has been granted by the Debtors or (ii) ordered by the Bankruptcy Court;

b) Any Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the Interests holder;

c) Any Beneficial Holder Ballot cast by a person or entity that does not hold an Interest in Class 8 (Preferred Stock Interest);

d) Any Beneficial Holder Ballot cast by a person who is not entitled to vote, even if such individual holds an Interest in Class 8 (Preferred Stock Interest);

e) Any unsigned Beneficial Holder Ballot;

f) Any Beneficial Holder Ballot which the Bankruptcy Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; and

g) Any Beneficial Holder Ballot transmitted by means not specifically approved herein.

11. If you are signing a Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by your Nominee, Stretto, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, you should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Beneficial Holder Ballot.

12. If you hold Interests through more than one Nominee or through multiple accounts, you should execute a separate Beneficial Holder Ballot for each block of Interests you hold through any Nominee and you must return each such Beneficial Holder Ballot to the appropriate Nominee.

13. The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification.

14. Neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

15. Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

16. The Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Interests should not surrender certificates or instruments representing or evidencing their Interest, and neither the Debtors nor Stretto will accept delivery of any such certificates or instruments surrendered together with a Ballot.

17. This Beneficial Holder Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim or Interest; or (b) an assertion or admission of a Claim or Interest.

18. If you believe you have received the wrong Ballot, you should contact Stretto immediately by (i) calling 1-855-316-3507; or (ii) by email at publicsecurities@stretto.com.

**PLEASE SUBMIT YOUR BENEFICIAL HOLDER BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL HOLDER BALLOT OR THE PROCEDURES YOU SHOULD FOLLOW TO SUBMIT YOUR VOTE, PLEASE CONTACT YOUR NOMINEE.**

**IF YOU HAVE ANY OTHER QUESTIONS, PLEASE CONTACT STRETTO (I) BY PHONE AT 1-(855) 316-3507 (II) BY EMAIL AT TEAMSILVERGATE@STRETTO.COM, OR (III) BY WRITING TO STRETTO, INC, RE: SILVERGATE CAPITAL CORPORATION, INC., *ET AL.,* 410 EXCHANGE, SUITE 100, IRVINE, CA 92602.**

# Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SILVERGATE CAPITAL CORPORATION, *et al.*** | **Case No. 24- 12158 (KBO)** |
| **Debtors. [1]** | **(Jointly Administered)** |

**MASTER BALLOT FOR ACCEPTING OR REJECTING
FIRST AMENDED JOINT CHAPTER 11 PLAN OF SILVERGATE
CAPITAL CORPORATION AND ITS AFFILIATED DEBTORS**

**CLASS 8 (PREFERRED STOCK INTERESTS)**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS
FOR COMPLETING THE MASTER BALLOT CAREFULLY
BEFORE COMPLETING THIS MASTER BALLOT.**

**THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING
AGENT BY OCTOBER 15, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME)
(THE "VOTING DEADLINE").**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") have sent this Master Ballot to you because our records indicate that you are a broker, dealer, commercial bank, trust company or other agent or nominee (each, a "Nominee"),[2] or the proxy holder of a Beneficial Holder[3] of a Class 8 (Preferred Stock Interest) Interest under the *First Amended Joint Chapter 11 Plan of Silvergate Capital Corporation and its Affiliated Debtors* [Docket No. 969] (including all exhibits thereto and as amended, modified or

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474). The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement (as defined herein) or the *Order (I) Approving Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing, (II) Establishing Solicitation, Voting and Tabulation Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Establishing Cure Procedures and (VI) Granting Related Relief* (the "Disclosure Statement Order"), as applicable, or as the context otherwise requires.

[3]  "Beneficial Holder" means a beneficial holder of a Class 8 (Preferred Stock Interest) Interest as of the Voting Record Date.

supplemented from time to time, the "<u>Plan</u>"), as of the Voting Record Date, **September 5, 2025**. Nominees should use the Master Ballot to transmit votes to accept or reject the Plan.

Your rights and the rights of Beneficial Holders are described in the Debtors' *Disclosure Statement Pursuant to 11 U.S.C § 1125 with Respect to First Amended Joint Chapter 11 Plan of Silvergate Capital Corporation. and Its Affiliated Debtors* [Docket No. 970] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "<u>Disclosure Statement</u>") and the Disclosure Statement Order. The Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice contained in the Solicitation Package are included in the packet you are receiving with this Master Ballot. If you need to obtain additional solicitation materials, you may contact the Debtors' claims and noticing agent, Stretto, (i) by phone at 1-(855) 316-3507 (toll free in the U.S.), (ii) by email at TeamSilvergate@stretto.com, or (iii) by writing to Stretto, Inc, Re: Silvergate Capital Corporation, Inc., *et al* 410 Exchange, Suite 100, Irvine, CA 92602. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

The Bankruptcy Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan. If you believe you have received this Master Ballot in error, please contact Stretto at the address or telephone number set forth above.

The Bankruptcy Court may confirm the Plan and thereby bind all holders of Claims and Interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that Stretto actually receives it on or before the Voting Deadline, which is **4:00 p.m. (Prevailing Eastern Time) on October 15, 2025.**

## <u>Item 1</u>. Certification of Authority to Vote.

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):



☐      is a broker, dealer, bank, or other agent or nominee for the Beneficial Holders of the aggregate Liquidation Preference of the Class 8 (Preferred Stock Interest) Interests listed in Item 2 below and is the record holder of such Interests; or

☐      is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate Liquidation Preference of Class 8 (Preferred Stock Interest) Interests listed in Item 2 below; or

☐      has been granted a proxy (an original of which is attached hereto) from a broker, bank, other nominee, or a beneficial owner, that is the registered holder of the aggregate Liquidation Preference of the Class 8 (Preferred Stock

Interest) Interests listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Class 8 (Preferred Stock Interest) Interests described in Item 2 below.

**Item 2.  Class 8 (Preferred Stock Interests) Interests Vote on Plan.**

The undersigned transmits the following votes of Beneficial Holders of Class 8 (Preferred Stock Interest) Interests and certifies that the following Beneficial Holders of Class 8 (Preferred Stock Interest) Interests, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the Voting Record Date and have delivered to the undersigned, as Nominee, Beneficial Holder Ballots casting such votes.

Indicate in the appropriate column below the aggregate amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each holder must vote all such Beneficial Holder's Class 8 (Preferred Stock Interest) Interests to accept or reject the Plan and may not split such vote.  Any Ballot executed by a Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted as a vote on the Plan.  Please use additional sheets of paper if necessary.

| ITEM 2 – VOTE ON CHAPTER 11 PLAN | | | | | |
|---|---|---|---|---|---|
| **Amount Held as of the Voting Record Date** | **Your Customer Account Number for Each Beneficial Holder Voting Class 8 (Preferred Stock Interest) Interests** | **ACCEPT** | **REJECT** | **OPT-OUT ELECTION MADE (check box if yes)** | **OPT-IN ELECTION MADE (check box if yes** |
| $ | | | | ☐ | ☐ |
| $ | | | | ☐ | ☐ |
| $ | | | | ☐ | ☐ |
| $ | | | | ☐ | ☐ |
| $ | | | | ☐ | ☐ |
| $ | | | | ☐ | ☐ |
| $ | | | | ☐ | ☐ |
| | **TOTAL:** | | | | |

**Item 3**. **Certification as to Transcription of Information from Item 5 of the Beneficial Holder Ballots as to Class 8 (Preferred Stock Interest) Interests Voted Through Other Ballots**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 5 of each of the Beneficial Holder's original Beneficial Holder Ballots, identifying any Class 8 (Preferred Stock Interest) Interests for which such Beneficial Holders have submitted other Beneficial Holder Ballots other than to the undersigned.

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 5 of the Beneficial Holder Ballots | TRANSCRIBE FROM ITEM 5 OF THE BENEFICIAL HOLDER BALLOTS: | | |
|---|---|---|---|
| | Name of Holder of Nominee of Class 8 (Preferred Stock Interest) Interests Voted | Account Number of Other Class 8 (Preferred Stock Interest) Interests Voted | Amount of Other Class 8 (Preferred Stock Interest) Interests Voted |
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |

**Item 4**.  **Releases**

**Article IX.C of the Plan includes a third-party release provision.  Article IX.C of the Plan provides as follows:**

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party[4] shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Debtor, Reorganized Silvergate, the Liquidation Trustee, the Liquidation Trust Board, the Liquidation Trust and each other Released Party[5] from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (in each case, whether prepetition or postpetition up until the Effective Date), including any derivative Claims asserted or that may be asserted on behalf of the Debtors, their Estates, Reorganized Silvergate, the Liquidation Trustee or the Liquidation Trust that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively)**

---

[4]  "***Releasing Party***" means each of the following in their capacity as such: (i) the Released Parties (other than the Debtors, Reorganized Silvergate, the Debtor's Estates, the Liquidation Trustee and the Liquidation Trust Board), (ii) all Holders of Claims or Preferred Stock Interests that vote to accept the Plan and do not opt-out of the third party releases provided for in Article IX.C by checking the box on the Ballot indicating that they opt out of granting such releases in the Plan submitted on or before the Voting Deadline; (iii) all Holders of Claims or Preferred Stock Interests that are entitled to vote on the Plan who either (a) abstain from voting or (b) vote to reject the Plan and, in each case, opt into the third party releases provided for in Article IX.C by checking the box on the Ballot indicating that they opt into granting such releases in the Plan submitted on or before the Voting Deadline, (iv) all Holders of Claims or Interests that are deemed to accept the Plan and opt into the third party releases provided for in Article IX.C by checking the box on the applicable form indicating that they opt into granting such releases in the Plan submitted on or before the Voting Deadline; and (v) with respect to each of the foregoing Entities in clauses (i), (ii), (iii), and (iv), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, managed accounts or funds, management companies, fund advisors, each in its capacity as such; *provided*, *however*, that the Entities identified in part (v) shall be Releasing Parties only to the extent the corresponding Entities in parts (i), (ii), (iii), and (iv) are legally able to bind such Entities in part (v) to the releases contained in the Plan under applicable non-bankruptcy law. For the avoidance of doubt, (i) the Securities Plaintiffs' entry into the Securities Litigation Stipulation of Settlement shall not be construed as having deemed the Securities Plaintiffs or any Securities Litigation Class Members as Releasing Parties or having opted into the third party releases provided in Article IX.C; and (ii) the releases granted by the Securities Plaintiffs and Securities Litigation Class Members, in their capacity as such, in the Securities Litigation pursuant to the Securities Litigation Stipulation of Settlement shall be governed by and implemented pursuant to the terms thereof and the Securities Litigation Final Approval Order.

[5]  "***Released Party***" means each of the following in their capacity as such: (i) the Debtors and their Professionals; (ii) Reorganized Silvergate; (iii) each of the Debtors' Estates; (iv) the Ad Hoc Preferred Stockholder Group and each of its members, in their capacity as such, (v) the Liquidation Trustee, (vi) the Liquidation Trust Board (vii) the SC Trusts Indenture Trustees; (viii) the Indemnified Individuals; (ix) the Underwriters, and (x) with respect to each of the foregoing Entities in clauses (i) through (viii), their respective current and former officers, directors, employees, attorneys, assigns, assignees, heirs, executors, estates, administrators, entities in which they have a controlling interest, partnerships, partners, members, trustees, trusts, immediate family members, insurers, and reinsurers, each in its capacity as such; *provided that*, notwithstanding anything in the foregoing, any Person or Entity that is entitled to vote on the Plan and (a) votes to accept the Plan and opts out of the releases in the Plan by checking the box on the Ballot indicating that they opt out of granting such releases in the Plan submitted on or before the Voting Deadline or (b) votes to reject the plan or abstains from voting on the Plan and, in each case, does not opt into the releases provided by the Plan by checking the box on the Ballot indicating that they opt into granting such releases in the Plan submitted on or before the Voting Deadline, shall not be a Released Party. Notwithstanding the foregoing any individual or category of persons, entities, or parties listed on the Schedule of Retained Causes of Action shall not be deemed to be a Released Party by virtue of this definition.

or on behalf of the Holder of any Claim or Interest, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the issuance, distribution, purchase, sale, or rescission of the purchase or sale of any security or other debt instrument of the Debtors, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, or negotiation of the RSA, the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition up until the Effective Date) related or relating to the foregoing (collectively, the "Releasing Party Claims"). Notwithstanding anything to the contrary in the foregoing, and subject to the provisos later in this paragraph, the releases set forth in this Article IX.C of the Plan shall not release (i) any Liquidation Trust Retained Causes of Action or Reorganized Silvergate Retained Causes of Action, (ii) any Released Party (other than any Indemnified Individual) from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (iii) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement executed to implement the Plan; provided that for the avoidance of doubt, (x) and in accordance with the terms of the Global Settlement, the Releasing Parties are waiving and releasing all Releasing Party Claims against all Indemnified Individuals; and (y)(i) the Securities Plaintiffs' entry into the Securities Litigation Stipulation of Settlement shall not be construed as having deemed the Securities Plaintiffs or any Securities Litigation Class Members as Releasing Parties or having opted into the third party releases provided in Article IX.C of the Plan; and (ii) the releases granted by the Securities Plaintiffs and Securities Litigation Class Members, in their capacity as such, in the Securities Litigation pursuant to the Securities Litigation Stipulation of Settlement shall be governed by and implemented pursuant to the terms thereof and the Securities Litigation Final Approval Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the releases described in Article IX.C of the Plan by the Debtors, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article IX.C of the Plan is: (i) in exchange for the good and valuable consideration provided by the Released Parties, including, without limitation, the Released Parties' contributions to implementing the Plan; (ii) a good-faith settlement and compromise of the Claims released by the Holders of Claims and Interests; (iii) in the best interests of the Debtors and all Holders of Claims and Interests; (iv) fair, equitable, and reasonable; (v) given and made after due notice and opportunity for hearing; (vi) a sound exercise of the Debtors' business judgment; and (vii) a bar to any of the Debtors, their respective Estates, the Liquidation Trustee on behalf of the Liquidation Trust or Reorganized Silvergate, asserting any claim or Cause of Action related thereto, of any kind, against any of the Released Parties or their property.

**Item 5**.  **Certifications**

By signing this Master Ballot, the undersigned certifies that:

1.  it has received a copy of the Disclosure Statement, the Beneficial Holder Ballots and the Solicitation Packages and has delivered the same to the Beneficial Holders for which it serves as a Nominee;

2.  it has received a completed and signed Beneficial Holder Ballot from each Beneficial Holder listed in Item 2 of this Master Ballot;

3.  it is the registered holder of the securities being voted;

4.  it has been authorized by each such Beneficial Holder to vote on the Plan;

5.  it has properly disclosed: (i) the number of Beneficial Holders who completed Beneficial Holder Ballots; (ii) the respective amounts of the Class 8 (Preferred Stock Interest) Interests voted, as the case may be, by each Beneficial Holder who completed a Beneficial Holder Ballot; (iii) each such Beneficial Holder's respective vote concerning the Plan; (iv) each such Beneficial Holder's certification as to other Class 8 (Preferred Stock Interest) Interests voted; and (v) the customer account or other identification number for each such Beneficial Holder;

6.  each such Beneficial Holder has certified to the undersigned that it is eligible to vote on the Plan; and it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one (1) year after the Effective Date and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered;

7.  it acknowledges and understands that (i) if no holders of Interests eligible to vote in Class 8 (Preferred Stock Interests) vote to accept or reject the Plan, then the Debtors will request at the Confirmation Hearing that the Bankruptcy Court deem the Plan accepted by the Holders of such Interests in such class; and (ii) if Class 8 (Preferred Stock Interests) does not have a holder of an Allowed Interest or an Interest temporarily allowed by the Bankruptcy Court as of the date of the Confirmation Hearing, Class 8 shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such class pursuant to Section 1129(a)(8) of the Bankruptcy Code; and

8.  it acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; *provided*, *that* the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

CUSIP No.: 82837P507

Name of Nominee: _____

(Please print or type)

Name of Proxy Holder or Agent for Nominee:

_____

(Please print or type)

DTC Participant Number:

_____

Signature: _____

Name of Signatory: _____

(Please print or type)

Title: _____

Address: _____

_____

_____

Date Completed: _____

## <ins>PLEASE COMPLETE, SIGN, AND DATE THIS</ins><br><ins>MASTER BALLOT AND RETURN IT PROMPTLY TO:</ins>

| <ins>Via First Class Mail:</ins><br><br>Silvergate Voting<br>c/o Stretto<br>410 Exchange, Suite 100,<br>Irvine, CA 92602 |
| :---: |
| <ins>Via Overnight Courier or Hand Delivery:</ins><br><br>Silvergate Voting<br>c/o Stretto<br>410 Exchange, Suite 100,<br>Irvine, CA 92602 |
| <ins>If by Email (Preferred Method):</ins><br><br>publicsecurities@stretto.com |

YOUR MASTER BALLOT MUST BE RECEIVED BY THE VOTING DEADLINE, WHICH IS **4:00 P.M. PREVAILING EASTERN TIME ON OCTOBER 15, 2025 (UNLESS EXTENDED BY THE DEBTORS), TO BE COUNTED.**

## INSTRUCTIONS FOR COMPLETING BALLOTS

1. The Debtors are soliciting the votes of holders of Interests with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Master Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

2. The Bankruptcy Court may confirm the Plan and thereby bind you and the Beneficial Holders by the terms of the Plan. Please review the Disclosure Statement for more information.

3. You should immediately distribute and in no event later than five (5) business days of receipt, the Beneficial Holder Ballots and the Solicitation Packages to all Beneficial Holders of Interests for whom you serve as a Nominee and take any action required to enable each such Beneficial Holder to timely vote the Interests that it holds. If your customary practice is to forward the solicitation information to Beneficial Holders by e-mail, telephone, or other customary means of communication, you are authorized to employ that method of communication in lieu of sending the paper Beneficial Holder Ballot and/or Solicitation Package. Any Beneficial Holder Ballot returned to you by a Beneficial Holder of an Interest shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to Stretto, a Master Ballot that reflects the vote of such Beneficial Holders by **4:00 p.m. (Prevailing Eastern Time) on October 15, 2025** or otherwise validate the Beneficial Holder Ballot in a manner acceptable to Stretto. If your customary practice is to collect votes from your Beneficial Holder clients by voter information form, e-mail, telephone, or other accepted methods of communication, you are authorized to collect the votes in that manner.

   If you are transmitting the votes of any beneficial owners of Interests in the Voting Class, you may either:

   (a) "Pre-validate" the individual Beneficial Holder Ballots contained in the Solicitation Packages and then forward the Solicitation Packages to the Beneficial Holders of the Class 8 (Preferred Stock Interest) Interests for voting within five (5) Business Days after your receipt of the Solicitation Packages, with the Beneficial Holders then returning their individual Beneficial Holder Ballots directly to Stretto in the return envelopes to be provided in the Solicitation Packages. You may "pre-validate" Beneficial Holder Ballots by signing the Ballots and including your DTC participant name and DTC participant number; indicating the account number of the Beneficial Holders and the amount of the Class 8 (Preferred Stock Interest) Interests you hold for such Beneficial Holders, applying a medallion guarantee stamp to the Ballot to certify the amount of the Class 8 (Preferred Stock Interest) Interests owned by the Beneficial Holders as of the Voting Record Date and then

forwarding the Ballots together with the Solicitation Packages to the Beneficial Holders. The Beneficial Holders then complete the information requested on the Ballots and return the Ballots directly to Stretto. A list of the Beneficial Holders to whom "pre-validated" Ballots were delivered should be maintained by you for inspection for at least one year from the Effective Date; or

(b)      Within five (5) Business Days after your receipt of the Solicitation Packages, forward the Solicitation Packages to the Beneficial Holders of the Class 8 (Preferred Stock Interest) Interests for whom you serve as Nominee for voting (along with a return envelope provided by and addressed to you as their Nominee), with the beneficial owners then returning the individual Beneficial Holder Ballots to you. In such case, you will tabulate the votes of your respective Beneficial Holders on the Master Ballot, and then return the Master Ballot to Stretto. You should advise the Beneficial Holders to return their individual Beneficial Holder Ballots to you by a date calculated to allow you to prepare and return the Master Ballot to Stretto so that the Master Ballot is actually received by Stretto on or before the Voting Deadline.

4.      With regard to any votes returned to you by a Beneficial Holder (whether through Beneficial Holder Ballot or otherwise), you must compile and validate the votes, execute the Master Ballot, and deliver the Master Ballot to Stretto so that it is RECEIVED by Stretto on or before the Voting Deadline. All Beneficial Holder Ballots (or customary communications for transmitting votes) returned by Beneficial Holders should either be forwarded to Stretto (along with the Master Ballot) or retained for inspection for at least one (1) year from the Voting Deadline.

5.      Votes that you cast will be applied to the applicable positions you hold, as of the Voting Record Date. Votes submitted pursuant to a Master Ballot will not be counted in excess of the amount of Interests you hold as of the Voting Record Date.

6.      If you submit conflicting votes or "over-votes" pursuant to a Master Ballot, the Debtors will use reasonable efforts to reconcile the discrepancies. If over-votes on a Master Ballot are not reconciled prior to the preparation of the Voting Certification, the Debtors shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot that contained the over-vote, but only to the extent of your position in Class 8 (Preferred Stock Interest) Interests.

7.      For purposes of tabulating votes, you or a Beneficial Holder will be deemed to have voted the Liquidation Preference of your or its Interests in Class 8 (Preferred Stock Interest).

8.      You may complete and deliver to Stretto multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the latest received valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior received Master Ballot. Likewise, if a Beneficial Holder submits to you more than one Beneficial Holder Ballot, (i) the latest received Beneficial Holder Ballot received before the submission deadline that you impose

shall be deemed to supersede any prior Beneficial Holder Ballot submitted by the Beneficial Holder; and (ii) you should complete the Master Ballot accordingly.

9.    The following Beneficial Holder Ballots and Master Ballots shall not be counted:

a)    Any Beneficial Holder Ballot received after the Voting Deadline or such other earlier deadline established by you, or any Master Ballot received after the Voting Deadline, unless (i) an extension of the applicable deadline has been granted by the Debtors or (ii) ordered by the Bankruptcy Court;

b)    Any Beneficial Holder Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Interest holder;

c)    Any Master Ballot cast by a person or entity that does not hold or serve as a Nominee for an Interest in Class 8 (Preferred Stock Interest);

d)    Any Beneficial Holder Ballot or Master Ballot cast by a person who is not entitled to vote, even if such individual holds an Interest in Class 8 (Preferred Stock Interest);

e)    Any unsigned Beneficial Holder Ballot or Master Ballot;

f)    Any Beneficial Holder Ballot or Master Ballot which the Bankruptcy Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; and

g)    Any Beneficial Holder Ballot or Master Ballot transmitted by means not specifically approved herein.

10.    Please be sure to sign and date your Master Ballot. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by Stretto, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

11.    If you are both the Nominee and the Beneficial Holder of any of the Class 8 (Preferred Stock Interest) Interests and you wish to vote such Interests, you may return a Beneficial Holder Ballot or Master Ballot for such Interests.

12.    The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification.

13.    Neither the Debtors, nor any other entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the

Voting Certification, nor will any of them incur any liability for failure to provide such notification.

14. Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

15. The Debtors will, upon written request, reimburse you for customary mailing and handling expenses you incur in forwarding the Solicitation Packages and Beneficial Holder Ballots to the Beneficial Holders for which you are the Nominee. No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes from Beneficial Holders with respect to the Plan.

16. This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Holder Ballots. Accordingly, at this time, holders of Class 8 (Preferred Stock Interest) Interests should not surrender certificates or instruments representing their Interests and you should not accept delivery of any such certificates or instruments surrendered together with a Ballot.

17. This Master Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission of a Claim or Interest.

18. If you believe you have received the wrong Ballot, you should contact Stretto immediately by (i) calling 1-855-316-3507; or (ii) by email at publicsecurities@stretto.com.

**PLEASE SUBMIT YOUR MASTER BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT STRETTO, (I) BY CALLING 1-(855) 316-3507 (TOLL FREE IN THE U.S.) OR (II) BY EMAIL AT PUBLICSECURITIES@STRETTO.COM.**

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER ENTITY THE AGENT OF THE DEBTORS OR THE VOTING AGENT OR AUTHORIZE YOU OR ANY OTHER ENTITY TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF THE DEBTORS WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DOCUMENTS ENCLOSED HEREWITH.**

# Exhibit C



To Banks, Brokers, Intermediaries, and Nominees:

*Re: Case Number: 24-12158 (KBO) – Silvergate Capital Corporation, et al., Chapter 11 Bankruptcy*

**_CUSIP Nos. 82837P507_**

On September 5, 2025, the United States Bankruptcy Court for the District of Delaware entered the Order as Docket No. 966. Pursuant to the Order, Stretto, the Claims and Noticing agent for Silvergate Capital Corporation, et al. (the "Debtors"), must cause to serve the materials listed below in Exhibit A (together, the "Solicitation Package") upon nominees that hold the below-referenced CUSIP Numbers in "street name" for the beneficial holders thereof. You are receiving the Solicitation Package because your institution was identified by Depository Trust Company ("DTC") on the Security Position Reports as of September 5, 2025 (the "Record Date").

| CUSIP Nos. | Record Date |
|---|---|
| 82837P507 / US82837P5070 | September 5, 2025 |

Stretto will provide the appropriate number of sets of the Solicitation Package to Broadridge and Mediant/BetaNXT as requested. The following referenced job numbers pertain to the jobs established at Broadridge and Mediant/BetaNXT. If you do not utilize Broadridge or Mediant/BetaNXT, please serve the provided Solicitation Package to the record date beneficial holders in your books and records as applicable.

| Broadridge Job No. | Mediant/BetaNXT Job No. |
|---|---|
| Y21624 | 2950848 |

If you are not the correct individual or department to research and disburse the requested information, please forward to the proper individual at your firm.

## Exhibit A

- (**USB DRIVE**) CONTAINING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF SILVERGATE CAPITAL CORPORATION AND ITS AFFILIATED DEBTORS and DISCLOSURE STATEMENT PURSUANT TO 11 U.S.C. § 1125 WITH RESPECT TO FIRST AMENDED JOINT CHAPTER 11 PLAN OF SILVERGATE CAPITAL CORPORATION AND ITS AFFILIATED DEBTORS

- NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF VOTING RECORD DATE, (III) HEARING ON CONFIRMATION OF THE PROPOSED PLAN, (IV) PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PROPOSED PLAN, AND (V) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN

- ORDER APPROVING (I) DISCLOSURE STATEMENT AND FORM AND MANNER OF NOTICE OF DISCLOSURE STATEMENT HEARING, (II) ESTABLISHING SOLICITATION, VOTING AND TABULATION PROCEDURES, (III) SCHEDULING CONFIRMATION HEARING, (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF PLAN, (V) ESTABLISHING CURE PROCEDURES; AND (VI) GRANTING RELATED RELIEF

- CLASS 8 PREFERRED STOCK BENEFICIAL BALLOT & VOTING INSTRUCTIONS

- CLASS 8 PREFERRED STOCK MASTER BALLOT & VOTING INSTRUCTIONS

- RETURN ENVELOPE

# Exhibit D

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **SILVERGATE CAPITAL CORPORATION,** *et al.* | **Case No. 24- 12158 (KBO)** |
| **Debtors.** [1] | **(Jointly Administered)** |
|  | **Re: Docket Nos. 966, 969 & 970** |

**NOTICE OF UNIMPAIRED NON-VOTING STATUS
(CLASS 9 (COMMON STOCK INTERESTS))**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On September 5, 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Order") approving the *Disclosure Statement Pursuant to 11 U.S.C § 1125 with Respect to First Amended Joint Chapter 11 Plan of Silvergate Capital Corporation. and Its Affiliated Debtors* [Docket No. 970] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement"). The Order authorizes the Debtors to solicit votes to accept or reject the *First Amended Joint Chapter 11 Plan of Silvergate Capital Corporation and Its Debtor Affiliates* [Docket No. 969] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan").[2] You can find information about the Debtors' confirmation hearing in the enclosed notice of the Confirmation Hearing.

**UNDER THE TERMS OF THE PLAN, YOUR INTEREST(S) IN THE DEBTORS ARE NOT IMPAIRED, AND THEREFORE, PURSUANT TO SECTION 1126(F) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (A) CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN AND (B) NOT ENTITLED TO VOTE ON THE PLAN. IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR INTEREST(S), OR YOU WANT TO REQUEST A COPY OF THE ORDER, THE PLAN AND THE DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE DEBTORS' CLAIMS AND NOTICING AGENT, STRETTO, INC. ("STRETTO") (I) BY PHONE AT (855) 316-3507, (II) BY EMAIL AT TEAMSILVERGATE@STRETTO.COM, OR (III) BY WRITING TO SILVERGATE CLAIMS PROCESSING CENTER, C/O STRETTO, 410 EXCHANGE, SUITE 100, IRVINE, CA 92602. COPIES OF THE PLAN AND DISCLOSURE STATEMENT CAN**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474). The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

[2] All capitalized terms used but otherwise not defined herein shall have the meaning set forth in the Plan.

ALSO BE ACCESSED ONLINE AT HTTPS://CASES.STRETTO.COM/SILVERGATE. PLEASE BE ADVISED THAT STRETTO CANNOT PROVIDE LEGAL ADVICE.

PLEASE BE ADVISED THAT BECAUSE YOUR INTEREST IS UNIMPAIRED UNDER THE PLAN, YOU WILL NOT BE DEEMED TO HAVE GRANTED THE RELEASES CONTAINED IN <u>ARTICLE IX.C</u> OF THE PLAN UNLESS YOU <u>OPT INTO</u> SUCH RELEASES IN ACCORDANCE WITH THE OPT IN ELECTION FORM, WHICH IS ATTACHED HERETO AS <u>ANNEX A</u>.

IN ORDER FOR YOUR ELECTION FORM TO BE ACKNOWLEDGED, YOU MUST COMPLETE, SIGN AND RETURN YOUR ELECTION FORM SO THAT IT IS ACTUALLY RECEIVED BY THE DEBTORS' CLAIMS AND NOTICING AGENT, STRETTO, BY NO LATER THAN OCTOBER 15, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME).

PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

| | |
|---|---|
| Dated: September 5, 2025<br>Wilmington, Delaware | Respectfully Submitted, |

**RICHARDS, LAYTON & FINGER, P.A.**

*/s/ David T. Queroli*

Paul N. Heath (No. 3704)
Michael J. Merchant (No. 3854)
David T. Queroli (No. 6318)
Emily R. Mathews (No. 6866)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: heath@rlf.com
merchant@rlf.com
queroli@rlf.com
mathews@rlf.com

-and-

**CRAVATH, SWAINE & MOORE LLP**

George E. Zobitz (admitted *pro hac vice*)
Paul H. Zumbro (admitted *pro hac vice*)
Two Manhattan West
375 Ninth Avenue

2

New York, NY 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Email: jzobitz@cravath.com
        pzumbro@cravath.com

*Co-Counsel for Debtors and Debtors
in Possession*

3

# ANNEX A

## Opt-In Election Form

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SILVERGATE CAPITAL CORPORATION,** *et al.* | **Case No. 24- 12158 (KBO)** |
| | **(Jointly Administered)** |
| **Debtors.** [1] | **Re: Docket No. 966, 969 & 970** |

**OPT IN ELECTION FORM FOR HOLDERS OF NON-VOTING
<u>UNIMPAIRED INTERESTS (CLASS 9 (COMMON STOCK INTERESTS))</u>**

**PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING
THIS OPT IN ELECTION FORM <u>BEFORE</u> COMPLETING THIS OPT IN ELECTION
FORM.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") are soliciting elections with respect to the third-party releases contained in Article IX.C of the proposed *First Amended Joint Chapter 11 Plan of Silvergate Capital Corporation and Its Debtor Affiliates* [Docket No. 969] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "<u>Plan</u>")[2] as described in the *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to First Amended Joint Chapter 11 Plan of Silvergate Capital Corporation and Its Debtor Affiliates* [Docket No. 970] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "<u>Disclosure Statement</u>").

You are receiving this Opt In Election Form because, despite your non-voting status, Holders of Interests in Class 9 (Common Stock Interests) are entitled to opt into the third-party releases contained in <u>Article IX.C</u> of the Plan.

**To opt into the third-party releases, you must complete, sign and return this Opt In Election Form to Silvergate Claims Processing Center, c/o Stretto, Inc, 410 Exchange, Suite 100, Irvine, CA 92602, so that it is received no later than October 15, 2025 at 4:00 p.m. (Prevailing Eastern Time). Election Opt In Forms must be delivered to the Claims and Noticing Agent either (a) at the address listed in the preceding sentence or (b) via the Claims and Noticing Agent's e-platform by visiting the Claims and Noticing Agent's website, https//cases.stretto.com/Silvergate/, clicking on the "Election Opt In Form" link and**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474). The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**following the directions to submit your electronic Election Opt In Form. Holders are encouraged to submit their Election Opt In Forms via the e-platform. If you choose to submit your Election Opt In Form via the e-platform you SHOULD NOT mail your hard copy Election Opt In Form as well. Please choose only one form of return for your Election Opt In Form. You do not need to submit this Election Opt In Form if you do not wish to opt into the third-party releases contained in <u>Article IX.C</u> of the Plan.**

This Opt In Election Form may not be used for any purpose other than for electing to opt into the third-party releases in <u>Article IX.C</u> of the Plan. **If you believe you have received this Opt In Election Form in error please contact Stretto <u>immediately</u> (i) by phone at (855) 316-3507, (ii) by email at teamsilvergate@stretto.com, or (iii) by writing, to Silvergate Claims Processing Center, c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602.**

<div style="border:1px solid">

**IMPORTANT**

You should carefully review the Disclosure Statement and the Plan before you submit this Opt In Election Form. You may wish to seek legal advice concerning the Plan and the Plan's third-party release. Your Interest has been placed in Class 9 (Common Stock Interests) under the Plan.

If your Opt In Election Form is not received by the Debtors' Claims and Noticing Agent, Stretto, Inc., on or before the Opt In Election Deadline set forth below and such deadline is not extended, you will not be deemed to grant the third-party release contained in <u>Article IX.C</u> of the Plan.

OPT IN ELECTION DEADLINE: **<u>OCTOBER 15, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME)</u>.**

Opt In Election Forms will not be accepted by facsimile transmission, electronic mail or other electronic means of transmission (except via the Debtors' Claims and Noticing Agent's e-platform).

You do not need to submit this Opt In Election Form if you do not wish to opt into the third-party releases in <u>Article IX.C</u> of the Plan.

</div>

RLF1 33027977v.7

<u>**NOTICE REGARDING THIRD PARTY RELEASE IN THE PLAN**</u>

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE PROVISIONS, INCLUDING:

<u>**Article IX.C of the Plan contains the following third-party release:**</u>

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party[3] shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Debtor, Reorganized Silvergate, the Liquidation Trustee, the Liquidation Trust Board, the Liquidation Trust and each other Released Party[4] from any and all Claims, obligations,**

---

[3]   "***Releasing Party***" means each of the following in their capacity as such: (i) the Released Parties (other than the Debtors, Reorganized Silvergate, the Debtor's Estates, the Liquidation Trustee and the Liquidation Trust Board), (ii) all Holders of Claims or Preferred Stock Interests that vote to accept the Plan and do not opt-out of the third party releases provided for in Article IX.C by checking the box on the Ballot indicating that they opt out of granting such releases in the Plan submitted on or before the Voting Deadline; (iii) all Holders of Claims or Preferred Stock Interests that are entitled to vote on the Plan who either (a) abstain from voting or (b) vote to reject the Plan and, in each case, opt into the third party releases provided for in Article IX.C by checking the box on the Ballot indicating that they opt into granting such releases in the Plan submitted on or before the Voting Deadline, (iv) all Holders of Claims or Interests that are deemed to accept the Plan and opt into the third party releases provided for in Article IX.C by checking the box on the applicable form indicating that they opt into granting such releases in the Plan submitted on or before the Voting Deadline; and (v) with respect to each of the foregoing Entities in clauses (i), (ii), (iii), and (iv), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, managed accounts or funds, management companies, fund advisors, each in its capacity as such; *provided*, *however*, that the Entities identified in part (v) shall be Releasing Parties only to the extent the corresponding Entities in parts (i), (ii), (iii), and (iv) are legally able to bind such Entities in part (v) to the releases contained in the Plan under applicable non-bankruptcy law. For the avoidance of doubt, (i) the Securities Plaintiffs' entry into the Securities Litigation Stipulation of Settlement shall not be construed as having deemed the Securities Plaintiffs or any Securities Litigation Class Members as Releasing Parties or having opted into the third party releases provided in Article IX.C; and (ii) the releases granted by the Securities Plaintiffs and Securities Litigation Class Members, in their capacity as such, in the Securities Litigation pursuant to the Securities Litigation Stipulation of Settlement shall be governed by and implemented pursuant to the terms thereof and the Securities Litigation Final Approval Order.

[4]   "***Released Party***" means each of the following in their capacity as such: (i) the Debtors and their Professionals; (ii) Reorganized Silvergate; (iii) each of the Debtors' Estates; (iv) the Ad Hoc Preferred Stockholder Group and each of its members, in their capacity as such, (v) the Liquidation Trustee, (vi) the Liquidation Trust Board (vii) the SC Trusts Indenture Trustees; (viii) the Indemnified Individuals; (ix) the Underwriters, and (x) with respect to each of the foregoing Entities in clauses (i) through (viii), their respective current and former officers, directors, employees, attorneys, assigns, assignees, heirs, executors, estates, administrators, entities in which they have a controlling interest, partnerships, partners, members, trustees, trusts, immediate family members, insurers, and reinsurers, each in its capacity as such; *provided that*, notwithstanding anything in the foregoing, any Person or Entity that is entitled to vote on the Plan and (a) votes to accept the Plan and opts out of the releases in the Plan by checking the box on the Ballot indicating that they opt out of granting such releases in the Plan submitted on or before the Voting Deadline or (b) votes to reject the plan or abstains from voting on the Plan and, in each case, does not opt into the releases provided by the Plan by checking the box on the Ballot indicating that they opt into granting such releases in the Plan submitted on or before the Voting Deadline, shall not be a Released Party. Notwithstanding the foregoing any individual or category of persons, entities, or parties listed

RLF1 33027977v.7

rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (in each case, whether prepetition or postpetition up until the Effective Date), including any derivative Claims asserted or that may be asserted on behalf of the Debtors, their Estates, Reorganized Silvergate, the Liquidation Trustee or the Liquidation Trust that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the issuance, distribution, purchase, sale, or rescission of the purchase or sale of any security or other debt instrument of the Debtors, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, or negotiation of the RSA, the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition up until the Effective Date) related or relating to the foregoing (collectively, the "Releasing Party Claims").  Notwithstanding anything to the contrary in the foregoing, and subject to the provisos later in this paragraph, the releases set forth in this Article IX.C of the Plan shall not release (i) any Liquidation Trust Retained Causes of Action or Reorganized Silvergate Retained Causes of Action, (ii) any Released Party (other than any Indemnified Individual) from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (iii) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement executed to implement the Plan; provided that for the avoidance of doubt, (x) and in accordance with the terms of the Global Settlement, the Releasing Parties are waiving and releasing all Releasing Party Claims against all Indemnified Individuals; and (y)(i) the Securities Plaintiffs' entry into the Securities Litigation Stipulation of Settlement shall not be construed as having deemed the Securities Plaintiffs or any Securities Litigation Class Members as Releasing Parties or having opted into the third party releases provided in Article IX.C of the Plan; and (ii) the releases granted by the Securities Plaintiffs and Securities Litigation Class Members, in their capacity as such, in the Securities Litigation pursuant to the Securities Litigation Stipulation of Settlement shall be governed by and implemented pursuant to the terms thereof and the Securities Litigation Final Approval Order.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the releases described in Article IX.C of the Plan by the Debtors, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article IX.C of the Plan is: (i) in exchange for the good and valuable consideration provided by the Released Parties, including, without limitation, the Released Parties' contributions to implementing**

---

on the Schedule of Retained Causes of Action shall not be deemed to be a Released Party by virtue of this definition.

**the Plan; (ii) a good-faith settlement and compromise of the Claims released by the Holders of Claims and Interests; (iii) in the best interests of the Debtors and all Holders of Claims and Interests; (iv) fair, equitable, and reasonable; (v) given and made after due notice and opportunity for hearing; (vi) a sound exercise of the Debtors' business judgment; and (vii) a bar to any of the Debtors, their respective Estates, the Liquidation Trustee on behalf of the Liquidation Trust or Reorganized Silvergate, asserting any claim or Cause of Action related thereto, of any kind, against any of the Released Parties or their property.**

## ITEM 1. VOLUNTARY THIRD-PARTY RELEASE.

The undersigned Holder of Common Stock Interest(s) elects to:

☐ **OPT IN** to the voluntary third-party release in Article IX.C of the Plan

Number of Shares: _____

## ITEM 2. CERTIFICATIONS.

By signing this Opt In Election Form, the undersigned entity certifies to the Court and the Debtors that:

(A)  The entity is either (i) the Holder of Interest(s) in Class 9 (Common Stock Interests) or (ii) an authorized signatory for an entity that is the Holder of Interest(s) in Class 9 (Common Stock Interests).

(B) the entity acknowledges that the entity is opting into the third-party releases in Article IX.C of the Plan.

[SIGNATURE PAGE FOLLOWS]

6

Name of Holder: _____

<p style="text-align:center">(Print or type)</p>

Signature: _____

Name of Signatory: _____

<p style="text-align:center">(If other than holder)</p>

Title: _____

Address: _____

_____

Phone Number: _____

<p style="text-align:center">(optional)</p>

Email (optional): _____

Date Completed: _____

**IF YOU HAVE MADE THE OPTIONAL OPT IN ELECTION, PLEASE COMPLETE, SIGN AND DATE THIS OPT IN ELECTION FORM AND RETURN IT PROMPTLY BY ONLY ONE OF THE METHODS BELOW:**

If in the envelope provided, or by first-class mail, overnight courier, or hand delivery, to:

**SILVERGATE CLAIMS PROCESSING CENTER
C/O STRETTO
410 EXCHANGE, SUITE 100
IRVINE, CA 92602**

To arrange hand delivery of your Opt In Election Form, please email teamsilvergate@stretto.com (with "Silvergate Opt In Election Form Delivery" in the subject line) at least 24 hours prior to arrival at the address above and provide the anticipated date and time of delivery.

RLF1 33027977v.7

By electronic, online submission:

Please visit https://forms.stretto.com/Silvergate/Class9OptIn, click the "Submit Opt In Election Form" section of the website of the Debtors' Claims and Noticing Agent and follow the directions to submit your electronic Opt In Election Form. If you choose to submit your Opt In Election Form via the Claims and Noticing Agent's e-ballot system ("E-Platform"), you should not also return a hard copy of your Opt In Election Form.

IMPORTANT NOTE: If you are a beneficial holder holding Common Stock Interests through a broker, bank or custodians, you will need to request a password from the E-Platform.

**Electronic Submission Login**

Powered by Stretto CORE™

Password

Enter password

[ ] I'm not a robot — reCAPTCHA — Privacy - Terms

**Submit**

Don't have a password?

**Request Password**

Stretto Corporate Restructuring
1.855.812.6112 • inquiries@stretto.com
cases.stretto.com

The E-Platform is the sole manner in which this Opt In Election Form will be accepted via electronic or online transmission. Opt In Election Forms submitted by facsimile or email will not be counted.

**THIS OPT IN ELECTION FORM MUST BE ACTUALLY RECEIVED BY THE DEBTORS' CLAIMS AND NOTICING AGENT ON OR BEFORE OCTOBER 15, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

8

# INSTRUCTIONS FOR COMPLETING THIS OPT IN ELECTION FORM

1.  Capitalized terms used in this Opt In Election Form or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan.

2.  To ensure that your Opt In Election Form is acknowledged, you must: (a) complete this Opt In Election Form; (b) clearly indicate your decision to opt into the third-party release in <u>Article IX.C</u> of the Plan by checking the box in Item 1 of this Opt In Election Form and (c) sign and return this Opt In Election Form to the address printed on the enclosed pre-addressed, postage pre-paid return envelope or submit the Opt In Election via the Debtors' Claims and Noticing Agent's e-platform system so that it is actually received by the Debtors' Claims and Noticing Agent on or before **October 15, 2025 at 4:00 p.m. (Prevailing Eastern Time)**.

3.  If an Opt In Election Form is received after the Opt In Election Deadline and if the Opt In Election Deadline is not extended, it will NOT be acknowledged. Additionally, the following Opt In Election Forms will NOT be acknowledged:

    a.  Opt In Election Forms sent to the Debtors, the Debtors' agents (other than Stretto) or the Debtors' financial or legal advisors;

    b.  Opt In Election Forms sent by facsimile, email or any other electronic means (other than the Claims and Noticing Agent's e-platform);

    c.  any Opt In Election Form that is illegible or contains insufficient information to identify the Holder of the Claim; and/or

    d.  any unsigned Opt In Election Form.

4.  The method of delivery of Opt In Election Forms to the Debtors' Claims and Noticing Agent is at the election and risk of each Holder of a Claim or Interest. Except as otherwise provided herein, such delivery will be deemed made only when the Debtors' Claims and Noticing Agent actually receives the original executed Opt In Election Form.

5.  Please be sure to sign and date your Opt In Election Form. If you are signing in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Debtors' Claims and Noticing Agent, the Debtors or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to this Opt In Election Form.

6.  You do not need to submit this Opt In Election Form if you do not wish to opt into the third-party release in <u>Article IX.C</u> of the Plan.

**PLEASE RETURN YOUR OPT IN ELECTION FORM PROMPTLY IF YOU WISH TO OPT INTO THE THIRD-PARTY RELEASE IN <u>ARTICLE IX.C</u> OF THE PLAN.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT IN ELECTION FORM, THESE ELECTION INSTRUCTIONS OR THE PROCEDURES FOR SUBMITTING AN OPT IN ELECTION FORM, PLEASE CALL STRETTO AT:**

**855.316.3507 (TOLL-FREE)**

**IF STRETTO DOES NOT ACTUALLY RECEIVE THIS OPT IN ELECTION FORM, OR A MASTER OPT IN ELECTION FORM SUBMITTED BY YOUR NOMINEE ON YOUR BEHALF, ON OR BEFORE <u>OCTOBER 15, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME)</u>, YOUR ELECTION FORM WILL NOT BE COUNTED.**

# Exhibit E



# Exhibit E
Served Via First-Class Mail

| Name | Attention | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Daiwa Capital Markets America Inc. | Sergio Leon | 1251 Avenue of the Americas | Fl 49 | New York | NY | 10020-1105 |
| Deutsche Bank AG NY/Cedear | Agostino Ricci | 1 Columbus Cir | | New York | NY | 10019-8735 |
| Merrill Lynch Pierce Fenner & Smith | DTC 8862 | Earl Weeks | PO Box 44145 | Jacksonville | FL | 32231-4145 |
| Merrill Lynch, Pierce, Fenner & | Smith Incorporated | Earl Weeks | PO Box 44145 | Jacksonville | FL | 32231-4145 |
| Merrill Lynch, Pierce, Fenner & Smith | Earl Weeks | PO Box 44145 | | Jacksonville | FL | 32231-4145 |
| Merrill Lynch, Pierce, Fenner & Smith | Earl Weeks | Attn: Corporate Actions | PO Box 44145 | Jacksonville | FL | 32231-4145 |

In re: Silvergate Capital Corporation, et al.
Case No. 24-12158 (KBO)

Page 1 of 1