IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**SILVERGATE CAPITAL CORPORATION,** *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12158 (KBO)<br><br>**(Jointly Administered)**<br><br>Re: Docket No. 969 & 1058 |

**DECLARATION OF JEFFREY KOPA IN SUPPORT OF
CONFIRMATION OF FIRST AMENDED JOINT CHAPTER 11 PLAN OF
SILVERGATE CAPITAL CORPORATION AND ITS AFFILIATED DEBTORS**

I, Jeffrey Kopa, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am a Partner and Managing Director in the Financial Advisory Services practice at AlixPartners, LLP ("AlixPartners"), which has a principal place of business at 909 Third Avenue, Floor 30, New York, New York 10022. I joined AlixPartners in 2006 and have held the position of Partner and Managing Director since January 2024.

2. I have more than 20 years of professional experience in valuation and financial analysis, much of which has involved troubled or bankrupt companies, and have analyzed companies in a diverse range of industries. I have a Bachelor of Business Administration (with high distinction) from the University of Michigan and a Master of Business Administration and Master of Science in Finance from the Indiana University Kelley School of Business. I am a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474). The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

CFA Charterholder and a member of the CFA Institute and the Turnaround Management Association.

3. As an advisor, I have conducted numerous financial, valuation, and liquidation analyses for various companies, including Cano Health, Inc., Lonestar Resources US Inc., Sheridan Holding Company II, LLC, Paragon Offshore plc, General Motors, Tidewater, Linn Energy, Berry Petroleum, C&J Energy Services, Basic Energy Services, SH130, CGG Holdings, Gymboree, Dura Automotive, Motorcar Parts of America, Velocity Holding Company, Inc., and Fisker Automotive. Additionally, I have previously been qualified as an expert in U.S. bankruptcy courts and in U.S. district courts.

4. AlixPartners is a global independent restructuring consulting firm that has a wealth of experience in providing financial advisory services and has assisted, advised, and provided strategic advice to debtors, creditors, bondholders, investors, and other entities in numerous chapter 11 cases of similar size and complexity to these Chapter 11 Cases. Since its inception in 1981, AlixPartners has provided restructuring or crisis management services in numerous large cases. AlixPartners has extensive experience in providing financial and restructuring advisory services to debtors and financially distressed companies, as described more fully in the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of AlixPartners, LLC as Financial Advisor for the Debtors Effective as of the Petition Date*, filed with this Court on September 24, 2024 [Docket No. 80].

5. By order dated October 10, 2024 [Docket No. 139], the Court authorized the above-captioned debtors (collectively, the "Debtors"), to retain and employ AlixPartners as their financial advisor, effective as of September 17, 2024.

6. I submit this declaration (the "Declaration") in support of the Debtors' request for entry of the proposed order confirming the Debtors' *First Amended Joint Chapter 11 Plan of Silvergate Capital Corporation and Its Affiliated Debtors* [Docket No. 1058] (including any exhibits, schedules, and supplements thereto and as may be amended, restated, supplemented, or otherwise modified from time to time, the "Plan").[2] Specifically, I submit this Declaration to demonstrate the Plan (i) is feasible under section 1129(a)(11) of the Bankruptcy Code and (ii) satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code (the Best Interests of Creditors Test).

7. Since AlixPartners' initial engagement by the Debtors on July 29, 2024, the AlixPartners' personnel providing services to the Debtors, including myself, have worked closely with the Debtors' management and other professionals in assisting the Debtors' with the various requirements of these Chapter 11 Cases. As a result of that work, I am familiar with the Debtors' financial affairs, capital structure, business operations, books and records, and the Debtors' liquidity position and needs. I am also familiar with the terms of the Debtors' Plan and the *Disclosure Statement Pursuant to § 1125 with Respect to First Amended Joint Chapter 11 Plan of Silvergate Capital Corporation and Its Affiliated Debtors* [Docket No. 970], dated September 5, 2025 (the "Disclosure Statement").

8. All facts set forth in this Declaration are based on (i) my personal knowledge; (ii) my discussions with the Debtors' representatives, other members of the Debtors' management team, or other interested parties; (iii) my review of relevant documents; or (iv) my opinion based upon my experience, knowledge, and information concerning the Debtors'

---

[2] Capitalized terms used but not otherwise defined in this Declaration have the respective meanings ascribed to them in the Plan.

3

financial affairs.  If called upon to testify, I would testify competently to the facts set forth herein.  I am authorized to submit this Declaration on behalf of the Debtors.

9. <u>Section 1129(a)(11) (Feasibility)</u>. I believe the Plan satisfies the requirements of section 1129(a)(11) and is feasible and not likely to be followed by a subsequent liquidation. First, Reorganized Silvergate's capital structure upon the Effective Date will not include any obligations associated with those of the Debtors arising prior to the Effective Date, all of which will either be paid by the Debtors on the Effective Date or otherwise administered by the Liquidation Trust.

10. Second, the Debtors will have adequate cash on hand to fund all of their obligations under the Plan as of the Effective Date, including payment and/or funding of (i) all Administrative Expense Claims, Professional Fee Claims, the Ad Hoc Preferred Stockholder Group Expenses, the SC Trust Indenture Trustee Fees, Common Stock Sponsors' Expenses, Statutory Fees and Priority Tax Claims; (ii) all Other Priority Claims, Secured Claims, General Unsecured Claims and Subordinated Notes Claims, (iii) the obligations under the (a) Global Settlement, including the Indemnification Reserves and Go-Forward Chapter 11 Budget, and (b) Common Stock Settlement, including the Reorganized Silvergate Cash Funding; (iv) the Preferred Stock Initial Distributable Amount, (v) the Bhatia Litigation Settlement Fund, and (vi) the Disputed Claims Reserve. As a result, and coupled with the Debtors' funding of the Liquidation Trust Initial Funding and the Data Retention and Production Reserve, I understand that the Liquidation Trust will have adequate funding to satisfy its obligations under the Plan.

11. Accordingly, I believe that the Plan satisfies the requirement of section 1129(a)(11) of the Bankruptcy Code because Reorganized Silvergate and the Liquidation Trust will be able to make the payments required under the terms of the Plan.

RLF1 33793107V.2

12. <u>Section 1129(a)(7) (Best Interests of Creditors)</u>. I understand from my general knowledge and professional experience that to satisfy the "best interests" test under section 1129(a)(7) of the Bankruptcy Code, a debtor must demonstrate that each Holder of a Claim or Interest in an impaired class has either (i) accepted the plan or (ii) is receiving at least as much value under the plan as it would receive in a hypothetical chapter 7 liquidation. Based on the work I have performed, I conclude that one or both of these are true as to every Holder of a Claim or Interest in an Impaired Class.

13. I oversaw the Debtors' hypothetical, reasonable, and good-faith estimate of the proceeds that would be generated if the Debtors were liquidated in accordance with chapter 7 of the Bankruptcy Code (the "<u>Liquidation Analysis</u>"), a true and correct copy of which is attached to the Disclosure Statement as <u>Exhibit C</u>. I completed the Liquidation Analysis after extensive due diligence by the Debtors and AlixPartners. The Liquidation Analysis reflects the views and input of the Debtors' management based upon their experience with the Debtors' assets, and includes a description of the assumptions, analysis, and results of a hypothetical chapter 7 liquidation of the Debtors. The Liquidation Analysis was set forth in the Disclosure Statement and a complete description of the process and the results of the Liquidation Analysis are set forth in <u>Exhibit C</u> to the Disclosure Statement.

14. Recoveries under the Liquidation Analysis were compared to recoveries under the Plan to demonstrate that the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code. Consequently, it is my conclusion that the Plan provides the Holders of Allowed Claims in each Impaired Class with a recovery that is greater than or equal to the value of any distributions that would be made to them in a hypothetical chapter 7 liquidation of the Debtors.

RLF1 33793107V.2

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 10, 2025                By: /s/ *Jeffrey Kopa*
                                                                           Jeffrey Kopa
                                                                           Partner and Managing Director