**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| SILVERGATE CAPITAL CORPORATION, *et al.*[1] | Case No. 24-12158 (KBO) |
| Debtors. | (Jointly Administered) |
|  | Re: Docket Nos 969 & 1058 |

## DECLARATION OF CLARISSA D. CU REGARDING THE SOLICITATION AND TABULATION OF VOTES ON THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF SILVERGATE CAPITAL CORPORATION AND ITS AFFILIATED DEBTORS

I, Clarissa D. Cu, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.      I am a Director of Corporate Restructuring at Stretto, Inc. ("Stretto"), which has offices located at 410 Exchange, Suite 100, Irvine, California 92602.  I am over the age of eighteen years.  I do not have a direct interest in the chapter 11 cases of Silvergate Capital Corporation and its Affiliated debtors (together, the "Debtors").  I am duly authorized to submit this declaration (the "Tabulation Declaration") on behalf of Stretto.

2.      This Court authorized Stretto's retention as (a) claims and noticing agent to the Debtors pursuant to the *Order Authorizing Retention and Appointment of Stretto, Inc. as Claims and Noticing Agent,* dated September 19, 2024 [D.I. 39] and (b) administrative advisor to the Debtors pursuant to the *Order Authorizing Retention and Appointment of Stretto, Inc. as Administrative Advisor Effective as of the Petition Date,* dated October 10, 2024 [D.I. 135] (collectively, the "Stretto Retention Orders").  The Stretto Retention Orders authorize Stretto to assist the Debtors with, among

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474). The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

other things, the service of solicitation materials and the tabulation of votes cast to accept or reject the Plan (defined below). Stretto and its employees have considerable experience in soliciting and tabulating votes to accept or reject chapter 11 plans.

3.    I submit this declaration (the "Declaration") in connection with the solicitation and tabulation of votes cast on the *First Amended Joint Chapter 11 Plan of Silvergate Capital Corporation and Its Affiliated Debtors* [D.I. 969] (as amended, supplemented, or otherwise modified from time to time, the "Plan").[2]  I am not being compensated for this testimony other than the compensation that Stretto is receiving as a professional services firm retained by the Debtors pursuant to the Stretto Retention Orders.

4.    The statements in this Declaration are, except where specifically noted, based on my personal knowledge or opinion, information that I have received from the Debtors' employees or advisors, or information that I have received from employees of Stretto working directly with me or under my supervision, direction, or control.  If called upon to testify, I could and would testify competently as to the facts set forth herein.

### Service and Transmittal of Solicitation Packages and Tabulation Process

5.    I am aware that, in accordance with the *Order Approving (I) Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing, (II) Establishing Solicitation, Voting, and Tabulation Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Plan, (V) Establishing Cure Procedures, and (VI) Granting Related Relief* [D.I. 966] (the "Disclosure Statement Order"), the Court established procedures to, among other things, solicit votes from, and tabulate Ballots submitted by, Holders of Claims and Interests in the Voting Classes (the "Solicitation Procedures").

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan and the Disclosure Statement Order (as defined herein), as applicable. On November 10, 2025, the Debtors filed a confirmation version of the Plan. *See* D.I. 1058.

6. I understand that the Disclosure Statement Order established September 5, 2025 as the record date for determining the Holders of Claims and Interests in the Voting Classes entitled to vote on the Plan (the "Record Date") and established October 15, 2025 at 4:00 p.m. (Prevailing Eastern Time) as the deadline to submit a Ballot to vote to accept or reject the Plan (the "Voting Deadline"). Pursuant to the Plan and the Disclosure Statement Order, Holders of Claims and Interests in the following Classes were entitled to vote to accept or reject the Plan:

| Class | Description |
|---|---|
| 5 | Indemnified Individuals Indemnifiable Claims |
| 8 | Preferred Stock Interests |

7. Stretto, as instructed by the Debtors, transmitted the *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to First Amended Joint Chapter 11 Plan of Silvergate Capital Corporation and Its Affiliated Debtors* [D.I. 970], the Plan, and all other exhibits annexed thereto, the Disclosure Statement Order (excluding exhibits), the Solicitation and Voting Procedures, the Confirmation Hearing Notice [D.I. 972] and related solicitation materials, including copies of the Ballots, a pre-addressed, postage pre-paid return envelope (collectively, the "Solicitation Materials"), as applicable, to (i) Holders of Claims in Class 5 (Indemnified Individuals Indemnifiable Claims) and (ii) (a) the nominees for Holders of Interests in Class 8 (Preferred Stock Interests) and (b) Broadridge Financial Solutions, Inc. and BetaNXT Inc., each with instructions to distribute the Solicitation Materials to the Holders of Interests in Class 8 (Preferred Stock Interests), each in accordance with the Disclosure Statement Order.

8. Stretto also timely served (i)(a) Notices of Unimpaired Non-Voting Status and Opt-In Election Forms and (b) the Confirmation Hearing Notice, on all Holders of Claims and Interests, if any, in Class 1 (Other Priority Claims), Class 2 (Secured Claims), Class 3 (General Unsecured Claims), Class 4 (Subordinated Notes Claims), Class 6 (Intercompany Claims), Class 7

(Intercompany Interests), and Class 11 (Bhatia Litigation Class Claim), (ii) the Class 9 Notice of Unimpaired Non-Voting Status and Opt-In Election Form on (a) the nominees for Holders of Interests in Class 9 (Common Stock Interests) and (b) Broadridge Financial Solutions, Inc. and BetaNXT Inc., each with instructions to distribute the Class 9 Notice of Unimpaired Non-Voting Status and Opt-In Election Form to the Holders of Interests in Class 9 (Common Stock Interests) and (iii) the Confirmation Hearing Notice on all known parties in interest. Additionally, Stretto also timely served (i) Notices of Impaired Non-Voting Status and (ii) the Confirmation Hearing Notice, on all Holders of Claims, if any, in Class 10 (Section 510(b) Claims). A certificate of service evidencing Stretto's service of the Solicitation Materials, the Notices of Non-Voting Status and Opt-In Election Forms, and the Confirmation Hearing Notice was filed with the Court on September 12, 2025 [D.I. 982].

9. Subsequent Solicitation Materials and Notices of Non-Voting Status and Opt-In Election Forms were periodically served on Holders of Claims or Interests (i) on account of forwarding instructions included on packages returned as undeliverable, or (ii) at the request of interested parties, as evidenced by supplemental certificates of service filed with the Court [D.I. 984, 989, 991, 995, 997 & 1005].

**General Tabulation Process**

10. Stretto, as instructed by the Debtors, solicited, received, reviewed, determined the validity of, and tabulated Ballots submitted by Holders of Claims and Interests in the Voting Classes in accordance with the Solicitation Procedures. I was primarily responsible for supervising employees at Stretto who assisted with the tabulation of the Ballots received.

11. In accordance with the Disclosure Statement Order, Stretto received and reviewed the Ballots as follows:

      a. With respect to hard copy Ballots, (1) each returned Ballot was opened and inspected at Stretto's offices and (2) Ballots were date-stamped upon receipt.

4

b. With respect to Ballots submitted through the online portal, (1) encrypted ballot data, date-stamp, and audit trail were created upon submission and (2) electronic images of Ballots were created using the submitted ballot data.

12. All Ballots received were then tabulated in accordance with the Disclosure Statement Order. For a Ballot to be counted as valid, the Ballot must have been, among other things, (i) marked to either accept or reject the Plan, (ii) executed by the relevant Holder, or such Holder's representative, that was entitled to vote on the Plan, (iii) returned to Stretto via an approved method of delivery in accordance with the Disclosure Statement Order, and (iv) received by the Voting Deadline. Ballots that did not comply with the Solicitation Procedures were not counted, unless such noncompliance was waived by the Debtors.

### Voting Results

13. The final tabulation of votes cast by timely and properly executed Ballots received by Stretto is attached hereto as **Exhibit A**. Copies of all the counted Ballots are available for inspection upon request.

14. I hereby certify that attached hereto as **Exhibit B** is a detailed voting report of all Ballots submitted to Stretto as of the filing of this Certification.

15. A report of all Ballots not included in the tabulation prepared by Stretto and the reasons for exclusion of such Ballots is attached hereto as **Exhibit C**.

16. Stretto also served information and instructions on electing to opt into the third-party releases contained in Article IX.C of the Plan (the "Opt-In Election"), specifically through the service of the Notices of Non-Voting Status to Holders of Classes 1-4, 6-7, 9 and 11, including the Opt-In Election Forms. Stretto has examined each valid Opt-In Election Form received and recorded any Opt-In Elections, and a report reflecting the Opt-In Election Forms received is attached hereto as **Exhibit D**. For the avoidance of doubt, this Tabulation Declaration does not certify the validity of

5

any Opt-In Election and is provided for reporting and informational purposes only with respect thereto.

17. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: November 10, 2025
Los Angeles, California

/s/ *Clarissa D. Cu*
Clarissa D. Cu
Director
Stretto, Inc.